IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, S.V. & T.V., Minors | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:18-cv-161 |
| VS. | § § § | (ADMIRALTY) |
| TEICHMAN GROUP, LLC, T&T MARINE, INC., & EXPRESS PROFESSIONAL SERVICES, INC. | § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1333 and 1441(a), Defendants, Lightering LLC (formerly known as OSG Lightering, LLC and hereinafter referred to as "Lightering") and Cheramie Marine, LLC (hereinafter referred to as "Cheramie"), hereby give notice that the action styled *Kao Lee Yang, Individually, and obo, S.V. & T.V., Minors v. Teichman Group, LLC, T&T Marine, Inc., & Express Professional Services, Inc.*, Cause No. 2017-62979, pending in the 164th District Court of Harris County, Texas is hereby removed to the United States District Court for the Southern District of Texas – Houston Division. In support of removal, the Defendants, Lightering and Cheramie, state the following:

## TEXAS STATE COURT ACTION

1. On or about September 22, 2017, Plaintiff, Kao Lee Yang, individually and on behalf of her minor children, S.V. and T.V., filed an action in the 164th District Court of

1

Harris County, Texas, styled *Kao Lee Yang, Individually, and obo, S.V. & T.V., Minors v. Teichman Group, LLC, T&T Marine, Inc., & Express Professional Services, Inc.*, Cause No. 2017-62979 (the "Texas State Court Action"), against Defendants, Teichman Group, LLC, T&T Marine, Inc., and Express Professional Services, Inc., asserting wrongful death and survival causes of action arising out of the death of Plaintiff's spouse, Tai Chi Vong.

2.     The fatal accident made subject of this litigation occurred on September 20, 2017, when a T&T employee was operating a T&T owned crane in order to load Lightering's equipment onto an offshore supply vessel, the *Elliott Cheramie*, which is owned by Cheramie Marine, LLC and was then docked at T&T's Pelican Island facility in Galveston, Texas.  It is believed that due to the T&T employee's failure to deploy the crane's outriggers, shortly after the crane operator began swinging the boom back toward the waiting equipment, the boom's weight pulled the crane over onto its side.  As a result, the boom fell and struck two individuals, Tai Chi Vong, the Plaintiff's Decedent, and Blake Carlisle, who were standing on the T&T dock, killing them instantly.

3.     On or about October 3, 2017, Plaintiff filed a First Amended Petition naming Lightering as a Defendant, asserting the same wrongful death and survival causes of action it previously asserted against the original Defendants, Teichman Group, LLC, T&T Marine, Inc., and Express Professional Services, Inc.  On or about November 6, 2017, Lightering filed a Motion to Transfer Venue and, Subject Thereto, Answer to Plaintiff's First Amended Petition.

4.     On or about November 27, 2017, Plaintiff filed a Second Amended Petition adding Cheramie as a Defendant.  Plaintiff's Second Amended Petition was served on Cheramie

on December 20, 2017. Cheramie is the owner of the *Elliott Cheramie*, and therefore any claims by Plaintiff against Cheramie by definition are claims for damage caused by a vessel within the meaning of the Admiralty Extension Act, 46 U.S.C. § 30101.

5.    Two of the Defendants that Plaintiff sued – T&T Marine, Inc. and Teichman Group, LLC – have reached a settlement agreement with Plaintiff that is pending Court approval.[1] Additionally, on January 16, 2018, Plaintiff filed a notice of non-suit as to Express Professional Services, Inc. Under the Texas Rules of Civil Procedure, a plaintiff may file a notice of nonsuit as to one or more of several parties served with process, and doing so voluntarily dismisses such party or parties from the case. Tex. R. Civ. P. 162, 163. The nonsuit is effective as soon as it is filed. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1991). Thus, Lightering and Cheramie are the only remaining Defendants against whom Plaintiff is asserting claims.

6.    On December 20, 2017, Brhian Mathieu, Bruce Harris, and Joshua Powell, who were crewmembers serving on the *Elliott Cheramie* at the time of the accident at issue, filed their Petition in Intervention against Lightering, Cheramie Marine, and Express Professional Services; they did not name any T&T entities as defendants. Intervenors allege their claims are "maintained under the Jones Act (46 U.S.C. § 30104) and general

---

[1] Additionally, on December 14, 2017, the claimed survivors of the other individual killed in the accident at issue, Blake Carlisle, (hereafter "Carlisle claimants") intervened in the lawsuit against the T&T Defendants solely for purposes of obtaining Court approval of a settlement agreement they had reached with T&T (Court approval was required because it involved a minor). That settlement has been approved by that Court, and the Carlisle claimants and T&T have requested that those particular claims be severed out of the larger lawsuit.

maritime laws of the United States." The Petition in Intervention was filed and served on Lightering on December 20, 2017. On January 19, 2018, Intervenors Brhian Mathieu, Bruce Harris, and Joshua Powell filed a notice of non-suit as to all of their claims.

## JURISDICTIONAL BASIS FOR REMOVAL

7. Plaintiff has asserted claims against Cheramie, the owner of the *Elliott Cheramie*, and therefore any claims against Cheramie by definition are claims for damage caused by a vessel under the Admiralty Extension Act, 46 U.S.C. § 30101.

8. A federal court's authority to hear cases in admiralty flows initially from the Constitution, which "extend[s]" federal judicial power "to all cases of admiralty and maritime jurisdiction." U.S. Const. art. III, § 2.

9. 28 U.S.C. § 1441 provides as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A suit within the admiralty jurisdiction is a "civil action . . . of which the district courts of the United States have original jurisdiction," and no Act of Congress expressly prohibits removal of such an action. Accordingly, a case within the admiralty jurisdiction may be properly removed to federal court. *Exxon Mobil Corp. v. Starr Indemn. & Liab. Ins. Co.*, No. 15–1555, 2015 U.S. Dist. LEXIS 178100, at *18–23 (S.D. Tex. Dec. 21, 2015) (Hittner, J.); *Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, 2014 U.S. Dist. LEXIS 82434 (S.D. Tex. June 17, 2014) (Atlas, J.). *See also Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772, 774–78 (S.D. Tex. 2013) (Miller, J.);

*Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 U.S. Dist. LEXIS 12484 (S.D. Tex. Jan. 31, 2014) (Werlein, J.); *Wells v. Abe's Boat Rentals, Inc.*, 2013 U.S. Dist. LEXIS 85534 (S.D. Tex. June 18, 2013) (Rosenthal, J.).

10. To the extent that Plaintiff would have been entitled to a jury trial in state court, Lightering and Cheramie consent to a jury trial in federal court.

11. Additionally, this Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Specifically:

   i. Plaintiff is a Texas resident.

   ii. Defendant Lightering is a limited liability company organized under the laws of the Republic of Liberia. Its sole member is International Seaways Operating Corporation, a Marshall Islands corporation whose registered address is The Trust Company of the Marshall Islands, Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960.

   iii. Defendant Cheramie is a Louisiana limited liability company.

   iv. The amount in controversy exceeds $75,000.

12. Plaintiff alleged in her Petition that Defendants Teichman Group, LLC and T&T Marine, Inc. are Texas residents. However, Plaintiff has settled her claims with both of those Defendants. Accordingly, for purposes of diversity jurisdiction, Defendants Teichman Group, LLC and T&T Marine, Inc. are not be considered.

13. Pursuant to 28 U.S.C. §§ 1333 and 1441(a), and without prejudice to any defense Defendants Lightering and Cheramie may have to Plaintiff's claims, including, but not limited to, any defenses related to improper venue, the Defendants, Lightering and

Cheramie, remove this action from the 164th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas – Houston Division.

## VENUE IS PROPER IN THIS COURT

14. The United States District Court for the Southern District of Texas – Houston Division embraces the county in which the Texas State Court Action was filed. Accordingly, this case is properly removed to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS TIMELY

15. Plaintiff has asserted claims against Cheramie, the owner of the *Elliott Cheramie*, and any claims against Cheramie by definition are claims for damage caused by a vessel under the Admiralty Extension Act, 46 U.S.C. § 30101. Plaintiff's Second Amended Petition, which gives rise to the admiralty claims asserted against Cheramie, was served on Cheramie on December 20, 2017.

16. This Notice of Removal is filed within 30 days of Cheramie's first receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999).

17. Further, on January 19, 2018, Intervenors Brhian Mathieu, Bruce Harris, and Joshua Powell, filed a notice of non-suit as to all of their claims. Because Intervenors claimed to be Louisiana residents, and Cheramie is a Louisiana resident, prior to their filing of a non-suit, diversity was not present. However, once they filed their non-suit and dismissed all of their claims herein, diversity jurisdiction became present.

18. Based on the foregoing, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## OTHER MATTERS

19. Defendants T&T Marine, Inc. and Teichman Group, LLC have given their consent to this removal.[2]

20. Written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C. § 1446(d).

21. A true and correct copy of this Notice of Removal will be filed with the District Clerk for the 164th District Court of Harris County, Texas, as required by the provisions of 28 U.S.C. § 1446(d). The Defendants, Lightering and Cheramie, are providing the 164th District Court of Harris County, Texas with written notice of this removal.

22. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders signed by the state judges (if any), a copy of the docket sheets, together with an index of such documents are attached hereto collectively as **Exhibit A**. A list of all counsel of record is attached as **Exhibit B**.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all counsel and a copy is being filed with the Clerk of the District Court of Harris County, Texas.

---

[2] However, removing Defendants note that T&T Marine, Inc. and Teichman Group, LLC, have reached a settlement agreement with Plaintiff that is pending Court approval and thus they are nominal defendants whose consent to or joinder in this Notice of Removal is not required. *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373 (5th Cir. 2006).

WHEREFORE, the Defendants, Lightering and Cheramie, hereby remove this action to the United States District Court for the Southern District of Texas – Houston Division.

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Michael K. Bell*
**MICHAEL K. BELL**
**Attorney in Charge**
State Bar No.: 02081200
Federal Bar No. 5085
Email: mbell@blankrome.com
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
**ATTORNEY FOR DEFENDANT, LIGHTERING LLC**

**and**

**WAITS, EMMETT, POPP & TEICH, LLC**

*/s/ Matthew Popp*
**MATTHEW POPP**
**Attorney in Charge**
State Bar No.: 24039679
Federal Bar No. 30894
1515 Poydras St., Suite 1950
New Orleans, Louisiana 70112
Telephone: (504) 581-1301
Facsimile: (504) 585-1796
Email: mpopp@wep-law.com

**ATTORNEY FOR DEFENDANT, CHERAMIE MARINE, LLC**

**OF COUNSEL:**

**BLANK ROME LLP**

**DAVID G. MEYER**
State Bar No.: 24052106
Federal Bar No.:  732583
**EMERY G. RICHARDS**
State Bar No.: 24093038
Federal Bar No.: 2487379
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone:  (713) 228-6601
Facsimile:  (713) 228-6605
Email: dmeyer@blankrome.com
Email: erichards@blankrome.com

**ATTORNEYS FOR DEFENDANT,
LIGHTERING LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of January, 2018, a true and correct copy of the foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                          */s/ Michael K. Bell*
                                          Michael K. Bell