# EXHIBIT A

# A.1

## INDEX OF MATTERS BEING FILED

| EXHIBIT | DOCUMENT | DATE FILED IN STATE COURT |
|---|---|---|
| A.1 | Index of All Matters Being Filed | N/A |
| A.2 | Harris County District Court Docket Sheet | N/A |
| A.3 | Plaintiffs' Original Petition | 09/22/17 |
| A.4 | Civil Process Request (T&T, Teichman, and Express Professional Services) | 09/22/17 |
| A.5 | Return of Service of Citation to T&T Marine | 09/28/17 |
| A.6 | Return of Service of Citation to Teichman | 09/28/17 |
| A.7 | Plaintiffs' First Amended Petition | 10/03/17 |
| A.8 | Civil Process Request – to OSG Lightering, LLC | 10/03/17 |
| A.9 | Return of Service to OSG Lightering, LLC | 10/10/17 |
| A.10 | Return of Service to Express Professional Services | 10/17/17 |
| A.11 | Lightering, LLC's Motion to Transfer Venue and, Subject Thereto, Answer to Plaintiff's First Amended Petition | 11/06/17 |
| A.12 | Express Professional Services, Inc.'s Original Answer | 11/08/17 |
| A.13 | Plaintiffs' Unopposed Motion for Appointment of Guardians Ad Litem | 11/27/17 |
| A.14 | Order Appointing Guardian Ad Litem (proposed) | 11/27/17 |
| A.15 | Plaintiff's Second Amended Petition | 11/27/17 |
| A.16 | Civil Process Request – to Cheramie Marine, LLC | 11/27/17 |
| A.17 | Order Appointing Guardian Ad Litem for S.V. and T.V. (Granted) | 11/29/17 |
| A.18 | Return of Service to Cheramie Marine, LLC | 12/01/17 |
| A.19 | Notice of Oral Hearing on Minor Settlement Hearing | 12/13/17 |
| A.20 | Unopposed Petition in Intervention and Motion to Appoint Guardian Ad Litem | 12/14/17 |
| A.21 | Order Appointing Guardian Ad Litem (proposed) | 12/14/17 |
| A.22 | Order Appointing Guardian Ad Litem for B.C. (Granted) | 12/19/17 |
| A.23 | Petition in Intervention and Request for Disclosure | 12/20/17 |
| A.24 | Notice of Oral Hearing on Minor Settlement Hearing for Intervenor Marisa A. Ambriz as Next Friend of B.C. | 01/03/18 |
| A.25 | Order Establishing Trusts for the Benefit of B.C. Under Section 142.005 of the Texas Property Code (GRANTED) | 01/09/18 |
| A.26 | Judgment Between Intervenor B.C. and Teichman Group, LLC and T&T Marine, Inc. (GRANTED) | 01/09/18 |
| A.27 | Lightering LLC's Motion to Strike Petition in Intervention | 01/16/18 |
| A.28 | Exhibit A to Lightering LLC's Motion to Strike Petition in Intervention | 01/16/18 |

| EXHIBIT | DOCUMENT | DATE FILED IN STATE COURT |
|---------|----------|---------------------------|
| A.29 | Proposed Order (on Lightering's Motion to Strike) | 01/16/18 |
| A.30 | Express Professional Services, Inc.'s Motion for Summary Judgment | 01/16/18 |
| A.31 | Exhibit A to Express Professional Services, Inc.'s Motion for Summary Judgment (Affidavit of Daniel Nino) | 01/16/18 |
| A.32 | Order Granting Defendant Express Professional Service's Inc.'s Traditional Motion for Summary Judgment (proposed) | 01/16/18 |
| A.33 | Notice of Oral Hearing on Defendant Express Professional Services, Inc.'s Traditional Motion for Summary Judgment | 01/16/18 |
| A.34 | Plaintiff's Filing Letter and Notice of Non-suit Without Prejudice (as to Professional Services, Inc. only) | 01/16/18 |
| A.35 | Intervenor Marisa A. Ambriz, a/n/f of B.C., Teichman Group, LLC and T&T Marine, Inc.'s Agreed Motion to Sever | 01/18/18 |
| A.36 | Order Granting Agreed Motion to Sever (proposed) | 01/18/18 |
| A.37 | Filing Letter | 01/18/18 |
| A.38 | Notice of Submission on Agreed Motion to Sever | 01/18/18 |
| B. | Counsel of Record | |

143993.06504/106527678v.2

# A.2

**HCDistrictclerk.com**  YANG, KAO LEE (INDIVIDUALLY AND ON BEHAL vs.  1/19/2018
TEICHMAN GROUP LLC
Cause: 201762979  CDI: 7  Court: 164

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 78203644 | Intervenor Marisa A. Ambriz, as Next Friend of B.C., Teichman Group, LLC and TT Marine, Inc,s Agreed Motion to Sever | | 01/18/2018 | 6 |
| -> 78203646 | Filling Letter | | 01/18/2018 | 1 |
| -> 78203647 | Notice of Submission | | 01/18/2018 | 2 |
| -> 78203645 | Proposed Order Granting Agreed Motion to Sever | | 01/18/2018 | 3 |
| 78175602 | Defendant Express Professional Services, Inc.'S Motion For Summary Judgment | | 01/16/2018 | 5 |
| > 78175603 | Affidavit of Daniel Nino | | 01/16/2018 | 1 |
| > 78175605 | Notice of Hearing | | 01/16/2018 | 2 |
| > 78175604 | Proposed Order Granting Defendant Express Professional Services, Inc.'S Traditional Motion For Summary Judgment | | 01/16/2018 | 1 |
| 78186256 | Filing Letter for notice of non-suit | | 01/16/2018 | 1 |
| 78188062 | Motion to Strike Petition in Intervention and, Sub | | 01/16/2018 | 11 |
| > 78188063 | Exhibit A | | 01/16/2018 | 2 |
| > 78188064 | Proposed Order | | 01/16/2018 | 1 |
| 78202508 | Notice Of Activity | | 01/12/2018 | 1 |
| 78097127 | PARTIAL JUDGMENT ON MINOR SETTLEMENT SIGNED | | 01/09/2018 | 3 |
| 78097128 | ORDER SIGNED ESTABLISHING TRUST FUND ACCOUNT | | 01/09/2018 | 16 |
| 78140729 | Return notice of activity | | 01/08/2018 | 2 |
| 78017320 | Notice of Oral Hearing on Minor Settlement Hearing for Intervenor, Marisa A. Ambriza as next friend of B.C. | | 01/03/2018 | 2 |
| 77895960 | Petition in Intervention and Request for Disclosure | | 12/20/2017 | 7 |
| 77872730 | ORDER TO APPOINT GUARDIAN AD LITEM GRANTED | | 12/19/2017 | 2 |
| 77809624 | Unopposed Petition in Intervention and Motion to Appoint Guardian Ad Litem | | 12/14/2017 | 2 |
| 77845198 | Proposed Order Appointing Guardian Ad Litem | | 12/14/2017 | 2 |
| 77796016 | NOTICE OF ORAL HEARING ON MINOR SETTLEMENT HEARING | | 12/13/2017 | 2 |
| 77635406 | Citation (Secretary of Sate Non-Resident)/Affidavit (Executed) | | 12/01/2017 | 2 |
| 77613792 | ORDER TO APPOINT GUARDIAN AD LITEM GRANTED | | 11/29/2017 | 1 |
| 77655974 | Civil Process Pick-Up Form | | 11/28/2017 | 1 |
| 77568595 | Plaintiff's Second Amended Petition | | 11/27/2017 | 8 |
| > 77568596 | Civil Process Request | | 11/27/2017 | 1 |
| 77576284 | Unopposed Motion by Plaintiff for Appointment of Guardians Ad Litem | | 11/27/2017 | 4 |
| > 77576285 | Proposed Order | | 11/27/2017 | 1 |
| 77356060 | Defendant's Original Answer | | 11/08/2017 | 2 |
| 77305902 | Lightering LLCs Motion to Transfer Venue and Subject Thereto Answer to Plaintiffs First Amended Petition | | 11/06/2017 | 6 |
| 77050164 | Citation Corporate | | 10/17/2017 | 2 |
| 76951427 | Citation, Affidavit of Service | | 10/10/2017 | 2 |

Case 4:18-cv-00161   Document 1-1   Filed in TXSD on 01/19/18   Page 7 of 167

| 76970831 | Civil Process Pick-Up Form | 10/04/2017 | 1 |
| 76862158 | Plaintiff's First Amended Petition | 10/03/2017 | 6 |
| -> 76862159 | Civil Process Request | 10/03/2017 | 1 |
| 76814205 | Citation, Affidavit of Service | 09/28/2017 | 2 |
| 76814244 | Citation Corporate, Affidavit of Service | 09/28/2017 | 2 |
| 76787572 | Civil Process Pick Up Form | 09/25/2017 | 1 |
| 76742626 | Plaintiff's Original Petition | 09/22/2017 | 6 |
| -> 76742627 | Civil Process Request | 09/22/2017 | 2 |
| 78202653 | Notice Of Activity | | 1 |
| 78202656 | Notice Of Activity | | 1 |

# A.3

9/22/2017 4:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19621757
By: Christopher Matthews
Filed: 9/22/2017 4:29 PM

# 2017-62979 / Court: 164

CAUSE NO. _____

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT OF |
| S.V. & T.V., Minors | § | |
| *Plaintiff,* | § | |
| | § | _____ JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | HARRIS COUNTY, TEXAS |
| INC., & EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

TO THIS HONORABLE COURT:

Plaintiff Kao Lee Yang, individually, and on behalf of her minor children, S.V. and T.V., file this Original Petition against Defendants Teichman Group, LLC, T&T Marine, Inc., and Express Professional Services, Inc., and respectfully show this Honorable Court the following:

## Summary of this Case

On September 20, 2017, Chi Vong was working for Express Professional Services at the T&T Marine facility in Galveston. T&T Marine is a subsidiary of the Teichman Group, LLC. Teichman is an international provider of marine services to companies across the globe. Plaintiff had only begun working at this facility the day before. At approximately 11am on September 20, a crane toppled over on top of Mr. Vong during his shift, killing him. Mr. Vong leaves behind a young wife and two small children. But for the egregious conduct of the Defendants, this preventable accident would not have occurred.

Plaintiffs seek more than \$25 million from the Defendants.

### I.
### Discovery Control Plan

Plaintiff intends to conduct discovery under Level 2.

## II.
## Parties

Plaintiff Kao Lee Yang is a resident of Texas. Ms. Yang is the mother of minors SV and TV. She was the wife of Chi Vong, deceased. She brings these claims individually and on behalf of her minor children.

Defendant T&T Marine, Inc. is a domestic corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554.

Defendant Teichman Group, LLC is a domestic limited liability company doing business in Texas. Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554.

Defendant Express Professional Services, Inc. is a domestic for profit corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Daniel Nino, at 10190 Katy Freeway, Ste. 5100, Houston, Texas 77043.

## III.
## Venue and Jurisdiction

Plaintiffs seek damages in excess of $75,000.00, exclusive of interest and costs; however, federal courts lack subject matter over this action, as there is no federal question and there is incomplete diversity of citizenship due to the presence of a plaintiff and a defendant who are both residents and citizens of Texas. Removal would thus be improper. No party is asserting any claims arising under the Constitution, treaties, or laws of the United States. Venue is proper in this County as at least one Defendant maintains a principal office here.

## IV.
## Facts

This case arises from negligence that occurred at Mr. Vong's place of work. An improperly placed and operated crane was operating at the T&T Marine facility on September 20, 2017. The crane, an 80 ton Tadano GT 800XL, overturned while operating free on wheels with a fair bit of boom extended. The crane fell over sideways, and, according to local reports, its boom landed on Mr. Vong and his co-worker. These two workers eventually died from their injuries.

## V.
## Causes of Action

### Negligence – All Defendants

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

Defendants owned and operated the crane. The crane was placed negligently and was being operated negligently. Specifically, Defendants breached their duty in the following ways:

1.  Causing, or permitting to be caused, a crane collapse;

2.  Failing to maintain a safe work place;

3.  Failing to have a reliable system to prevent the incident;

4.  Failing to operate the crane in a safe and prudent manner;

5.  Failing to exercise reasonable and prudent care in the operations which were occurring at the facility on the date of the incident;

6.  Failing to implement, follow, and enforce proper operations procedures;

7.  Failing to keep a proper lookout;

8.  Failing to implement, follow, and enforce proper safety procedures;

9.  Failing to properly inspect, maintain and equip the crane in a prudent manner;

10. Failing to implement, follow, and enforce proper hazard analysis;

Page **3** of **6**

11.   Failing to properly operate the crane;

12.   Failing to properly train and staff members operating the Crane;

13.   Failing to properly supervise those operating the Crane;

14.   Failing properly maintain the Crane;

15.   Failing to properly inspect the Crane;

16.   Failure to properly stabilize the Crane.

Defendants' breach of these duties, one or a combination thereof, proximately caused injuries brought forth by the Plaintiff.

The acts of negligence committed by Defendants' agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by Defendant, who is therefore liable under the doctrine of respondeat superior for their negligent actions.

## Gross Negligence – All Defendants

Defendants were grossly negligent and acted with malice, as those terms are understood under Texas law, and such conduct was a proximate cause of the occurrence and of Plaintiffs' injuries and damages.   Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiffs therefore ask for and are entitled to punitive and exemplary damages in addition to all actual damages.

# VI.
## Damages

As stated, Plaintiff's injuries are extensive.  The Plaintiffs in this case seeks wrongful death damages, and survival damages on behalf of the estate. As a direct and proximate result of

the foregoing events, Plaintiffs have suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, including physical pain and mental anguish, loss of wages and loss of earning capacity, loss of consortium, and medical care, all for which Plaintiffs seek recovery herein.

All Plaintiffs seek damages for loss of services and loss of consortium.

Plaintiffs seek all wrongful death damages allowed by Texas law.

## VII.
### Exemplary Damages

Plaintiffs seeks to recover exemplary damages against all Defendants based on their gross negligence in causing the incident and resulting injuries and damages made the basis of this suit.

## VIII.
### Demand for Jury

Plaintiffs demand a jury trial and has tendered the appropriate fee.

## IX.
### Requests for Disclosure

Pursuant to Tex. R. Civ. P. 194, Plaintiffs requests that each Defendants disclose within fifty (50) days of service of this Request for Disclosure, the information and/or material described in Rule 194.2.

## X.
### Prayer

For these reasons, Plaintiffs asks that Defendants be cited to appear and answer, and that they have judgment against Defendants for the following:

a. Actual damages for physical pain and suffering, mental anguish, physical disfigurement, physical impairment, medical expenses, loss of earning capacity, loss of consortium, wrongful death damages, survivor claim damages, and loss of

Page **5** of **6**

services, within the jurisdictional limits of this Court, but no less than $25,000,000:

b.     Exemplary damages;

c.     Court costs;

d.     Pre and post judgment interest; and

e.     All other relief to which the Plaintiff is justly entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: /s/ Anthony G. Buzbee
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
State Bar No. 24053318
cleavitt@txattorneys.com
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**

# A.4

9/22/2017 4:29:06 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 19621757
By: MATTHEWS, CHRISTOPHER O
Filed: 9/22/2017 4:29:08 PM

**CIVIL PROCESS REQUEST**
**2017-62979 / Court: 164**

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING PER PARTY TO BE SERVED
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____ CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Plaintiff's Original Petition

FILE DATE OF MOTION: September 22, 2017
_____ Month/ _____ Day/ _____ Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: T&T Marine, Inc.

   ADDRESS: 9738 Teichman Road, Galveston, TX 77554

   AGENT, (if applicable): Deborah Busby

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP      ☐ CONSTABLE
- ☑ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Court Records Research    Phone: _____
- ☐ MAIL      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
  - Type of Publication:   ☐ COURTHOUSE DOOR, or
  -      ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

*******************************************************************************************

****

2. NAME: Teichman Group, LLC

   ADDRESS: 9738 Teichman Road, Galveston, TX 77554

   AGENT, (if applicable): Deborah Busby

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP      ☐ CONSTABLE
- ☑ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Court Records Research   Phone: _____
- ☐ MAIL      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
  - Type of Publication:   ☐ COURTHOUSE DOOR, or
  -      ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Christopher J. Leavitt      TEXAS BAR NO./ID NO. 24053318

MAILING ADDRESS: 600 Travis Street, Suite 7300, Houston, TX 77002

PHONE NUMBER: 713    223-5393      FAX NUMBER: 713    223-5909
     area code    phone number          area code    fax number

EMAIL ADDRESS: cleavitt@txattorneys.com

CIVC108 Revised 9/5/00

## CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____   CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Plaintiff's Original Petition

FILE DATE OF MOTION: September 22, 2017
                                                    Month/        Day/        Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Express Professional Services, Inc.

    ADDRESS: 10190 Katy Freeway, Ste. 5100, Houston, Texas 77043

    AGENT, (if applicable): Daniel Nino

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

SERVICE BY (check one):
  ☐ ATTORNEY PICK-UP                                ☐ CONSTABLE
  ☑ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Court Records Research        Phone: _____
  ☐ MAIL                                            ☐ CERTIFIED MAIL
  ☐ PUBLICATION:
     Type of Publication:   ☐ COURTHOUSE DOOR, or
                            ☐ NEWSPAPER OF YOUR CHOICE: _____
  ☐ OTHER, explain _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME: _____

    ADDRESS: _____

    AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
  ☐ ATTORNEY PICK-UP                                ☐ CONSTABLE

  ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____

  ☐ MAIL                                            ☐ CERTIFIED MAIL

  ☐ PUBLICATION:
     Type of Publication:   ☐ COURTHOUSE DOOR, or
                            ☐ NEWSPAPER OF YOUR CHOICE: _____
  ☐ OTHER, explain _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Christopher J. Leavitt                    TEXAS BAR NO./ID NO. 24053318

MAILING ADDRESS: 600 Travis Street, Suite 7300, Houston, TX 77002

PHONE NUMBER: 713        223-5393        FAX NUMBER: 713        223-5909
              area code  phone number                area code  fax number

EMAIL ADDRESS: cleavitt@txattorneys.com

Page 1 of 2

CIVCIOS Davised 0/3/00

# A.5

RECEIPT NUMBER ... Chris Daniel - District Clerk Harris County
Envelope No. 19246095
TRACKING NUMBER ... 73416780 By: Bostalyn Daniels
Filed: 9/22/2017 5:07 PM

**CAUSE NUMBER** 201762979

PLAINTIFF: YANG, KAO LEE (INDIVIDUALLY AND ON BEHALF OF HER MINORS SV AND TV)
vs.
DEFENDANT: TEICHMAN GROUP LLC

In The 164th
**Judicial District Court of**
**Harris County, Texas**

**CITATION CORPORATE**

THE STATE OF TEXAS
**County of Harris**

TO: T&T MARINE INC (DOMESTIC CORPORATION) BY SERVING ITS REGISTERED AGENT
DEBORAH BUSBY

9738  TEICHMAN ROAD   GALVESTON  TX  77554

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ___22nd__ day of ____September_____, 20___17_, in the
above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___25th_ day of
___September_____, 20_17_.

Issued at request of:
LEAVITT, CHRISTOPHER JERROD
600  TRAVIS STREET SUITE 7300
HOUSTON, TX  77002
TEL: (713) 223-5393
Bar Number: 24053318

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: MATTHEWS, CHRISTOPHER O
ZBY//10779561

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____ (STREET ADDRESS) _____ (CITY)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___.M.,

by delivering to _____ (THE DEFENDANT CORPORATION NAMED IN CITATION) _____, by delivering to its

_____, in person, whose name is _____,
(REGISTERED AGENT, PRESIDENT, or VICE PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
(DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")

and with accompanying copies of _____.
(ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THIS PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____   By: _____
(SIGNATURE OF OFFICER)

Printed Name: _____

Affiant Other Than Officer

As Deputy for: _____
(PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____

_____
Notary Public

N.INT.CITC.2          "73416780"

CAUSE NUMBER: 2017-62979

KAO LEE YANG, INDIVIDUALLY AND
OBO, S.V. & T.V., MINORS
PLAINTIFF

                                                                    IN THE 164TH JUDICIAL DISTRICT
VS.                                                                 COURT OF HARRIS COUNTY, TEXAS

TEICHMAN GROUP, LLC, ET AL.
DEFENDANT

                                                    AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day MASON COURTNEY, personally appeared
before me and stated under oath as follows:

My name is MASON COURTNEY. I am over the age of eighteen (18), I am not a party to this case,
and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is
based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320
QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON Tuesday September 26, 2017 AT 04:52 PM - CITATION CORPORATE, PLAINTIFF'S
ORIGINAL PETITION, came to hand for service upon T&T MARINE, INC. BY SERVING ITS
REGISTERED AGENT: DEBORAH BUSBY.

On Thursday September 28, 2017 at 07:34 AM - The above named documents were delivered to:
T&T MARINE, INC. BY DELIVERING TO ITS REGISTERED AGENT: DEBORAH BUSBY @
9738 TEICHMAN ROAD, GALVESTON, GALVESTON COUNTY, TX 77554, U.S.A. by
Corporate Service.

FURTHER AFFIANT SAYETH NOT.

MASON COURTNEY
SCH#12188 EXP 08/31/19

SWORN TO AND SUBSCRIBED before me by MASON COURTNEY appeared on this 28 day
of _____ September _____, 2017 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS
2017.09.246006

CLAUDIA L. LEWIS
Notary Public, State of Texas
My Commission Expires
November 11, 2018

# A.6

Chris Daniel - District Clerk Harris County
Envelope No. 19746009
By: Bristalyn Daniels
Filed: 9/28/2017 5:05 PM

CAUSE NO. 201762979

RECEIPT NO.                    0.00      CIV
         **********                  TR # 73416782

| | |
|---|---|
| PLAINTIFF: YANG, KAO LEE (INDIVIDUALLY AND ON BEHALF OF HER MINORS SV AND TV) vs. DEFENDANT: TEICHMAN GROUP LLC | In The 164th Judicial District Court of Harris County, Texas 164TH DISTRICT COURT Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TEICHMAN GROUP LLC BY SERVING ITS REGISTERED AGENT DEBORAH BUSBY
    9738 TEICHMAN ROAD   GALVESTON TX 77554
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 22nd day of September, 2017, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 25th day of September, 2017, under my hand and seal of said Court.

Issued at request of:
LEAVITT, CHRISTOPHER JERROD
600 TRAVIS STREET SUITE 7300
HOUSTON, TX 77002
Tel: (713) 223-5393
Bar No.: 24053318

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: MATTHEWS, CHRISTOPHER O
28X//10779561

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy cf this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____ of _____County, Texas

_____        By _____
       Affiant                            Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

**CAUSE NUMBER: 2017-62979**

KAO LEE YANG, INDIVIDUALLY AND
OBO, S.V. & T.V., MINORS
PLAINTIFF

VS.

IN THE 164TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS

TEICHMAN GROUP, LLC, ET AL.
DEFENDANT

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, on this day **MASON COURTNEY**, personally appeared before me and stated under oath as follows:

My name is **MASON COURTNEY**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Tuesday September 26, 2017 AT 04:48 PM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, came to hand for service upon **TEICHMAN GROUP, LLC. BY SERVING ITS REGISTERED AGENT: DEBORAH BUSBY**.

On **Thursday September 28, 2017 at 07:34 AM** - The above named documents were delivered to: **TEICHMAN GROUP, LLC. BY DELIVERING TO ITS REGISTERED AGENT: DEBORAH BUSBY @ 9738 TEICHMAN ROAD, GALVESTON, GALVESTON COUNTY, TX 77554, U.S.A.** by **Corporate Service.**

**FURTHER AFFIANT SAYETH NOT.**

**MASON COURTNEY**
**SCH#12188 EXP 08/31/19**

**SWORN TO AND SUBSCRIBED** before me by **MASON COURTNEY** appeared on this _28_ day of _September_, 2017 to attest witness my hand and seal of office.

CLAUDIA L. LEWIS
Notary Public, State of Texas
My Commission Expires
November 11, 2018

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**
2017.09.246000

# A.7

10/3/2017 2:00 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19825905
By: Rhonda Momon
Filed: 10/3/2017 2:00 PM

## CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT OF |
| S.V. & T.V., Minors | § | |
| *Plaintiff,* | § | |
| | § | 164th JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | HARRIS COUNTY, TEXAS |
| INC., & EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THIS HONORABLE COURT:

Plaintiff Kao Lee Yang, individually, and on behalf of her minor children, S.V. and T.V., file this Original Petition against Defendants Teichman Group, LLC, T&T Marine, Inc., Express Professional Services, Inc., and OSG Lightering, LLC and respectfully show this Honorable Court the following:

### Summary of this Case

On September 20, 2017, Chi Vong was working for Express Professional Services at the T&T Marine facility in Galveston. This facility was leased to OSG Lightering. T&T Marine is a subsidiary of the Teichman Group, LLC. Teichman is an international provider of marine services to companies across the globe. Plaintiff had only begun working at this facility the day before. On the day of the incident, OSG Lightering was offloading and backloading a vessel at the T&T owned facility. OSG was using a T&T Marine crane and crane operator. At approximately 11am on September 20, a crane toppled over on top of Mr. Vong during his shift, killing him. The crane was being operated without its outriggers extended, making the crane extremely dangerous to use. Mr. Vong leaves behind a young wife and two small children. But for the egregious conduct of the Defendants, this preventable accident would not have occurred.

Plaintiffs seek more than $25 million from the Defendants.

## I.
## Discovery Control Plan

Plaintiff intends to conduct discovery under Level 2.

## II.
## Parties

Plaintiff Kao Lee Yang is a resident of Texas. Ms. Yang is the mother of minors SV and TV. She was the wife of Chi Vong, deceased. She brings these claims individually and on behalf of her minor children.

Defendant T&T Marine, Inc. is a domestic corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554. No citation is requested at this time.

Defendant Teichman Group, LLC is a domestic limited liability company doing business in Texas. Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554. No citation is requested at this time.

Defendant Express Professional Services, Inc. is a domestic for profit corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Daniel Nino, at 10190 Katy Freeway, Ste. 5400, Houston, Texas 77043. No citation is requested at this time.

Defendant OSG Lightering, LLC is a foreign limited liability company doing business in Texas. Defendant can be served via registered agent in Texas, CT Corp System, 1999 Bryan St., Ste. 900, Dallas, TX 75201

## III.
## Venue and Jurisdiction

Plaintiffs seek damages in excess of $75,000.00, exclusive of interest and costs; however, federal courts lack subject matter over this action, as there is no federal question and there is

Page **2** of 6

incomplete diversity of citizenship due to the presence of a plaintiff and a defendant who are both residents and citizens of Texas. Removal would thus be improper. No party is asserting any claims arising under the Constitution, treaties, or laws of the United States. Venue is proper in this County as at least one Defendant maintains a principal office here.

## IV.
## Facts

This case arises from negligence that occurred at Mr. Vong's place of work. An improperly placed and operated crane was operating at the T&T Marine facility on September 20, 2017. The crane, an 80 ton Tadano GT 800XL, overturned while operating free on wheels with a fair bit of boom extended. The crane fell over sideways, and, according to local reports, its boom landed on Mr. Vong and his co-worker. These two workers eventually died from their injuries.

## V.
## Causes of Action

### Negligence – All Defendants

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

Defendants owned and operated the crane. The crane was placed negligently and was being operated negligently. Specifically, Defendants breached their duty in the following ways:

1.   Causing, or permitting to be caused, a crane collapse;

2.   Failing to maintain a safe work place;

3.   Failing to have a reliable system to prevent the incident;

4.   Failing to operate the crane in a safe and prudent manner;

5.   Failing to exercise reasonable and prudent care in the operations which were occurring at the facility on the date of the incident;

6.   Failing to implement, follow, and enforce proper operations procedures;

Page **3** of **6**

7.  Failing to keep a proper lookout;

8.  Failing to implement, follow, and enforce proper safety procedures;

9.  Failing to properly inspect, maintain and equip the crane in a prudent manner;

10.  Failing to implement, follow, and enforce proper hazard analysis;

11.  Failing to properly operate the crane;

12.  Failing to properly train and staff members operating the Crane;

13.  Failing to properly supervise those operating the Crane;

14.  Failing properly maintain the Crane;

15.  Failing to properly inspect the Crane;

16.  Failure to properly stabilize the Crane.

Defendants' breach of these duties, one or a combination thereof, proximately caused injuries brought forth by the Plaintiff.

The acts of negligence committed by Defendants' agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by Defendant, who is therefore liable under the doctrine of respondeat superior for their negligent actions.

## Gross Negligence – All Defendants

Defendants were grossly negligent and acted with malice, as those terms are understood under Texas law, and such conduct was a proximate cause of the occurrence and of Plaintiffs' injuries and damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiffs therefore ask for and are entitled to punitive and exemplary damages in addition to all actual damages.

Page **4** of **6**

## VI.
## Damages

As stated, Plaintiff's injuries are extensive. The Plaintiffs in this case seeks wrongful death damages, and survival damages on behalf of the estate. As a direct and proximate result of the foregoing events, Plaintiffs have suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, including physical pain and mental anguish, loss of wages and loss of earning capacity, loss of consortium, and medical care, all for which Plaintiffs seek recovery herein.

All Plaintiffs seek damages for loss of services and loss of consortium.

Plaintiffs seek all wrongful death damages allowed by Texas law.

## VII.
## Exemplary Damages

Plaintiffs seeks to recover exemplary damages against all Defendants based on their gross negligence in causing the incident and resulting injuries and damages made the basis of this suit.

## VIII.
## Demand for Jury

Plaintiffs demand a jury trial and has tendered the appropriate fee.

## IX.
## Requests for Disclosure

Pursuant to Tex. R. Civ. P. 194, Plaintiffs requests that each Defendants disclose within fifty (50) days of service of this Request for Disclosure, the information and/or material described in Rule 194.2.

## X.
## Prayer

For these reasons, Plaintiffs asks that Defendants be cited to appear and answer, and that they have judgment against Defendants for the following:

a.  Actual damages for physical pain and suffering, mental anguish, physical disfigurement, physical impairment, medical expenses, loss of earning capacity, loss of consortium, wrongful death damages, survivor claim damages, and loss of services, within the jurisdictional limits of this Court, but no less than $25,000,000:

b.  Exemplary damages;

c.  Court costs;

d.  Pre and post judgment interest; and

e.  All other relief to which the Plaintiff is justly entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: /s/ Anthony G.Buzbee

Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
State Bar No. 24053318
cleavitt@txattorneys.com
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**

# A.8

Chris Daniel - District Clerk
Harris County
Envelope No: 19825905
By: MOMON, RHONDA M
Filed: 10/3/2017 2:00:14 PM

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: 2017-62979           CURRENT COURT: 164th JD Harris County, Texas

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Plaintiff's First Amended Petition

FILE DATE OF MOTION: October 3, 2017

                                   Month/        Day/        Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: OSG Lightering, LLC

   ADDRESS: 1999 Bryan St., Ste. 900, Dallas, TX 75201

   AGENT, (if applicable): CT Corp System

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

**SERVICE BY** (check one):
- ☐ ATTORNEY PICK-UP                          ☐ CONSTABLE
- ☑ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Court Records Research          Phone: _____
- ☐ MAIL                                      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
    Type of Publication:      ☐ COURTHOUSE DOOR, or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

**********************************************************************************

****

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

**SERVICE BY** (check one):
- ☐ ATTORNEY PICK-UP                          ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____          Phone: _____
- ☐ MAIL                                      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
    Type of Publication:      ☐ COURTHOUSE DOOR, or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Christopher J. Leavitt          TEXAS BAR NO./ID NO. 24053318

MAILING ADDRESS: 600 Travis Street, Suite 7300, Houston, TX 77002

PHONE NUMBER: 713          223-5393          FAX NUMBER: 713          223-5909
              area code    phone number                  area code    fax number

EMAIL ADDRESS: cleavitt@txattorneys.com

CIV/CI08 Revised 9/3/99

# A.9

10/10/2017 11:56 AM
Chris Daniel - District Clerk Harris County
Envelope No. 19965216
By: Bristalyn Daniels
Filed: 10/10/2017 11:56 AM

CAUSE NO. 201762979

| | RECEIPT NO. | 0.00 | CIV |
|---|---|---|---|
| | ********** | | TR # 73420531 |

| | |
|---|---|
| PLAINTIFF: YANG, KAO LEE (INDIVIDUALLY AND ON BEHALF OF HER MINORS SV AND TV)<br>vs.<br>DEFENDANT: TEICHMAN GROUP LLC | In The  164th<br>Judicial District Court<br>of Harris County, Texas<br>164TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: OSG LIGHTERING LLC (IS A FOREIGN LIMITED LIABILITY COMPANY)
   CAN BE SERVED VIA REGISTERED AGENT IN TEXAS CT CORP SYSTEM
   1999 BRYAN ST STE 900   DALLAS TX 75201
   Attached is a copy of PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

This instrument was filed on the 3rd day of October, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 4th day of October, 2017, under my hand and
seal of said Court.

Issued at request of:
LEAVITT, CHRISTOPHER JERROD
600  TRAVIS STREET SUITE 7300
HOUSTON, TX  77002
Tel: (713) 223-5393
Bar No.: 24053318

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: MOMON, RHONDA MICHELLE
RMP//10787304

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____ , _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____ , _____.

FEE: $_____

_____ of _____ County, Texas

By _____

_____
Affiant

Deputy

On this day, _____ , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____ , _____.

_____
Notary Public

**CAUSE NO. 2017-62979**

**KAO LEE YANG, INDIVIDUALLY
AND OBO, S.V. AND T.V. MINORS IN THE 164TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY,
VS.                                    TEXAS**

**TEICHMAN GROUP, LLC, ET AL**

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, **Guy C. Connelly** (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is **Guy C. Connelly** (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

2701 W. 15th, Plano, TX 75075

(SERVER'S ADDRESS)

2. ON _10/6/17_ (DATE) AT _10:00_ (A) M (TIME)
CITATION, PLAINTIFF'S FIRST AMENDED PETITION came to hand for delivery to OSG LIGHTERING LLC ( IS A FOREIGN LIMITED LIABILITY COMPANY) BY SERVING ITS REGISTERED AGENT CT CORP SYSTEM.

3. ON _10/6/17_ (DATE) AT _1:35_ (P) M (TIME) - The above named documents were delivered to: OSG LIGHTERING LLC ( IS A FOREIGN LIMITED LIABILITY COMPANY) BY SERVING ITS REGISTERED AGENT CT CORP SYSTEM by delivering to

_ANNA GARCE, P.S._
(NAME AND TITLE), authorized agent for service @

1999 Bryan, Suite 900, Dallas, TX 75201

(ADDRESS), by CORPORATE Service

**SIGNATURE**
PSC# _2301_ EXPIRATION: _9/30/18_

Guy C. Connelly

**AFFIANT PRINTED NAME**

**SWORN TO AND SUBSCRIBED** before me by **Guy C. Connelly** appeared on this _6_ day of _October_, 2017 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS**

2017.10.248382

ANNA M CONNELLY
My Commission Expires
March 1, 2019

# A.10

RECEIPT NUMBER Daniel - District Clerk Harris County
Envelope No. 20120761
TRACKING NUMBER 73... By: Brigklyn Daniels
Filed: 10/17/2017 3:49 PM

10.249413

**CAUSE NUMBER**      201762979

| | |
|---|---|
| **PLAINTIFF:** YANG, RAO LEE (INDIVIDUALLY AND ON BEHALF OF HER MINORS SV AND TV)<br>vs.<br>**DEFENDANT:** TEICHMAN GROUP LLC | **In The** 164th<br>**Judicial District Court of**<br>**Harris County, Texas** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

TO: EXPRESS PROFESSIONAL SERVICES INC (DOMESTIC FOR-PROFIT CORPORATION)
  BY SERVING ITS REGISTERED AGENT DANIEL NINO

  10190  KATY FREEWAY STE 5100   HOUSTON  TX  77043

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ___22nd___ day of ___September___, 20__17__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___25th___ day of ___September___, 20__17__.

Issued at request of:
LEAVITT, CHRISTOPHER JERROD
600  TRAVIS STREET SUITE 7300
HOUSTON, TX  77002
TEL: (713) 223-5393
Bar Number: 24053318

**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

Generated by: MATTHEWS, CHRISTOPHER O
28X//10779561

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____ (STREET ADDRESS) _____ (CITY)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___.M.,

by delivering to _____ (THE DEFENDANT CORPORATION NAMED IN CITATION) _____, by delivering to its

_____, in person, whose name is _____
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
(DESCRIPTION OF PETITION, E.G. "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____.
(ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____

By: _____
(SIGNATURE OF OFFICER)

Printed Name: _____

Affiant Other Than Officer

As Deputy for: _____
(PRINTED NAME & TITLE OF DEPUTY OR CONSTABLE)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

_____
Notary Public

N.INT.CITC.P                    *73416784*

**CAUSE NUMBER: 2017-62979**

KAO LEE YANG, INDIVIDUALLY AND
OBO, S.V. & T.V., MINORS
**PLAINTIFF**

VS.

**IN THE 164TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS**

TEICHMAN GROUP, LLC, ET AL.
**DEFENDANT**

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, on this day **LANIKKI MOTEN**, personally appeared before me and stated under oath as follows:

My name is **LANIKKI MOTEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Tuesday October 03, 2017 AT 01:33 PM** - CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION, came to hand for service upon **EXPRESS PROFESSIONAL SERVICES, INC. BY SERVING ITS REGISTERED AGENT: DANIEL NINO**.

On **Monday October 16, 2017 at 06:00 PM** - The above named documents were delivered to: **EXPRESS PROFESSIONAL SERVICES, INC. BY DELIVERING TO ITS REGISTERED AGENT: DANIEL NINO @ 13326 AMBER LODGE LN., HOUSTON, TX 77083, U.S.A.** by **Corporate Service.**

**FURTHER AFFIANT SAYETH NOT.**

**LANIKKI MOTEN**
**PSC#12262 EXP 09/30/19**

**SWORN TO AND SUBSCRIBED** before me by **LANIKKI MOTEN** appeared on this ____7____ day of ____October____ , 2017 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS**
2017.10.247413

CLAUDIA L. LEWIS
Notary Public, State of Texas
My Commission Expires
November 11, 2018

# A.11

**CAUSE NO. 2017-62979**

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT OF |
| S.V & T.V., Minors, | § | |
| | § | |
| vs. | § | 164th JUDICIAL DISTRICT |
| | § | |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | |
| INC., & EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. | § | HARRIS COUNTY, TEXAS |

## LIGHTERING LLC'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW Defendant Lightering LLC (formerly known as OSG Lightering, LLC[1]) (hereafter "Lightering"), and files this Motion to Transfer Venue and, subject thereto, Answer to the First Amended Petition filed by Plaintiff Kao Lee Yang, individually, and on behalf of her minor children, S.V. and T.V. (hereafter "Plaintiff"), and in further support of the foregoing would respectfully show as follows:

### I. DEFENDANT'S MOTION TO TRANSFER VENUE

1. This lawsuit concerns a fatal accident that occurred on September 20, 2017, at Defendant T&T Offshore's facility located on Pelican Island in Galveston, Texas. On that day, a T&T employee was operating a T&T owned crane in order to load Lightering's equipment onto an offshore supply vessel docked at T&T's facility. In the course of operating the crane, a 60-ton Tadano mobile crane positioned on the T&T dock alongside the supply vessel, the T&T employee failed to ensure the crane's outriggers were in place before he began swinging the crane's boom towards a piece of equipment located on the dock behind the crane. It is believed that due to the T&T employee's failure to deploy the crane's outriggers, shortly after the crane operator began

---

[1] OSG Lightering LLC changed its name to Lightering LLC on July 21, 2017.

swinging the boom back toward the waiting equipment, the boom's weight pulled the crane over onto its side. As a result, the boom fell and struck two individuals, Tai Chi Vong, the Plaintiff's Decedent, and Blake Carlisle, killing them instantly.

2.      Plaintiff filed the present lawsuit on September 22, 2017, and filed her First Amended Petition on October 3, 2017, to add Lightering as a defendant. Among other allegations, Plaintiff asserts that venue is proper in Harris County because "at least one Defendant maintains a principal office here."[2] Plaintiff's Petition does not specify which of the Defendants she alleges maintains a principal office in Harris County.[3]

3.      Lightering is a limited liability company organized under the laws of the Republic of Liberia. Its principal office in Texas is located at 10001 Woodloch Forest Drive, #325, The Woodlands, Texas 77380, which is in Montgomery County. Two of the other defendants in the case, T&T Marine, Inc., and Teichman Group, LLC, are believed to have their principal offices in Galveston County. Finally, the fourth defendant named in the Petition, Express Services (misnamed or misidentified as "Express Professional Services, Inc."),[4] is also believed to have its principal office in Galveston County.

4.      Based on the foregoing, Lightering submits that Plaintiff has not and cannot meet her burden to establish that Harris County is a proper venue under the general venue statute, Texas Civil Practice & Remedies Code § 15.002(a), which governs in this case. Moreover, Harris County is not a proper venue because none of the defendants have their principal office in this state in Harris County. Because at least one of the defendants, Lightering, has its principal office in this state in Montgomery County, venue is proper there under the general venue statute. TEX. CIV.

---

[2] *See* Plaintiff's First Amended Petition at p. 3.

[3] *Id.*

[4] The two decedents were working for Lightering pursuant to an agreement between Lightering and staffing agency Express Services, Inc., which is the entity Lightering believes Plaintiff intended to name in her Petition.

PRAC. & REM. CODE § 15.002(a)(3). Based on the foregoing, Lightering respectfully submits that this lawsuit should be transferred to Montgomery County, Texas.

## II.     SUBJECT TO ITS MOTION TO TRANSFER VENUE, DEFENDANT'S ORIGINAL ANSWER

SUBJECT TO THE FOREGOING MOTION TO TRANSFER VENUE, Lightering files its Original Answer and respectfully asks that the Plaintiff take nothing by way of her lawsuit, and in this regard would respectfully show unto this Honorable Court the following:

### GENERAL DENIAL

1.       Lightering generally denies Plaintiff's allegations under Rule 92 of the Texas Rules of Civil Procedure and demands that Plaintiff prove her allegations by a preponderance of the credible evidence as is required by the Constitution and laws of the State of Texas.

### AFFIRMATIVE DEFENSES

2.       Without waiving any other defenses, Lightering pleads the substantive protections and exclusiveness of liability of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950, and submits that Lightering, as the Plaintiff's Decedent's borrowing employer, is immune from all tort liability due to the LHWCA's exclusivity provision, 33 U.S.C. § 905(a).

3.       Without waiving any other defenses, Plaintiff has failed to state a cause of action upon which relief can be granted against Lightering.

4.       Without waiving any other defenses, the damages allegedly sustained by Plaintiff were proximately caused or contributed to by the acts or omissions of third parties for whom Lightering is not responsible. Such acts were the sole proximate cause, producing cause, new and independent intervening cause, and/or superseding cause of the alleged injuries claimed by Plaintiff.

5. Without waiving any other defenses, Plaintiff's alleged damages, if any, resulted from an intervening or superseding or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiff. Such separate and independent events or agencies destroyed a causal connection, if any, between any alleged breach of legal duty on the part of Lightering and any injuries alleged by Plaintiff, and thereby became the immediate and/or sole cause and/or proximate cause of the occurrences and/or alleged injuries, relieving Lightering of liability to Plaintiff.

6. Without waiving any other defenses, Lightering invokes the defenses and limitations of contribution and proportionate responsibility of plaintiff, defendants, settling parties and responsible third parties. The term "responsible third party" means any person who caused or contributed to cause in any way the harm for which recovery of damages is sought.

7. Without waiving any other defenses, the illnesses, injuries, and/or damages allegedly suffered by Plaintiff were caused or contributed to, in whole or in part, by an unavoidable accident, Act of God, and/or conditions of wind, weather, or other inevitable hazard and/or inscrutable fault.

8. Without waiving any other defenses, Lightering would show that if it is found liable to Plaintiff in any amount, it is entitled to a credit or set-off for any and all sums Plaintiff has received in the way of any and all settlements. In the alternative, Lightering asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or plaintiff.

9. Without waiving any other defenses, in addition to any other limitation under law, recovery of medical expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

143993.06504/106200360v.1

10.     Without waiving any other defenses, to the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity or other pecuniary losses, she must present evidence of such damages in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to state or federal law.

11.     Without waiving any other defenses, Plaintiff is not entitled to punitive and/or exemplary damages as a matter of law, and Lightering invokes and relies upon any and all rights it has regarding claims for such damages, as well as any and all limitations applicable to claims for such damages.

12.     Without waiving any other defenses, Lightering expressly reserves the right to amend and/or supplement these affirmative defenses.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Lightering prays that it has judgment on its behalf, together with all costs, and that Lightering has such other and further relief, both special and general, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Michael K. Bell*
Michael K. Bell
State Bar No. 02081200
David G. Meyer
State Bar No. 24052106
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Fax: (713) 228-6605
Email: mbell@blankrome.com
Email: dmeyer@blankrome.com
***ATTORNEYS FOR LIGHTERING LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all known counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure on this 6th day of November, 2017, as follows:

Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
*Attorneys for Plaintiff*

/s/ David G. Meyer
David G. Meyer

**A.12**

11/8/2017 3:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20598707
By: Bristalyn Daniels
Filed: 11/8/2017 3:59 PM

## CAUSE NO. 2017-62979

| | | |
|---|---|---|
| **KAO LEE YANG, Individually, and obo** | § | **IN THE DISTRICT COURT OF** |
| **S.V. and T.V., Minors,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **TEICHMAN GROUP, LLC, T&T** | § | |
| **MARINE, INC., & EXPRESS** | § | |
| **PROFESSIONAL SERVICES, INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | **164TH JUDICIAL DISTRICT** |

### DEFENDANT EXPRESS PROFESSIONAL SERVICES, INC.'S
### ORIGINAL ANSWER

COMES NOW, Express Professional Services, Inc. ("EPS" or "Defendant"), and files this Original Answer to the claims asserted by Plaintiff, Kao Lee Yang, Individually and obo S.V. and T.V., Minors ("Yang" or "Plaintiff"), respectfully showing the following:

### I.
### GENERAL DENIAL

1.      EPS asserts a general denial pursuant to Texas Rule of Civil Procedure 92 and the Constitution and laws of the State of Texas, thereby denying each and every, all and singular, of the allegations set forth in Plaintiff's live petition, and EPS demands that Plaintiff be required to prove its charges and allegations as is required by the Constitution and laws of the State of Texas.

## II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant EPS prays that it be released, discharged, and acquitted of the charges filed against it; that Plaintiff take nothing by reason of this suit; and that Defendant EPS have and receive all other and further relief, both at law and equity, to which Defendant EPS may be justly entitled.

Respectfully submitted,

**HICKS DAVIS WYNN, P.C.**

By:   */s/ Scott R. Davis*
　　　　**Scott R. Davis**
　　　　State Bar No. 24059660
　　　　sdavis@hdwlegal.com
　　　　3700 Buffalo Speedway, Suite 520
　　　　Houston, Texas  77098
　　　　Telephone:  (713) 589-2240
　　　　Facsimile:  (713) 277-7220

**COUNSEL FOR DEFENDANT EXPRESS
PROFESSIONAL SERVICES, INC.**

### CERTIFICATE OF SERVICE

I certify that on November 8, 2017 a true and correct copy of the foregoing instrument has been served on all known counsel of record in accordance with the Texas Rules of Civil Procedure.

　　　　　　*/s/ Scott R. Davis*
　　　　　　Scott R. Davis

# A.13

CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT OF |
| S.V. & T.V., Minors | § | |
| *Plaintiff,* | § | |
| | § | 164th JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | HARRIS COUNTY, TEXAS |
| INC., & EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

**UNOPPOSED MOTION BY PLAINTIFF**
**FOR APPOINTMENT OF GUARDIANS *AD LITEM***

Plaintiffs Kao Lee Yang, Individually, and obo S.V. and T.V., Minor Children, respectfully

submit this Unopposed Motion for Appointment of Guardians *Ad Litem* to represent the interests

of S.V. and T.V., minor children, and as grounds therefore, would respectfully show unto this

Honorable Court the following:

**I.      BACKGROUND**

On September 20, 2017, Chi Vong was working for Express Professional Services at the

T&T Marine facility in Galveston. This facility was leased to OSG Lightering.  T&T Marine is a

subsidiary of the Teichman Group, LLC. Teichman is an international provider of marine

services to companies across the globe.  Plaintiff had only begun working at this facility the day

before.  On the day of the incident, OSG Lightering was offloading and backloading a Cheramie

Marine vessel at the T&T owned facility.  OSG and Cheramie were using a T&T Marine crane

and crane operator.  At approximately 11am on September 20, a crane toppled over on top of Mr.

Vong during his shift, killing him.   The crane was being operated without its outriggers

extended, making the crane extremely dangerous to use.  Mr. Vong leaves behind a young wife

and two small children.  But for the egregious conduct of the Defendants, this preventable accident would not have occurred.

Plaintiff Kao Lee Yang is the mother of S.V and T.V.

On September 22, 2017, Plaintiffs Kao Lee Yang, on behalf of S.V. and T.V., filed the instant suit.  The parties have reached a tentative informal resolution.  The Court will need to approve these settlements, according to TEX. R. CIV. P. 44.

With this in mind and, in light of the claims being made in this lawsuit by Plaintiff Kao Lee Yang, there is a potential for a conflict of interest between Plaintiffs and the interests of the children.  Plaintiffs believe that it would be in the best interest of the minor children for the Court to appoint guardians *ad litem* to determine if there is a conflict of interest and to review any proposed settlement of the minors' claims and make recommendations to the Court on whether any such settlements should be approved.

## II.   **ARGUMENT AND AUTHORITIES**

TEX. R. CIV. P. 173.2(a) provides that "The court must appoint a guardian *ad litem* for a party represented by a next friend or guardian only if: (1) the next friend or guardian appears to the court to have an interest adverse to the party, or (2) the parties agree." *See also Owens v. Perez*, 158 S.W.3d 96, 111 (Tex. App.—Corpus Christi 2005, no pet.) (potential conflict sufficient for appointment of guardian *ad litem*).

A guardian *ad litem's* duties are typically two-fold: 1) "A guardian *ad litem* must determine and advise the court whether a party's next friend or guardian has an interest adverse to the party" TEX. R. CIV. P. 173.4(b); and 2) "determine and advise the court whether [a] settlement is in the party's best interest." TEX. R. CIV. P. 173.4(c).

Plaintiff Kao Lee Yang therefore request that the Court appoint a guardian *ad litem* to 1) determine whether there is a conflict of interest between the minor children and Plaintiffs and advise the Court of that determination; 2) to review and make recommendations to the Court as to whether any settlement of the minors' claims are in the minors' best interest.

WHEREFORE, Plaintiffs pray that the Court enter an Order Appointing Guardian *Ad Litem* as set forth herein, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: */s/ Anthony G.Buzbee*
     Anthony G. Buzbee
     State Bar No. 24001820
     tbuzbee@txattorneys.com
     Christopher J. Leavitt
     State Bar No. 24053318
     cleavitt@txattorneys.com
     JP Morgan Chase Tower
     600 Travis, Suite 6850
     Houston, Texas  77002
     Telephone: (713) 223-5393
     Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on November 27, 2017 as set forth below:

***Via Facsimile: (713) 228-6605***
Michael K. Bell
David G. Meyer
BLANK ROME, LLP
717 Texas Avenue, Suite 1400
Houston, TX 77002
*Counsel for Lightering, LLC*

***Via Facsimile: (713) 277-7220***
Scott R. Davis
HICKS DAVIS WYNN P.C.
3700 Buffalo Speedway, Suite 520
Houston, TX 77098
*Counsel for Express Professional Services, Inc.*

*/s/ Christopher J. Leavitt*
Christopher J. Leavitt

# A.14

## CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo,<br>S.V. & T.V., Minors<br>    *Plaintiff,*<br><br>vs.<br><br>TEICHMAN GROUP, LLC, T&T MARINE,<br>INC., & EXPRESS PROFESSIONAL<br>SERVICES, INC.<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br>164th JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS<br><br>**JURY TRIAL DEMANDED** |

### ORDER APPOINTING GUARDIAN AD LITEM

After considering Plaintiffs' Unopposed Motion to Appoint Guardian *Ad Litem* for S.V.

and T.V., minor children, pursuant to Tex. R. Civ. P. 174, the Court GRANTS the Motion.

IT IS THEREFORE ORDERED that the following person is appointed guardian *ad litem*

for S.V. and T.V.:

Name: _____

Address: _____

Phone: _____

Email: _____


SIGNED on _____, 2017.


_____
Presiding Judge

**Entry Requested:**

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
THE BUZBEE LAW FIRM
Counsel for Plaintiffs

**A.15**

CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT OF |
| S.V. & T.V., Minors | § | |
| *Plaintiff,* | § | |
| | § | 164th JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | HARRIS COUNTY, TEXAS |
| INC., & EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S SECOND AMENDED PETITION

TO THIS HONORABLE COURT:

Plaintiff Kao Lee Yang, individually, and on behalf of her minor children, S.V. and T.V.,

file this Original Petition against Defendants Teichman Group, LLC, T&T Marine, Inc., Express

Professional Services, Inc., OSG Lightering, LLC, and Cheramie Marine, LLC and respectfully

show this Honorable Court the following:

### Summary of this Case

On September 20, 2017, Chi Vong was working for Express Professional Services at the

T&T Marine facility in Galveston.  This facility was leased to OSG Lightering.  T&T Marine is a

subsidiary of the Teichman Group, LLC.  Teichman is an international provider of marine

services to companies across the globe.  Plaintiff had only begun working at this facility the day

before.  On the day of the incident, OSG Lightering was offloading and backloading a Cheramie

Marine vessel at the T&T owned facility.  OSG and Cheramie were using a T&T Marine crane

and crane operator.  At approximately 11am on September 20, a crane toppled over on top of Mr.

Vong during his shift, killing him.  The crane was being operated without its outriggers

extended, making the crane extremely dangerous to use.  Mr. Vong leaves behind a young wife

and two small children.  But for the egregious conduct of the Defendants, this preventable accident would not have occurred.

Plaintiffs seek more than $25 million from the Defendants.

## I.
## Discovery Control Plan

Plaintiff intends to conduct discovery under Level 2.

## II.
## Parties

Plaintiff Kao Lee Yang is a resident of Texas.  Ms. Yang is the mother of minors SV and TV.  She was the wife of Chi Vong, deceased.  She brings these claims individually and on behalf of her minor children.

Defendant T&T Marine, Inc. is a domestic corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554.  No citation is requested at this time.

Defendant Teichman Group, LLC is a domestic limited liability company doing business in Texas.  Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554.  No citation is requested at this time.

Defendant Express Professional Services, Inc. is a domestic for profit corporation doing business in Texas.  Defendant can be served via its registered agent in Texas, Daniel Nino, at 10190 Katy Freeway, Ste. 5100, Houston, Texas 77043.  No citation is requested at this time.

Defendant OSG Lightering, LLC is a foreign limited liability company doing business in Texas.  Defendant can be served via registered agent in Texas, CT Corp System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.  No citation is requested at this time.

Defendant Cheramie Marine, LLC is a foreign limited liability company doing business in Texas.  Defendant does not keep a registered agent in Texas, and, as such, this defendant must be served via the Texas Secretary of State at Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, for service upon Cheramie's President, Dino Cheramie, at 11603 Hwy 308, Larose, Louisiana 70373.

### III.
### Venue and Jurisdiction

Plaintiffs seek damages in excess of $75,000.00, exclusive of interest and costs; however, federal courts lack subject matter over this action, as there is no federal question and there is incomplete diversity of citizenship due to the presence of a plaintiff and a defendant who are both residents and citizens of Texas.  Removal would thus be improper.  No party is asserting any claims arising under the Constitution, treaties, or laws of the United States.  Venue is proper in this County as at least one Defendant maintains a principal office here.

### IV.
### Facts

This case arises from negligence that occurred at Mr. Vong's place of work.  An improperly placed and operated crane was operating at the T&T Marine facility on September 20, 2017.  The crane, an 80 ton Tadano GT 800XL, overturned while operating free on wheels with a fair bit of boom extended. The crane fell over sideways, and, according to local reports, its boom landed on Mr. Vong and his co-worker.  These two workers eventually died from their injuries.

## V.
## Causes of Action

**Negligence – All Defendants**

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

Defendants owned and operated the crane.  The crane was placed negligently and was being operated negligently.  Specifically, Defendants breached their duty in the following ways:

1.    Causing, or permitting to be caused, a crane collapse;

2.    Failing to maintain a safe work place;

3.    Failing to have a reliable system to prevent the incident;

4.    Failing to operate the crane in a safe and prudent manner;

5.    Failing to exercise reasonable and prudent care in the operations which were occurring at the facility on the date of the incident;

6.    Failing to implement, follow, and enforce proper operations procedures;

7.    Failing to keep a proper lookout;

8.    Failing to implement, follow, and enforce proper safety procedures;

9.    Failing to properly inspect, maintain and equip the crane in a prudent manner;

10.    Failing to implement, follow, and enforce proper hazard analysis;

11.    Failing to properly operate the crane;

12.    Failing to properly train and staff members operating the Crane;

13.    Failing to properly supervise those operating the Crane;

14.    Failing properly maintain the Crane;

15.    Failing to properly inspect the Crane;

16.    Failure to properly stabilize the Crane.

Defendants' breach of these duties, one or a combination thereof, proximately caused injuries brought forth by the Plaintiff.

The acts of negligence committed by Defendants' agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by Defendant, who is therefore liable under the doctrine of respondeat superior for their negligent actions.

**Gross Negligence – All Defendants**

Defendants were grossly negligent and acted with malice, as those terms are understood under Texas law, and such conduct was a proximate cause of the occurrence and of Plaintiffs' injuries and damages.   Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiffs therefore ask for and are entitled to punitive and exemplary damages in addition to all actual damages.

## VI.
## Damages

As stated, Plaintiff's injuries are extensive.  The Plaintiffs in this case seeks wrongful death damages, and survival damages on behalf of the estate. As a direct and proximate result of the foregoing events, Plaintiffs have suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, including physical pain and mental anguish, loss of wages and loss of earning capacity, loss of consortium, and medical care, all for which Plaintiffs seek recovery herein.

All Plaintiffs seek damages for loss of services and loss of consortium.

Plaintiffs seek all wrongful death damages allowed by Texas law.

## VII.
## Exemplary Damages

Plaintiffs seeks to recover exemplary damages against all Defendants based on their gross

negligence in causing the incident and resulting injuries and damages made the basis of this suit.

## VIII.
## Demand for Jury

Plaintiffs demand a jury trial and has tendered the appropriate fee.

## IX.
## Requests for Disclosure

Pursuant to Tex. R. Civ. P. 194, Plaintiffs requests that each Defendants disclose within

fifty (50) days of service of this Request for Disclosure, the information and/or material

described in Rule 194.2.

## X.
## Prayer

For these reasons, Plaintiffs asks that Defendants be cited to appear and answer, and that

they have judgment against Defendants for the following:

a.   Actual damages for physical pain and suffering, mental anguish, physical

     disfigurement, physical impairment, medical expenses, loss of earning capacity,

     loss of consortium, wrongful death damages, survivor claim damages, and loss of

     services, within the jurisdictional limits of this Court, but no less than

     $50,000,000:

b.   Exemplary damages;

c.   Court costs;

d.   Pre and post judgment interest; and

e.   All other relief to which the Plaintiff is justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G.Buzbee*
     Anthony G. Buzbee
     State Bar No. 24001820
     tbuzbee@txattorneys.com
     Christopher J. Leavitt
     State Bar No. 24053318
     cleavitt@txattorneys.com
     JP Morgan Chase Tower
     600 Travis, Suite 6850
     Houston, Texas  77002
     Telephone: (713) 223-5393
     Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on November 27, 2017 as set forth below:

*Via Facsimile: (713) 228-6605*
Michael K. Bell
David G. Meyer
BLANK ROME, LLP
717 Texas Avenue, Suite 1400
Houston, TX 77002
*Counsel for Lightering, LLC*

*Via Facsimile: (713) 277-7220*
Scott R. Davis
HICKS DAVIS WYNN P.C.
3700 Buffalo Speedway, Suite 520
Houston, TX 77098
*Counsel for Express Professional Services, Inc.*

<u>*/s/ Christopher J. Leavitt*</u>
Christopher J. Leavitt

# A.16

## CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
|---|
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** 2017-62979          **CURRENT COURT:** 164th Harris County

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Second Amended Petition

**FILE DATE OF MOTION:** November 27, 2017

Month/          Day/          Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Cheramie Marine, LLC

   ADDRESS: 11603 Hwy 308, Larose, Louisiana 70373

   AGENT, (if applicable): _____

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

   **SERVICE BY** (check one):
   - ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
   - ☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Court Records Research          Phone: _____
   - ☐ **MAIL**          ☐ **CERTIFIED MAIL**
   - ☐ **PUBLICATION:**
     Type of Publication:     ☐ **COURTHOUSE DOOR, or**
                              ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   - ☐ **OTHER**, explain _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

   **SERVICE BY** (check one):
   - ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
   - ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____          Phone: _____
   - ☐ **MAIL**          ☐ **CERTIFIED MAIL**
   - ☐ **PUBLICATION:**
     Type of Publication:     ☐ **COURTHOUSE DOOR, or**
                              ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   - ☐ **OTHER**, explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Christopher J. Leavitt          TEXAS BAR NO./ID NO. 24053318

MAILING ADDRESS: 600 Travis Street, Suite 7300, Houston, TX 77002

PHONE NUMBER: 713   223-5393          FAX NUMBER: 713   223-5909
               area code   phone number                    area code   fax number

EMAIL ADDRESS: cleavitt@txattorneys.com

CIVCI08 Revised 9/3/09

**A.17**

11/27/2017 4:18:30 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 20918496
By: WILLIAMS, CHANDA D
Filed: 11/27/2017 4:18:30 PM

**CAUSE NO. 2017-62979**

Pgs-1

APGAX

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT OF |
| S.V. & T.V., Minors | § | |
| *Plaintiff,* | § | |
| | § | 164th JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | HARRIS COUNTY, TEXAS |
| INC., & EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

## ORDER APPOINTING GUARDIAN AD LITEM

After considering Plaintiffs' Unopposed Motion to Appoint Guardian *Ad Litem* for S.V.

and T.V., minor children, pursuant to Tex. R. Civ. P. 174, the Court GRANTS the Motion.

IT IS THEREFORE ORDERED that the following person is appointed guardian *ad litem*

for S.V. and T.V.:

Name: _____Marilyn Vilandos_____

Address: _____7660 Woodway Dr. #304, Houston, Texas 77063_____

Phone: _____713-255-9990_____

Email: _____marilyn@vilandoslaw.com_____

SIGNED on _____, 2017.

Signed:
11/29/2017     _____

Presiding Judge

**Entry Requested:**

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
THE BUZBEE LAW FIRM
Counsel for Plaintiffs

# A.18

CAUSE NO. 201762979

RECEIPT NO.           0.00     CIV

\*\*\*\*\*\*\*\*\*        TR # 73439670

| | |
|---|---|
| PLAINTIFF: YANG, KAO LEE (INDIVIDUALLY AND ON BEHALF OF HER MINORS SV AND TV) <br> vs. <br> DEFENDANT: TEICHMAN GROUP LLC | In The    164th <br> Judicial District Court <br> of Harris County, Texas <br> 164TH DISTRICT COURT <br> Houston, TX |

CITATION (SECRETARY OF STATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: CHERAMIE MARINE LLC (A FOREIGN LIMITED LIABILITY COMPANY)
    MAY BE SERVED VIA THE TEXAS SECRETARY OF STATE P O BOX 12079
    AUSTIN TEXAS 78711-2079
    FORWARD TO: CHERMIE'S PRESIDENT DINO CHERAMIE

    11603 HWY 308    LAROSE LA 70373

    Attached is a copy of <u>PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION</u>

This instrument was filed on the <u>27th day of November, 2017</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 28th day of November, 2017, under my hand and seal of said Court.

<u>Issued at request of:</u>
LEAVITT, CHRISTOPHER JERROD
600 TRAVIS STREET SUITE 7300
HOUSTON, TX 77002
Tel: (713) 223-5393
<u>Bar No.:</u> 24053318

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MOMON, RHONDA MICHELLE   HWP//10830368

STATE OF _____

County of _____

OFFICER/AUTHORIZED PERSON RETURN

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit and is the person competent to make oath of the fact.

_____
Affiant/Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this \_\_\_\_\_ day of _____, _____.

_____
Notary Public

N.INT.SECN.P        *73439670*

## CAUSE NO. 2017-62979

KAO LEE YANG, INDIVIDUALLY          IN THE 164TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY,
AND OBO, S.V. & T.V., MINORS         TEXAS
VS.

TEICHMAN GROUP, LLC, ET AL

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Harrison Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Harrison Stinnett_ (SERVER), I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P.O. Box 684627, Austin, TX 78768_
(SERVER'S ADDRESS)

2. ON _11/30/17_ (DATE) AT _03 : 01_ ( _P_ ) M (TIME)
TWO (2) DUPLICATE COPIES OF CITATION, PLAINTIFF'S SECOND AMENDED PETITION, $55 JURISDICTIONAL FEE came to hand for delivery to CHERAMIE MARINE, LLC (A FOREIGN LIMITED LIABILITY COMPANY) BY SERVING THE TEXAS SECRETARY OF STATE.

3. ON _11/30/17_ (DATE) AT _04 : 07_ ( _P_ ) M (TIME) - The above named documents were delivered to: CHERAMIE MARINE, LLC (A FOREIGN LIMITED LIABILITY COMPANY) BY SERVING THE TEXAS SECRETARY OF STATE by delivering to

_Venita Moss - designated agent_
(NAME AND TITLE), authorized agent for service @

_1019 Brazos St, Austin, TX 78701_
(ADDRESS), by CORPORATE Service

**SIGNATURE**
PSC# _11505_ EXPIRATION: _5/31/18_

_Harrison Stinnett_
**AFFIANT PRINTED NAME**

SWORN TO AND SUBSCRIBED before me by _Harrison Stinnett_ appeared on this _01_ day of _December_, 2017 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS**

288630
BARBARA C STINNETT
MY COMMISSION EXPIRES
May 28, 2019

# A.19

12/13/2017 3:08 PM
Chris Daniel - District Clerk Harris County
Envelope No. 21271937
By: CHANDA WILLIAMS
Filed 12/13/2017 3:08 PM

Cause No. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT OF |
| S.V. & T.V., Minors | § | |
| | § | |
| | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEICHMAN GROUP, LLC, T&T MARINE | § | |
| INC., & EXPRESS PROFESSIONANL | § | |
| SERVICES, INC. | § | |
| Defendants. | § | 164TH JUDICIAL DISTRICT |

## NOTICE OF ORAL HEARING ON MINOR SETTLEMENT HEARING

PLEASE TAKE NOTICE the *Notice of Oral Hearing on Minor Settlement Hearing* will be held

in connection with the above entitled and numbered cause on ***Friday December 20, 2017 at 9:00 a.m.***

in the 164th Judicial District of Harris County, Texas.


Respectfully submitted,


THE VILANDOS FIRM, P.C.


By:____/s/ *Marilyn Vilandos*_____
Marilyn Vilandos
State Bar No. 24034689
7660 Woodway Drive Suite 304
Houston, Texas 77063
Tel.:713.255.9990
Fax: 713.255.9992
Email: marilyn@vilandoslaw.com
**GUARDIAN AD LITEM FOR**
**S.V. and T.V.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of ***Notice of Oral Hearing on Minor Settlement Hearing*** has been served upon all known counsel of record via e-service on December 13, 2017.

                                        /s/      *Marilyn Vilandos*
                                        Marilyn Vilandos

# A.20

12/14/2017 10:50 AM
Chris Daniel - District Clerk Harris County
Envelope No. 21288311
By: Rhonda Momon
Filed: 12/14/2017 10:50 AM

NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and<br>obo, S.V. & T.V., Minors<br>    *Plaintiffs,* | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| **AND** | § | |
| | § | |
| **MARISA A. AMBRIZ, as NEXT FRIEND**<br>**OF B.C., a Minor** | § | |
| **OF B.C., a Minor** | § | |
| *Intervenors,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, T E X A S |
| | § | |
| **TEICHMAN GROUP, LLC, T&T** | § | |
| **MARINE, INC., & EXPRESS** | § | |
| **PROFESSIONAL SERVICES, INC.** | § | |
| *Defendants.* | § | 164TH JUDICIAL   DISTRICT |

## UNOPPOSED PETITION IN INTERVENTION AND
## MOTION TO APPOINT GUARDIAN AD LITEM

COMES NOW, MARISA A. AMBRIZ, as Next Friend of B.C., a Minor and files this Unopposed Petition in Intervention and Motion to Appoint Guardian Ad Litem.  Intervenor is suing as next friend of her minor child, B.C.

Intervenor  hereby complains of Defendants Teichman Group, LLC, T&T Marine, Inc., and Express Professional Services, Inc..  No service is necessary on Defendants because they have agreed to accept service of this petition.

On September 20, 2017, Blake Carlisle was working for Express Professional Services at the T&T Marine facility in Galveston. T&T Marine is a subsidiary of the Teichman Group, LLC. Teichman is an international provider of marine services to companies across the globe. Mr. Carlisle had recently begun working at this facility. At approximately 11 a.m. on September 20, 2017, a crane toppled over on top of Mr. Carlisle during his shift, killing him. Mr. Carlisle leaves behind one small child, represented in this petition in intervention.

The petitioners represent that Defendants do not oppose this petition.  The petitioners further represent that they have resolved all disputes with Defendants and that approval by the Court is needed for settlements of claims asserted by Intervenor B.C., a minor.

The petitioners move the Court to appoint Steve J. Kherkher, as guardian ad litem for the petitioner who is a minor or for the Court to choose to appoint someone they deem just and proper.

THEREFORE, the petitioner prays that this petition be allowed; that they recover all lawful damages from Defendants arising out of the injuries alleged above; that the Court appoint a guardian ad litem for the petitioner who is a minor; that the Court conduct hearings on the reasonableness of the settlements of the claims asserted by the petitioner who is a minor; and that the Court grant all other relief to which petitioners are entitled.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, L.L.P.**

By:   /s/ Jim Hart
     Jim  Hart
     State Bar No. 09147400
     PIDept@williamskherkher.com
     Steven J. Kherkher
     State Bar No. 11375950
     skherkher@williamskherkher.com
     8441 Gulf Freeway, Suite 600
     Houston, Texas 77017
     Tel. 713.230.2200
     Fax. 713.643.6226

**ATTORNEY FOR INTERVENOR MARISA A. AMBRIZ, as Next Friend of B.C., a Minor**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record in this cause on this 14th day of December, 2017, in accordance with the Texas Rules of Civil Procedure.

/s/ Jim Hart
Jim Hart

# A.21

NO. 2017-62979

| | | |
|---|---|---|
| **KAO LEE YANG, Individually, and** | § | **IN THE DISTRICT COURT OF** |
| **obo, S.V. & T.V., Minors** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **AND** | § | |
| | § | |
| **MARISA A. AMBRIZ, as NEXT FRIEND** | § | |
| **OF B.C., a Minor** | § | |
| *Intervenors,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, T E X A S** |
| | § | |
| **TEICHMAN GROUP, LLC, T&T** | § | |
| **MARINE, INC., & EXPRESS** | § | |
| **PROFESSIONAL SERVICES, INC.** | § | |
| *Defendants.* | § | **164TH JUDICIAL   DISTRICT** |

## ORDER APPOINTING GUARDIAN AD LITEM

After considering Plaintiffs' Unopposed Motion to Appoint Guardian *Ad Litem* for B.C., a Minor, pursuant to Tex. R. Civ. P. 174, the Court GRANTS the Motion.

IT IS THEREFORE ORDERED that the following person is appointed guardian *ad litem* for B.C:

Name:      _____

Address:   _____

Phone:     _____

Email:     _____

SIGNED on _____, 2017.

_____
Presiding Judge

**Entry Requested**:

/s/ Jim  Hart
Jim  Hart
State Bar No. 09147400
WILLIAMS KHERKHER HART BOUNDAS, L.L.P
Counsel for Plaintiffs

**A.22**

12/14/2017 3:01 PM
Chris Daniel - District Clerk Harris County
Envelope No. 21300060
By: Bristalyn Daniels
Filed: 12/14/2017 10:54 AM
Pgs-2

**NO. 2017-62979**

APGAX

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and | § | IN THE DISTRICT COURT OF |
| obo, S.V. & T.V., Minors | § | |
| *Plaintiffs,* | § | |
| | § | |
| **AND** | § | |
| | § | |
| MARISA A. AMBRIZ, as NEXT FRIEND | § | |
| OF B.C., a Minor | § | |
| *Intervenors,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, T E X A S |
| | § | |
| TEICHMAN GROUP, LLC, T&T | § | |
| MARINE, INC., & EXPRESS | § | |
| PROFESSIONAL SERVICES, INC. | § | |
| *Defendants.* | § | 164ᵀᴴ JUDICIAL DISTRICT |

## ORDER APPOINTING GUARDIAN AD LITEM

After considering Plaintiffs' Unopposed Motion to Appoint Guardian *Ad Litem* for B.C.,

a Minor, pursuant to Tex. R. Civ. P. 174, the Court GRANTS the Motion.

IT IS THEREFORE ORDERED that the following person is appointed guardian *ad litem*

for B.C:

Name:      Marilyn Vilandos _____

Address:      7660 Woodway Dr., Suite 304 _____

Phone:      713-255-9990 _____

Email:      _____

SIGNED on _____, 2017.

Signed:
12/19/2017

Presiding Judge

**Entry Requested:**

/s/ Jim Hart
Jim Hart
State Bar No. 09147400
WILLIAMS KHERKHER HART BOUNDAS, L.L.P
Counsel for Plaintiffs

Unofficial Copy Office of Chris Daniel District Clerk

**A.23**

12/20/2017 4:24 PM
Chris Daniel - District Clerk Harris County
Envelope No. 21418181
By: Rhonda Momon
Filed: 12/20/2017 4:24 PM

2017-62979

| | | |
|---|---|---|
| KAO LEE YANG | § | IN THE DISTRICT COURT OF |
| | § | |
| VS | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEICHMAN GROUP, LLC, ET AL | § | 164TH JUDICIAL DISTRICT |

and

| | |
|---|---|
| BRHIAN MATHIEU, BRUCE HARRIS | § |
| and JOSHUA POWELL | § |
| | § |
| VS. | § |
| | § |
| LIGHTERING LLC, | § |
| EXPRESS PROFESSIONAL SERVICES, INC. | § |
| and CHERAMIE MARINE, L.L.C. | § |

## PETITION IN INTERVENTION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE DISTRICT JUDGE:

COME NOW Intervenors Brhian Mathieu, Bruce Harris, and Joshua Powell

("Intervenors") and, for their Plea in Intervention complaining of Defendants in Intervention

Lightering LLC (f/k/a OSG Lightering, LLC), Express Professional Services, Inc., and Cheramie

Marine, L.L.C., would show unto this Honorable Court, as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Intervenors intend to conduct discovery under Level 2, pursuant to the Texas Rule

of Civil Procedure 190.3.

### II. CLAIM FOR RELIEF

2.1     Pursuant to Tex. R. Civ. P. 47(c)(5), Intervenors seek monetary relief in excess

of $1,000,000.

## III. PARTIES

3.1     Intervenors Brhian Mathieu, Bruce Harris, and Joshua Powell are citizens and residents of the State of Louisiana.

3.2     Defendant in Intervention Lightering LLC (f/k/a OSG Lightering, LLC), is a foreign limited liability company with its principal place of business in Montgomery County, Texas, which has appeared in the Original Lawsuit and may be served with process through its attorney of record.

3.3     Defendant in Intervention Express Professional Services, Inc., is a domestic corporation with its principal place of business in Harris County, Texas, which has appeared in the Original Lawsuit and may be served with process through its attorney of record.

3.4     Defendant in Intervention Cheramie Marine, L.L.C., is a Louisiana limited liability company doing business in the State of Texas for the purpose of accumulating monetary profit.  Defendant may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from its business in Texas.  Pursuant to TEX.CIV.PRAC. & REM. CODE § 17.045, the Secretary of State is requested to serve this Petition and Citation upon Cheramie Marine, L.L.C., by forwarding same via certified mail, return receipt requested, to its home address, 11603 Hwy 308, Larose, Louisiana 70373.

## IV. JURISDICTION AND VENUE

4.1     This claim is maintained under the Jones Act (46 U.S.C. § 30104) and general maritime law of the United States.  This Court has jurisdiction pursuant to the Saving to Suitors clause, 28 U.S.C. § 1333.   This Court also has jurisdiction over this case because Defendants in

Intervention systematically conduct business in the State of Texas.  The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

4.2     It is well-established that Jones Act cases are not removable to federal court.

4.3     Venue is proper in Harris County, Texas under TEX. CIV. PRAC. & REM. CODE § 15.0181(c).

## V.  THE ORIGINAL LAWSUIT

5.1     Plaintiff Kao Lee Yang sued Defendants Teichman Group, LLC, T&T Marine, Inc. and Express Professional Services, Inc., for the wrongful death of Chi Vong, as a result of the incident and Defendants' negligence described below.

## VI.  INTERVENORS' INTEREST IN THE LAWSUIT

6.1     A party has a justiciable interest in a lawsuit when its interests will be affected by the litigation.  A party may intervene in a suit if it could have brought all or a part of the same suit in its own name.

6.2     Intervenors bring suit in this matter because their injuries and damages arise from the same incident, causes of action and parties.

## VII.  INTERVENORS' CAUSES OF ACTION

### A.     FACTS AND NEGLIGENCE OF DEFENDANTS

7.1     At all material times hereto, Defendants in Intervention owned, operated and/or crewed the *Elliot Cheramie* ("the vessel"), the vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters.

7.2     At all material times hereto, Intervenors were employed by Defendants in Intervention and working as members of the crew of the vessel.

7.3    On or about September 20, 2017, while Intervenors were performing duties in the service of the vessel, a crane fell over sideways, its boom struck Intervenors' co-workers, injuring and killing them, as well as injuring Intervenors in the process.

7.4    The injuries suffered by Intervenors were caused by the negligence and/or gross negligence of all Defendants in Intervention, and unseaworthiness of the vessel, in the following particulars, among others:

(a)    failing to provide proper and adequate equipment to perform the job;

(b)    failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(c)    failing to take reasonable precautions for Intervenors' safety;

(d)    failing to provide Intervenors' with a reasonably safe place to work, including failing to provide proper equipment; and

(f)    other acts of negligence and/or omissions to be shown at trial herein.

**B.    JONES ACT**

7.5    Intervenors' injuries were sustained in the course of their employment and were caused by the negligence and/or gross negligence of Defendants in Intervention, their officers, agents, or employees, as described herein.

**C.    UNSEAWORTHINESS**

7.6    Intervenors' injuries were caused by Defendants' in Intervention breach of their duty to furnish a seaworthy vessel.

**D.    MAINTENANCE AND CURE**

7.7    Intervenors would show that on the above mentioned date, they were injured while in the service of Defendants' in Intervention vessel. As a result, Defendants in Intervention had, and continue to have, a non-delegable duty to provide Intervenors with the

benefits of maintenance and cure.  Intervenors would show they have not reached maximum medical improvement and that Defendants' in Intervention duties therefore continue. Defendants in Intervention have breached their absolute duty by denying payment of maintenance and cure and/or have unreasonably delayed said payments.  As a result of Defendants' in Intervention failure to pay and/or delay in paying the benefits of maintenance and cure, Intervenors have suffered further injuries and damages, for which they now sues.  Intervenors would further show that Defendants' in Intervention failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and, as a result thereof, Intervenors are entitled to an award of damages for aggravation of their conditions caused by Defendants' in Intervention failure, as well as attorneys' fees, and punitive damages, for which they now sue, in addition to all other relief sought.

## VIII.  DAMAGES

8.1     As a direct and proximate result of the negligence and/or gross negligence on the part of all Defendants in Intervention, Intervenors suffered the following injuries and resultant damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering in the past and future; (h) punitive damages.

8.2     Intervenors see monetary relief in excess of $1,000,000.

## IX.  CONDITIONS PRECEDENT

9.1     All conditions precedent to Intervenors' claims for relief have been performed or have occurred.

## X. REQUEST FOR DISCLOSURE

10.1    Intervenors request that each Defendant in Intervention disclose, within 50 days of

the original service of this request, the information or material described in Rule 194.2,

Tex.R.Civ.P.

WHEREFORE, Intervenors pray the Court issue citation for Defendants in Intervention to

appear and answer, and they be awarded a judgment against Defendants in Intervention for the

following:

a.    Actual damages;
b.    Exemplary damages;
c.    Prejudgment and postjudgment interest;
d.    Court costs;
e.    Punitive damages and attorney's fees; and
f.    All other relief to which Plaintiff is entitled.

Respectfully submitted,


By: */s/ Francis I. Spagnoletti*
Francis I. Spagnoletti
TX SBN 18869600
fspagnoletti@spaglaw.com
Marcus R. Spagnoletti
TX SBN 24076708
mspagnoletti@spaglaw.com
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
713.653.5600 (T)
713.653.5656 (F)

ATTORNEYS FOR INTERVENORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via the Court's e-file system at the time of filing on this 20th day of December, 2017, in accordance with the Texas Rules of Civil Procedure.

By: */s/ Francis I. Spagnoletti*

Francis I. Spagnoletti

**A.24**

Cause No. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo,<br>S.V. & T.V., Minors | § <br> § <br> § | IN THE DISTRICT COURT OF |
| AND | § <br> § | |
| MARISA A. AMBRIZ, as NEXT FRIEND OF<br>B.C., a Minor | § <br> § <br> § | |
| Plaintiffs | § <br> § | |
| v. | § <br> § | HARRIS COUNTY, TEXAS |
| TEICHMAN GROUP, LLC, T&T MARINE<br>INC., & EXPRESS PROFESSIONANL<br>SERVICES, INC. | § <br> § <br> § | |
| Defendants. | § | 164TH JUDICIAL DISTRICT |

## NOTICE OF ORAL HEARING ON MINOR SETTLEMENT
## HEARING FOR INTERVENOR, MARISA A. AMBRIZA AS NEXT FRIEND OF B.C.

PLEASE TAKE NOTICE that the *Notice of Oral Hearing on Minor Settlement Hearing for Intervenor, Marisa A. Ambriza as Next Friend of B.C.* will be held in connection with the above entitled and numbered cause on ***Tuesday January 9, 2018 at 2:00 p.m***. in the 164th Judicial District of Harris County, Texas.


Respectfully submitted,


THE VILANDOS FIRM, P.C.

By :___/s/ *Marilyn Vilandos*_____
Marilyn Vilandos
State Bar No. 24034689
7660 Woodway Drive Suite 304
Houston, Texas 77063
Tel.:713.255.9990
Fax: 713.255.9992
Email: marilyn@vilandoslaw.com
**GUARDIAN AD LITEM FOR**
**B.C.**

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of ***Notice of Oral Hearing on Minor Settlement Hearing*** has been served upon all known counsel of record via e-service on January 3, 2018.

_____ /s/ _____ *Marilyn Vilandos* _____
Marilyn Vilandos

# A.25

**F I L E D**
Chris Daniel
District Clerk

JAN 0 9 2018

**CAUSE NO. 2017-62979**

Time_____ Harris County, Texas

KAO LEE YANG, Individually, and §  IN THE DISTRICT COURT OF
obo, S.V. & T.V., Minors §
Plaintiff, §
§
MARISA A. AMBRIZ, as NEXT § **164th JUDICIAL DISTRICT**
FRIEND OF B.C., a Minor §
Intervenors, §
§
vs. §
§
§ **HARRIS COUNTY, TEXAS**
TEICHMAN GROUP, LLC, T&T §
MARINE, INC., & EXPRESS
PROFESSIONAL SERVICES, INC.
Defendants.

## ORDER ESTABLISHING TRUSTS
## FOR THE BENEFIT OF B.C.
## UNDER SECTION 142.005 OF THE TEXAS PROPERTY CODE

ON THIS DAY came on to be heard the Application of MARILYN VILANDOS (the "Applicant") on behalf of B.C., minor child (the "Beneficiary"), requesting that the Court establish trusts for the Beneficiary pursuant to Section 142.005 of the Texas Property Code (the "trusts"), and due and proper notice thereof having been given to all necessary and interested persons. The Court having considered the evidence presented, and the terms of the Trust Agreement attached to this Order as Exhibit "A" which are incorporated herein for all purposes by this reference (the "Trust Agreement"), finds that B.C. (Beneficiary) are minors, and that such Trusts are in the best interest of the Beneficiary and should be created under the authority of Section 142.005 of the Texas Property Code, and that RAYMOND JAMES TRUST, N.A. ("Trustee"), the proposed trustee of the Trusts, is a trust company having trust powers in the State of Texas and therefore is qualified to serve as trustee of the trusts created pursuant to Section 142.005 of the Texas Property Code.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the funds and any future payments from a structure awarded to the Beneficiary pursuant to the Order in the above numbered and styled cause shall be held in trust for the benefit of the BeneficiarY pursuant to Section 142.005 of the Texas Property Code, and pursuant to the terms of the Trust Agreements attached as Exhibit "A."

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any assets due to the BeneficiaRY from the net settlement of the above numbered and styled cause, including cash payments are hereby irrevocably assigned to the Trustee of the trust.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that RAYMOND JAMES TRUST, N.A. is hereby appointed sole Trustee of the Trust created by the Trust Agreement; and, upon the acceptance by the Trustee of such Trust, all sums awarded to the Beneficiary herein shall be paid to the Trustee.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that approval is hereby granted to the Trustee to charge a reasonable fee for its trust services at the rates and in the manner provided in the Trust Agreement, provided that the court may review the Trustee's fees at any time and from time to time on the Court's own motion, motion of the Trustee or any other party interested in the welfare of the Beneficiary, and upon a hearing of the matter, the Court shall take any action with respect to such fees as the Court deems appropriate.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Pi-Yi Mayo, Attorney at Law, is awarded the sum of TWO THOUSAND HUNDRED AND NO/100 ($2,000.00) DOLLARS for legal services rendered on behalf of B.C., which sum is hereby ORDERED to be paid to said Attorney directly by the Trustee of the B.C. Trust.

SIGNED this the _____8th_____ day of _____January_____, 2018.

JAN 0 9 2018

_____
Judge Presiding

APPROVED:

VILANDOS LAW FIRM, P.C.

By: _____
MARILYN VILANDOS
State Bar No. 24034689
7660 Woodway Dr., Ste 304
Houston, Texas 77063
713.255.9990-Telephone
marilyn@vilandoslaw.com

ATTORNEY AD LITEM FOR
B.C., a Minor

N:\ASSIST\SUPNEED.TRS-ECOVERED 1-11-12\Carlisle, Blake 01-02-18\Order Draft 2.wpd

2

## THE B.C. 142 TRUST

Unofficial Copy Office of Chris Daniel District Clerk

## NOTICE:  THE BENEFICIARY AND CERTAIN PERSONS INTERESTED IN THE WELFARE OF THE BENEFICIARY MAY HAVE REMEDIES UNDER SECTION 114.008 OR SECTION 142.005 OF THE TEXAS PROPERTY CODE

### THE B.C. 142 TRUST

This instrument establishes the terms of a trust (the "Trust") created for the benefit of B.C., a minor, pursuant to the Order of the Court in the above numbered and styled cause under the authority of Section 142.005 of the Texas Property Code. The Court enters its Order directing all assets listed in Exhibit A-1 attached to be delivered to the Trustee named below.

### ARTICLE I

### IDENTIFICATION

1-1.  Name of Trust.  This trust shall be known as "The B.C.142 Trust."

1-2.  Beneficiary.  The sole and only beneficiary of the Trust is B.C. (the "Beneficiary"), who was born on December 19, 2016. The present address of the beneficiary is 2805 Greenbriar, Dickenson, TX 77539.

1-3.  Trustee.  The trustee of the Trust is and shall be RAYMOND JAMES TRUST, N.A., 880 Carillon Parkway, St. Petersburg, Florida 33716 (the "Trustee"). Upon receipt of the funds constituting the corpus of this Trust, the Trustee's duties shall commence in accordance with the terms hereof. No bond or other security is required of the Trustee or of any successor trustee.

1-4.  Trust Estate.  The Trust shall be funded with settlement funds and any future payments from structures, which is or has been awarded to the Beneficiary in the above numbered and styled cause. The sums described above, together with all other properties hereafter acquired by the Trust, and all income therefrom, shall constitute the trust estate of the Trust. By execution of the order creating, establishing, and funding the trust, the Court hereby assigns, conveys, transfers, and delivers the described assets to Trustee on even date herewith.

### ARTICLE II

### TRUST ESTATE

2-1.  Trust Property.  The Trustee shall hold, administer and distribute the trust property as a single trust according to the terms and provisions of this Trust Agreement. The Trustee, by executing this Trust Agreement, acknowledges receipt of the assets described in Exhibit "A-1," accepts the trust created hereunder, and covenants to faithfully discharge all duties of the Trustee as set forth in this Trust Agreement and any subsequent orders of the Court.

2-2.  Additions to Trust.    Other property, real or personal, may be transferred to

2

Trustee by anyone with the consent of the Trustee. All property held by the Trustee may be referred to herein as the "Trust Estate." Any additional transfer of property to this Trust shall be absolute, provided, however, that the duties of the Trustee shall not be increased by virtue of any such transfer without consent of the Trustee.

2-3. <u>Termination</u>. The Trust shall terminate when the Beneficiary attains age twenty-five (25). If the Beneficiary dies prior to the Beneficiary's twenty-fifth (25th) birthday, the Trust shall terminate upon the Beneficiary's death. Upon termination, the Trustee shall pay all of the then remaining trust estate of the Trust to the Beneficiary, free of any further trust. If the Beneficiary's death is the event which causes this trust to terminate, such remaining principal and undistributed income shall be distributed to the representative of the estate of the deceased Beneficiary. The Trustee shall have a reasonable period of time after termination of the Trust in which to wind up the administration of the Trust and to distribute Trust assets. The Trustee may also seek and obtain from the Court a settlement of its accounts as Trustee, and a discharge from liability if appropriate, under the applicable provision of the Texas Trust Code. The Trustee shall continue to have all of the powers granted to the Trustee under this Agreement until all provisions of the Trust are fully executed and the trust assets are delivered as provided herein.

## ARTICLE III

## TRUSTEE PROVISIONS

3-1. <u>Investment Authority</u>. The Trustee shall invest the assets of the estate in proper and prudent investments with due regard to reasonable diversification, considering the entire portfolio of its estate (and the entire portfolio of any collective investment vehicle, as the case may be) rather than on an individual asset basis. To the extent consistent with the foregoing; (a) a corporate entity serving as Trustee may deposit funds with itself and may place funds under its administration in common trust funds; and (b) the Trustee may acquire securities, real estate, life insurance, oil, gas and other mineral interests, and other investments.

3-2. <u>Management Authority</u>. The Trustee may exercise the managerial powers of an individual with respect to matters affecting the estate and with complete and unfettered managerial discretion that is consistent with the reasonable and prudent management and administration of the estate, including the following managerial authorities: (a) the Trustee may manage, sell, lease (for any term, even if beyond the anticipated term of the trust), partition, improve, repair, insure, and otherwise deal with all property of the trust; (b) the Trustee may form, reorganize or dissolve corporations, give proxies to vote securities, enter into voting trusts, and generally exercise all rights of a stockholder; (c) the Trustee may take whatever action, if any, the Trustee considers best to collect the proceeds of life insurance policies and employee benefit plans as well as any other property that may be tendered to the Trustee; (d) the Trustee may pay all taxes and all reasonable expenses, including reasonable compensation to the agents and counsel (including investment counsel) of the Trustee; (e) the Trustee may employ and compensate advisors and agents and delegate to an agent any authorities (including discretionary authorities); (f) the Trustee may institute and defend suits and release, compromise or abandon claims; (g)

3

the Trustee may hold title to any property in the name of one or more nominees without disclosing the fiduciary relationship; (h) the Trustee may lend money to any entity with or without security, endorse, guarantee, provide security for, or otherwise become obligated with respect to the debts of any entity, provided that all such transactions (except those for the benefit of any beneficiaries of the particular estate involved) must be on commercially reasonable terms; (i) the Trustee may assume, renew and extend any indebtedness previously created and borrow for any purpose (including the payment of taxes or expenses) from any source (including a Trustee individually) at the then usual and customary rate of interest, and mortgage or pledge any property of the estate to any such lender; (j) the Trustee may retain, sell or distribute in kind any personal residence and any furnishings of such residence; (k) the Trustee may store personal effects given to a minor or other incapacitated beneficiary for later distribution to such individual, or sell such property and add the proceeds of sale to a trust of which individual is a beneficiary; (l) the Trustee may divide, allocate or distribute property of the estate in undivided interests, non pro rata, and either wholly or partly in kind; (m) for administrative and investment purposes only, the Trustee may hold separate estates under this or any other instrument in one or more common accounts in which such estates have undivided interests; (n) the Trustee may allocate receipts and disbursements between principal and income in a reasonable manner, and may establish a reasonable reserve for depreciation or depletion and fund such reserve by appropriate charges against income of the estate; and (o) the Trustee may take all appropriate action to deal with any environmental hazard and comply with any environmental law, regulation or order, and may institute, contest or settle legal proceedings concerning environmental hazards.

The provisions of this Article govern the fiduciary relationship of the Trustee. When used in this instrument, where the context permits, the term Trustee means the trustee or co-trustees from time to time serving and the "estate" of the Trust means the particular trust estate being administered by the Trustee.

3-3. <u>Distributions</u>. The Trustee may disburse amounts of the Trust's principal, income, or both as the Trustee in the Trustee's sole discretion determines to be reasonably necessary for the health, education, support, or maintenance of the Beneficiary. The Trustee may conclusively presume that medicine or treatments approved by a licensed physician are appropriate for the health of the beneficiary. Any income not distributed to the Beneficiary or utilized for the payment of Trust debts, expenses and taxes shall be added to the principal of the Trust.

3-4. <u>Trustee's Discretion</u>. In making any discretionary payments to the Beneficiary, the Trustee shall consider (i) the standard of living to which the Beneficiary shall have been accustomed prior to the creation of the Trust; (ii) any known resources of the Beneficiary; (iii) the ability of any person who is legally obligated to support the Beneficiary to do so; and (iv) the ability of the Beneficiary to earn funds for the Beneficiary's own support and maintenance, except while obtaining an education.

3-5. <u>Manner of Distributions</u>. The Trustee may make any distribution required or permitted hereunder, without the intervention of any guardian or other legal representative, in any of the following ways: (i) to the Beneficiary directly; (ii) to the legal or natural guardian of the Beneficiary; (iii) to any person having custody of the Beneficiary; or (iv) by utilizing the distribution directly for the benefit of the Beneficiary. In making distributions

4

for healthcare or educational expenses, the Trustee shall be entitled to pay such expenses directly to the providers of such care or services, or to reimburse the party responsible for the payment of such expenses upon the receipt by the Trustee of a paid receipt or other evidence of such payment from the providers of such care or services.

No distribution from the Trust shall be made to or for the benefit of the Beneficiary to satisfy any obligation if such obligation would otherwise be met from any federal or state assistance program if the Trust had not been created; provided, however, that the Trustee shall not be responsible for making such a determination nor shall the Trustee be held liable for any distribution made in good faith (i) which results in the loss of any federal or state assistance, or (ii) pursuant to an order of any state agency requiring distribution for the benefit of the Beneficiary.

The Trustee is specifically authorized to pay accounting fees for preparation of the Beneficiary's personal income tax return, and to pay any income tax owing by the Beneficiary or the trust which is attributable to income generated by the Trust.

3-6. Methods of Distributions. Trustee may make divisions or distributions in money or in kind, or partly in each, whenever required or permitted to divide or distribute all or any part of the trust; and, in making any such divisions or distributions, the judgment of the Trustee in the selection and valuation of the properties to be so divided or distributed shall be binding and conclusive.

3-7. Resignation of Trustee. The Trustee may submit its resignation as Trustee to the Court and to the Beneficiary (or as the case may be, to the Beneficiary's Guardian, conservators or person having care and custody of the Beneficiary), but the Trustee shall continue as Trustee and not be relieved of its duties as such until a successor Trustee is appointed by the Court and the successor Trustee has accepted the Trust.

3-8. Waiver of Bond. No Trustee under this Trust Agreement shall be required to give bond or other security in any jurisdiction.

3-9. Expenses and Compensation. An individual or entity serving as Trustee shall be reimbursed from the estate for the reasonable costs and expenses incurred in connection with the administration of the estate and the Trustee shall be entitled to receive fair and reasonable compensation for services as Trustee to be paid from the Trust's income, corpus, or both on application to and approval of the Court; provided, however, that the Trustee's compensation shall not exceed the Trustee's regularly published fee schedule for such services. A copy is attached as "Exhibit A-2". The Court hereby approves future Trustee's fees for so long as such fees do not exceed the Trustee's regularly published fee schedule; provided that the Court may review any future Trustee's fees at any time and from time to time on the Court's own motion or upon the motion of the Trustee or any other party interested in the welfare of the Beneficiary, and upon a hearing of the matter, the Court shall take any action with respect to such fees as the Court may deem appropriate. The Trustee shall also be reimbursed for all reasonable expenses incurred in connection with the administration of the trust considering: (a) the duties, responsibilities, risks, and potential liabilities undertaken; (b) the nature of the estate; (c) the time and effort involved; and (d) the customary and prevailing charges for services of a similar character at the time and at the place such services are performed.

3-10. "Trustee" Defined. Unless another meaning is clearly indicated or required by context or circumstances, the term "Trustee" shall mean and include the initial Trustee

and any successor Trustee or Co-Trustees. Except as otherwise provided in this Trust Agreement, if two or more Trustees are named or serving hereunder and any one or more, but not all, decline or cease to serve for any reason, then the remaining Trustee or Co-Trustees, as the case may be, shall continue to serve in such capacity. In all matters relating to the trust, the decision of a majority of the Trustees then serving shall control. Any writing signed by the persons whose decision shall control shall be valid and effective for all purposes as if signed by all such Trustees.

3-11. "Corporate Trustee" Defined. The term "corporate Trustee" shall mean a financial institution as defined in Texas Finance Code Section 201.101, and the successor (by merger, consolidation, change of name or any other form of reorganization, or if such corporate Trustee ever transfers all of its existing business of serving as a fiduciary to any other bank or trust company or corporation) bank or trust company to any such corporate Trustee named herein or serving hereunder. In any instance where a corporate Trustee is required to be appointed as a successor Trustee or Co-Trustee in connection with the removal of any Trustee or Co-Trustee, the instrument of removal shall contain the acceptance of the corporate Trustee so appointed evidenced on it. If a corporate Trustee is serving as a Co-Trustee, it shall have exclusive custody of the properties, books and records of the trust as to which it is serving, but shall make such properties, books and records available for inspection and copying by every other Trustee of such trust.

## ARTICLE IV

### IRREVOCABILITY

This Trust shall not be amended, altered or revoked by the Beneficiary or any guardian or other legal representative of the Beneficiary, but it shall remain subject to amendment, modification, or revocation by the Court at any time prior to the termination of the Trust. If the Court revokes the Trust prior to the time that the Beneficiary attains the age of twenty-five (25) years, the Court may enter such further or additional orders concerning the trust estate as may be authorized by Section 142.005 of the Texas Property Code. If the court revokes the Trust after the Beneficiary attains the age of twenty-five (25) years, the trust estate shall be paid and delivered to the Beneficiary free of this Trust, after the payment of all proper and necessary expenses.

### ARTICLE V

### ADMINISTRATIVE PROVISIONS

5-1. Notice. Any notice or election required or permitted to be given by or to a Trustee acting under this Trust Agreement must be given by acknowledged instrument actually delivered to the person or Trustee to whom it is required or permitted to be given. Any notice required or permitted to be given to the Beneficiary when the Beneficiary is, in the opinion of the Trustee, legally or mentally disabled, shall be given to the Beneficiary's

6

guardian or other representative. If such notice concerns a trusteeship, it shall state its effective date and shall be given at least 30 days prior to such effective date, unless such period of notice is waived. Any action permitted to be taken by the Beneficiary shall be taken by the Beneficiary's guardian or other representative.

5-2. <u>Reports and Records</u>. All properties, books of account and records of the trust shall be made available for inspection at all times during normal business hours by the Beneficiary or by the Beneficiary's parent or parents, guardian, to the guardian ad litem, or attorney ad litem. The trustee shall furnish an annual written report to the Beneficiary or to his guardian or other representative showing the itemized receipts and disbursements of income and principal of the trust, and the invested and uninvested principal and undistributed income of the trust.

5-3. <u>Majority Controls</u>. All actions taken by Trustees hereunder shall be taken only with the agreement of a majority of Trustees which majority shall include the corporate Trustee if one is then acting.

5-4. <u>Ancillary Trustee</u>. The Trustee, to the extent permitted by applicable law, may appoint (and remove) any Qualified Corporation (meaning any corporation having trust powers that is qualified and willing to serve under this instrument and that has, as of the relevant time, either (a) a minimum capital and surplus of at least Five Million Dollars ($5,000,000 U.S.), or (b) at least Fifty Million Dollars ($50,000,000 U.S.) in trust assets under administration) to act as ancillary trustee on such terms as the Trustee may deem appropriate.

5-5. <u>Reorganization or Insolvency of Corporate Trustee</u>. If a corporation nominated to serve or serving as the Trustee shall ever change its name, or shall merge or consolidate with or into any other bank or trust company, such corporation shall be deemed to be a continuing entity and shall continue to be eligible for appointment, or shall continue to act as the Trustee.

5-6. <u>Removal</u>. Any interested person herein, including, but not limited to the Beneficiary, the Beneficiary's legal representative, the Beneficiary's parents or contingent beneficiaries, may petition the Court under whose authority this Trust was created, established, and funded or any court of competent jurisdiction for removal of any Trustee, the decision on whether to remove any Trustee shall be in the exclusive discretion and control of the court.

5-7. <u>Successor Trustee</u>. Any court of competent jurisdiction shall have the power to fill any vacancy in the Trusteeship resulting from the death, resignation, removal or incapacity of the Trustee. Each successor Trustee, upon executing an acknowledged acceptance of the trusteeship and upon receipt of those properties actually delivered to successor Trustee, shall be vested with all of the estates, titles, rights, powers, duties, immunities and discretions granted to the prior Trustee.

5-8. <u>Trustee Liability</u>. No Trustee shall have any duty: (a) to investigate the prior acts or failures to act of a Predecessor Fiduciary (including a predecessor Trustee under this instrument or a personal representative or trustee of any estate or trust from which distributions may be made to the Trustee); (b) to request a formal accounting by a Predecessor Fiduciary; or (c) to investigate any accountings provided by a Predecessor Fiduciary. No Trustee shall be personally liable for any act or failure to act of a Predecessor Fiduciary, or for the failure to contest any accounting provided by a

Predecessor Fiduciary. However, the preceding shall not apply to any Trustee to the extent that the Trustee has received a request from a beneficiary having a material interest in the trust estate to secure such an accounting or to conduct such an investigation, or has actual knowledge of facts that would lead a reasonable person to believe that, as a consequence of any act or omission of a Predecessor Fiduciary, a material loss has occurred or will occur. An individual or entity serving as Trustee shall be entitled to reimbursement from the estate for any liability or expense, whether in contract, tort or otherwise, reasonably incurred by the Trustee in the administration of the estate.

5-9. _Retention of Investment Advisor and Other Consultants_. The Trustee is authorized to employ attorneys, accountants, investment managers, specialists and such other agents as the Trustee shall deem necessary or desirable; to appoint an investment manager or managers to manage all or any part of the assets of the trust and to delegate to said manager investment discretion and such appointment shall include the power to acquire and dispose of such assets; and to charge the compensation of such attorneys, accountants, investment advisors, investment managers, specialists and other agents and any other expenses against the trust.

5-10. _Applicability of Texas Trust Code_. To the extent consistent with the other provisions of this instrument, the Trustee shall have the powers, duties, and liabilities of trustees set forth in the Texas Trust Code, as amended and in effect from time to time. However, any legislation enacted subsequent to the date of this instrument which limits a Trustee's duties or liability to the beneficiaries of the estate shall be inapplicable to every trust created under this instrument, and the Trustee's acceptance of office under this instrument shall constitute an irrevocable agreement that no such subsequent legislation shall be applicable.

## ARTICLE VI

## MISCELLANEOUS PROVISIONS

6-1. _Spendthrift Provision_. Prior to the actual receipt by the Beneficiary of any distribution of any portion of the principal or income from the trust estate, and to the fullest extent allowed by law, no property (whether income or principal) of the Trust shall be subject to anticipation or assignment by the Beneficiary, or to attachment by or the interference or control of any creditor or assignee of the Beneficiary, or be taken or reached by any legal or equitable process in satisfaction of any debt or liability of the Beneficiary. Any attempted transfer or encumbrance of any interest in the trust estate of the Trust by the Beneficiary prior to the actual distribution thereof to the Beneficiary shall be wholly void. To the extent allowed by law, no distribution from the Trust shall be made to satisfy any obligation of the Beneficiary if such obligation would otherwise be met from any Federal or State assistance program if the Trust had not been created.

6-2. _Governing Law_. The construction, validity and administration of the trust shall be controlled by the laws of the State of Texas unless the Trustee designates the laws of another jurisdiction as the controlling law with respect to the administration of the trust, in which event the laws of such designated jurisdiction shall apply to the trust as of the date specified in such designation. Any such designation shall be in writing.

8

6-3. Execution. The Trustee hereby accepts the Trust herein created, established, and funded and covenants and agrees to and with the Court in consideration thereof that the Trustee will execute the same as herein provided.

6-4. Pronouns, Singular and Plural. Unless the context requires otherwise, words denoting the singular may be construed as denoting the plural, and words of the plural may be construed as denoting the singular, and words of one gender may be construed as denoting such other gender as is appropriate.

6-5. Execution In Counterparts. This document may be executed in any number of counterpart signature pages, all of which together will constitute the entire, original document.

TRUSTEE'S ACCEPTANCE:

RAYMOND JAMES TRUST, N.A.

Name: _____

Title:    Trust Officer

9

Exhibit "A-1"

All proceeds from the following lawsuit that are ordered by the court to be paid to the B.C. 142 Trust for the benefit of B.C.:

*In cause number 2017-62979, Kao Lee Yang, Individually, and obo, S.V. & T.V., Minors, Plaintiffs and Marisa A. Ambriz, as Next Friend of B.C., a minor, Intervenors vs. Teichman Group, LLC, T&T Marine, Inc., & Express Professional Services, Inc. Defendants, In The District Court of Harris County, Texas 164th Judicial District.*

Unofficial Copy Office of Chris Daniel District

H:\ASSIST\SUPNEED.TRS-rECOVERED 1-11-12\Carlisle, Blake 01-02-16\Blake Carlisle Trust Draft 2.wpd

10

# TRUSTEE, CO-TRUSTEE OR AGENT FOR TRUSTEE FEES & SERVICES

**TYPE OF TRUST – Personal Trust[1,3,3], Agent for Trustee[1,2,3], Charitable Trust[1,2,3]**

| SERVICES | FEES |
|---|---|
| • Safekeep the trust's assets<br>• Collect interest and dividends payable, if any<br>• Attend to maturing bonds, stock splits and tender offers<br>• Execute security transactions with the advice of your financial advisor and provide investment management oversight<br>• Maintain accurate records for the trust<br>• Provide periodic statements to you and your advisors as you direct<br>• Generate investment performance reports for you and your advisors<br>• Provide income information to your tax advisor<br>• Make payments, distributions and remittances to the beneficiaries as required under the terms of the trust | 1.65% on the first $500,000 of market value, then<br>1.20% on the next $500,000 of market value, then<br>0.90% on the next $1,000,000 of market value, then<br>0.70% on the next $3,000,000 of market value, then<br>0.55% on the balance over $5,000,000 of market value<br><br>Minimum fee: $3,300<br>Minimum account size: $500,000 |

## EXTRAORDINARY FEES THAT MAY APPLY

- Sale of real property: Minimum fee $3,000; Maximum fee of $65,000 . 3% of the first $500,000
  2% of the next $500,000 . 1% of the balance
- Holding real property: $75, quarterly
- Mineral, Oil & Gas Interests: $25 per holding, quarterly
- Private Notes & Mortgages: $50 per holding, quarterly
- Tangible Personal Property: $25 per lot, quarterly; a "lot" is defined as a grouping of similar property, e.g., coin collection, jewelry, etc.
- Annuities and registered, closely held and private placement limited partnerships: $25 per holding, quarterly
- Hourly charge for additional administrative time ranging from $100 an hour up to $350 an hour, depending on the level of experience and expertise of the services provided
- Preparation of annual IRS Form 1098: $50
- Preparation of annual IRS Form 1041 for non-grantor trusts: $500
- Preparation of annual IRS Form 1041 for grantor trusts: $225
- Preparation of annual IRS Form 990-PF for private foundations: $1,000

[1]A full annual fee may be charged for any portion of the final year that Raymond James Trust acts as a fiduciary.

[2]If a discretionary separate account manager is retained to act as asset manager, this fee will be reduced by 50%, exclusive of the fee charged by the asset manager.

[3]A premium of 0.25% will be charged for those assets placed with Raymond James Trust Investment Managers.

[4]Raymond James Trust's fee schedules cover the "normal and customary" services associated with acting as a trustee or custodian. Whether a service is "extraordinary" will be determined by the Trust Committee. The following services are always considered extraordinary and are subject to extraordinary fees:

- Litigation management - the time and expense of defending trust assets in any act-on against the trust or the trustee or associated with complying with the discovery process if we are custodian of a trust.
- Acceptance and safekeeping of unusual assets - unusual assets include, but are not limited to:

| | |
|---|---|
| Closely held business interests (Corporations, S Corporations, Limited Liability Companies, Partnerships, Limited Partnerships, etc.) | Annuities |
| | Registered and Private Placement limited partnerships |
| Private notes and mortgages | Mineral, Oil and Gas interests |
| Tangible personal property | Such other assets as the Committee may deem unusual under the circumstances |
| Real estate | |

The directors of Raymond James Trust reserve the right to change or modify fees in the future and to charge extraordinary fees.

Fee Schedule – Effective 07/01/13

**RAYMOND JAMES® Trust**

## CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and<br>obo, S.V. & T.V., Minors<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| MARISA A. AMBRIZ, as NEXT OF<br>FRIEND OF B.C., a Minor<br>Intervenors, | §<br>§<br>§<br>§ | 164th JUDICIAL DISTRICT |
| vs. | §<br>§ | HARRIS COUNTY, TEXAS |
| TEICHMAN GROUP, LLC, T&T<br>MARINE, INC., & EXPRESS<br>PROFESSIONAL SERVICES, INC.<br>Defendants. | | |

## APPLICATION TO CREATE A TRUST FOR
## THE BENEFIT OF B.C.
## UNDER SECTION 142.005 OF THE TEXAS PROPERTY CODE

NOW COMES Marilyn Vilandos (the "Applicant), Attorney Ad Litem for B.C. and makes this Application to Create a Trust for the Benefit of B.C., (the "Beneficiary") under Section 142.005 of the Texas Property Code and respectfully shows to the Court the following:

I.

Funds in settlement of this cause of action were ordered paid for the use and benefit of B.C., pursuant to the Judgment in the above entitled and numbered cause.

II.

The Beneficiary, as of the filing of this Application, is a minor who has no legal guardian is represented by a next friend as required by Section 142.005 of the Texas Property Code. The Applicant is the Ad Litem of the Beneficiary. There is no Court ordered guardian for the Beneficiary, nor is there any proceeding pending for such purpose at this time. The Applicant is of the opinion that it would be in the best interests of the Beneficiary that the sum of money awarded to the Beneficiary in the above numbered and styled cause be held in trust for the benefit of the Beneficiary pursuant to Section 142.005 of the Texas Property Code, until the Beneficiary reachs twenty-five (25) years of age. Moreover, it is the opinion of the Applicant that such a large sum of money should be invested and managed by a corporate trustee, which is in the business of managing large sums of money, rather than allowing such sum to remain in the registry of the Court.

III.

The Applicant has requested that RAYMOND JAMES TRUST, N.A. act as trustee of the trusts in the event this Court agrees that such trust should be created. The Applicant understands that RAYMOND JAMES TRUST, N.A. has agreed to act as trustee. RAYMOND JAMES TRUST, N.A. is a financial institution having trust powers, existing, and doing business in the State of Texas and is therefore qualified to serve as trustee.

IV.

The Applicant and RAYMOND JAMES TRUST N.A. have agreed upon the terms of such a trust. The proposed Trust Agreement is attached as Exhibit "A" to the order establishing THE Trust for the Benefit of B.C., under Section 142.005 of the Texas Property Code.

V.

Applicant would further show the Court that it has been necessary to secure the services of Pi-Yi Mayo, Attorney at Law, a Board Certified Elder Law Attorney to assist in the preparation of the trust, the subject of this application. The Applicant requests that the Court order that Pi-Yi Mayo, Attorney at Law, be awarded the sum of $2,000.00 plus travel expenses as attorney's fees in this matter for the legal services rendered on behalf of B.C., which fees should be paid from the Trust.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Honorable Court create a trust for the benefit of the Beneficiary pursuant to the terms and provisions of the Trust Agreement filed with this Application and with Section 142.005 of the Texas Property Code, and that RAYMOND JAMES TRUST N.A. be appointed the trustee of such trust, and that approval be given for the payment from such trust of reasonable fees to RAYMOND JAMES TRUST N.A. for its services as trustee pursuant to the terms of the Trust Agreement which accompany this Application. Applicant prays for such other and further relief to which the Applicant may be justly entitled.

Respectfully Submitted,

VILANDOS LAW FIRM, P.C.

By: _____
　　MARILYN VILANDOS
　　State Bar No. 24034689
　　7660 Woodway Dr., Ste 304
　　Houston, Texas 77063
　　713.255.9990-Telephone
　　marilyn@vilandoslaw.com

GUARDIAN AD LITEM FOR
B.C. a Minor

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, first class mail, facsimile or hand delivery on this the 4th day of January , 2018.

MARILYN VILANDOS

Unofficial Copy Office of Chris Daniel District Clerk

N:\ASSIST\SUPNEED.TRS-rECOVERED 1-11-12\Carlisle, Blake 01-02-18\Motion Draft 2.wpd

3

**A.26**

CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT |
| S.V. & T.V., Minors, | § | |
| *Plaintiffs,* | § | |
| | § | **F I L E D** |
| AND | § | Chris Daniel |
| | § | District Clerk |
| MARISA A. AMBRIZ, as NEXT FRIEND | § | JAN 0 9 2018 |
| OF B.C., a Minor, et al. | § | Time _____ |
| *Intervenor,* | § | Harris County, Texas |
| | § | By _____ |
| | § | Deputy |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEICHMAN GROUP, LLC, T & T MARINE, INC., & | § | |
| EXPRESS PROFESSIONAL SERVICES, INC., | § | |
| LIGHTERING LLC f/k/a OSG Lightering, LLC, | § | |
| CHERAMIE MARINE, LLC | § | |
| *Defendants.* | § | 164th JUDICIAL DISTRICT |

## ~~AGREED~~ JUDGMENT BETWEEN INTERVENOR B.C. AND TEICHMAN GROUP, LLC AND T&T MARINE, INC.

On this date, the Court conducted a hearing regarding the proposed minor settlement

for **Intervenor B.C., through Next Friend Marisa A. Ambriz,** and the following parties appeared

before the Court:

*Intervenor*: the Minor, B.C., through Next Friend Marisa A. Ambriz; and

*Defendants*: Teichman Group, LLC, and T&T Marine, Inc.

The Court previously appointed Guardian Ad Litem, Marilyn Vilandos, a member in good

standing with the State Bar of Texas, to represent the interest of the minor, **B.C.**

**The Court previously ordered the establishment of a trust for the benefit of the minor,**

**B.C., under Section 142.005 of the Texas Property Code. It is called "The B.C. 142 Trust." The**

**Trustee is Raymond James Trust, N.A., 880 Carillon Parkway, St. Petersburg, Florida 33716.**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

The parties to this judgment announced that they have reached an agreement as to the disposition of this case and that all claims and causes of action which have been asserted or which could have been asserted by **Intervenor B.C. against Defendants Teichman Group, LLC and T&T Marine, Inc.** have been compromised and settled, subject to the approval of the Court, and requested that the Court approve the minor settlement. The parties waive a trial by jury pending Court approval of this minor settlement and submit all matters, both of fact and law, to the Court without the intervention of a jury.

The Court is of the opinion and finds that the Confidential Mediation Settlement Agreement to compromise and settle all claims, demands, and causes of action by and between them is reasonable, fair, just, and in the best interest of the minor, and that the parties to this judgment are fully informed with respect to the facts of liability and the nature of the alleged claims and damages and have agreed to settle this case knowingly and voluntarily. It is further understood that the parties to this judgment agree to waive any and all rights to appeal this judgment having agreed to the terms of the Confidential Mediation Settlement Agreement, the disposition of this case, and this judgment.

After considering the evidence presented at the hearing, including consideration of the particulars of the proposed settlement for the minor and the nature of the allegations and defenses in this case, as well as receiving the recommendation of the Court-appointed guardian ad litem, the Court **APPROVES** the minor settlement, the Confidential Mediation Settlement Agreement and the amounts agreed to be paid under same. It is therefore

**ORDERED** that the Confidential Mediation Settlement Agreement between Intervenor B.C., through Next Friend Marisa A. Ambriz, and Defendants Teichman Group, LLC and T&T

502827.1            2

Marine, Inc. is **APPROVED** and that said defendants shall make the payments to the minor in the manner as set forth in the Confidential Mediation Settlement Agreement.

ORDERED that Marilyn Vilandos, as guardian ad litem of **B.C.** shall be paid the total sum of $ 14,000.00 for all services rendered on behalf of **B.C.**, which is to be paid by ~~plaintiff~~ *defendants'* counsel. ~~and upon payment shall be discharged from this rule. The Court finds that the Guardian Ad Litem has performed all duties reasonably expected of the Guardian Ad Litem; and shall order the Guardian Ad Litem discharged from further service.~~

ORDERED that costs of court shall be taxed against the party incurring the same.

ORDERED that Defendants Teichman Group, LLC and T&T Marine, Inc. are dismissed from this lawsuit with prejudice in exchange for the payments set forth in the Confidential Mediation Settlement Agreement. The judgment will be fully discharged when all sums required to be paid are actually deposited into accounts as set forth in the Confidential Mediation Settlement Agreement; and no execution shall issue after such deposit of the full amount required to be deposited.

ORDERED that this judgment disposes of all claims asserted by Intervenor B.C. against Defendants Teichman Group, LLC and T&T Marine, Inc. and any other relief requested by intervenor which has not been granted by this judgment is denied. All relief requested and not herein granted is expressly denied. This judgment finally disposes of all claims and all parties and is appealable.

SIGNED this 9 day of January , 2018.

HONORABLE ALEXANDRA SMOOTS-THOMAS

**A.27**

CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT OF THE |
| S.V & T.V., Minors, | § | |
| | § | |
| vs. | § | 164th JUDICIAL DISTRICT |
| | § | |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | |
| INC., & EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. | § | HARRIS COUNTY, TEXAS |

### LIGHTERING LLC'S MOTION TO STRIKE PETITION IN INTERVENTION AND, SUBJECT THERETO, ANSWER TO PETITION IN INTERVENTION

Defendant Lightering LLC (formerly known as OSG Lightering, LLC) ("Lightering"), files this Motion to Strike the Petition in Intervention filed by Intervenors Brhian Mathieu, Bruce Harris, and Joshua Powell ("Intervenors"), and subject therefore, Answer to the Petition in Intervention. Lightering submits that the Petition in Intervention should be struck in its entirety because:

- Intervenors, who are asserting Jones Act and US general maritime law causes of action for alleged injuries they claim to have sustained as a result of being in the vicinity of the accident at issue, do not meet the requirements of Texas Rule of Civil Procedure 60 because they do not have a justiciable interest in this action; and,

- Intervenors cannot establish Harris County is a proper venue for their claims under the Texas venue statute applicable to Jones Act claims.

In further support of the foregoing, Lightering would respectfully show as follows:

### I.    LIGHTERING'S MOTION TO STRIKE

1.    This lawsuit concerns a fatal accident that occurred on September 20, 2017, at T&T Offshore's facility located on Pelican Island in Galveston, Texas. On that day, a T&T employee was operating a T&T crane in order to load equipment onto an offshore supply vessel, the *Elliott Cheramie*, which is owned by Defendant Cheramie Marine, LLC and was then docked at T&T's facility. It is believed that due to the T&T employee's failure to deploy the crane's outriggers,

shortly after the crane operator began swinging the boom back toward the waiting equipment, the boom's weight pulled the crane over onto its side.  As a result, the boom fell and struck two individuals, Tai Chi Vong, the Plaintiff's Decedent, and Blake Carlisle, who were standing on the T&T dock, killing them instantly.

2.      Plaintiff, who asserts that she is the surviving spouse of Decedent Vong and the mother of their two minor children, filed the present lawsuit on September 22, 2017, for wrongful death and survival causes of action.  Two of the defendants Plaintiff sued – T&T Marine, Inc. and Teichman Group, LLC – have reached a settlement agreement with Plaintiff that is pending Court approval.  Lightering has a pending Motion to Transfer Venue to Montgomery County, Texas,[1] while Express Professional Services, Inc. has now filed a motion for summary judgment on its improper party defense.[2]  Cheramie Marine, the most recently added defendant, has been served but has not yet appeared.

3.      On December 20, 2017, Intervenors, who were crewmembers serving on the *Elliott Cheramie* at the time of the accident at issue, filed their Petition in Intervention against Lightering, Cheramie Marine, and Express Professional Services; they did not name any T&T entities as defendants.[3]  Intervenors allege their claims are "maintained under the Jones Act (46 U.S.C. § 30104) and general maritime laws of the United States."  Intervenors, who are alleging that they were somehow injured as a result of the accident at issue, have asserted causes of action for Jones

---

[1] *See* Lightering's Motion to Transfer Venue and, subject thereto, Answer to the First Amended Petition of Plaintiff Kao Lee Yang, individually, and on behalf of her minor children, S.V. and T.V., on file with this Honorable Court (originally filed on November 6, 2017).

[2] *See* Express Professional Services' Motion for Summary Judgment, on file with this Honorable Court (filed January 15, 2018).

[3] *See* Petition in Intervention, on file with this Honorable Court, at ¶¶ 3.2, 3.3 and 3.4.

Act negligence, unseaworthiness, and maintenance and cure benefits against all three defendants named in their Petition in Intervention.[4]

**A. Intervenors do not meet the requirements of TRCP 60.**

4.      Under Texas Rule of Civil Procedure 60, "[a] person can intervene [in an ongoing lawsuit] if he could have brought the same action on his own." *In re Shifflet*, 462 S.W.3d 528, 536 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990)).  If an intervenor could not have brought the same action as the plaintiffs, the claims in intervention fail the justiciability requirement.  These requirements "protect[] pending cases from having interlopers disrupt the proceedings." *In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008) (describing the "justiciable interest" requirement under Tex. R. Civ. P. 60).  "If a party files a motion to strike, the burden shifts to the intervenor to show a justiciable interest in the lawsuit." *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 247 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also* Tex. R. Civ. P. 87(2)(a).[5]  That burden can only be overcome when the intervention will not complicate the case by an excessive multiplication of the issues, and the intervention is almost essential to effectively protect the intervenor's interest. *T.C.M.A. Trucking, Inc. v. Cisneros*, No. 14-13-00988-CV, 2015 WL 5092434, at *2 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, no pet.).

5.      Lightering submits that Intervenors' presence in this action will disrupt the proceedings, complicate the case by an excessive multiplication of the issues, and is in no way essential to effectively protect Intervenors' interests.  For example, while the underlying event in

---

[4] *See* Petition in Intervention at ¶¶ 7.1 through 7.7.

[5] Pursuant to Tex. R. Civ. P. 86, Lightering maintains its objection to the venue of this suit, and as discussed herein in further detail, Lightering specifically denies that Harris County is the proper venue for Intervenors' claims.

both sets of claims is the same – the collapse of T&T's crane – the causes of action, burdens of proof, and potentially recoverable damages are completely different.   Plaintiff is asserting wrongful death and survival causes of action on behalf of herself, her minor children, and the estate of Decedent Vong, and appears to be doing so under Texas law.[6]   In contrast, the Intervenors are pursuing claims under the federal Jones Act and US general maritime law for Jones Act negligence, unseaworthiness, and maintenance and cure.[7]   These claims have unique standing requirements,[8] elements, burdens of proof, and evidentiary issues which are not present in the Plaintiff's case. Including them alongside Plaintiff's claims has the potential to cause considerable confusion and excessive multiplication of the issues.   Finally, there is nothing preventing Intervenors from pursuing their claims in an independent and separate lawsuit, and thus they cannot show why their presence in Plaintiff's ongoing lawsuit is essential to protect their interests.

---

[6] *See* Plaintiff's Second Amended Petition, on file with this Honorable Court, at p. 3, section III.

[7] *See* Petition in Intervention at ¶ 4.1 and ¶¶ 7.1 through 7.7.

[8] A seaman has a Jones Act negligence claim only against his or her employer. *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783,790 (1949); *Becker v. Tidewater, Inc.*, 335 F.3d 376, 387 (5th Cir. 2003).  A Jones Act seaman may also sue the owner of any vessel on which he is working for a breach of the warranty of seaworthiness, regardless of whether the vessel is owned by his employer. *Becker*, 335 F.3d at 387; *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960). Maintenance and cure is a seaman's right under general maritime law to receive a "per diem living allowance for food and lodging [maintenance] and . . . payment for medical, therapeutic and hospital expenses [cure] . . . A shipowner must pay maintenance and cure to any seaman who "becomes ill or suffers an injury while in the service of a vessel", regardless of whether either party was negligent. *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1011–12 (5th Cir. 1994). As such, Lightering submits that as a matter of law, it cannot be liable for any of Intervenors' asserted causes of action because Lightering did not employ Intervenors and did not own the *Elliott Cheramie*.  The same would appear to be true for defendant Express Professional Services. *See* Express' Motion for Summary Judgment filed January 15, 2018.

4

**B. Intervenors cannot establish Harris County is a proper venue for their claims.**

6.      In addition to having to satisfy the requirements of Texas Rule of Civil Procedure 60, an intervening plaintiff must, independently of every other plaintiff, establish proper venue. Tex. Civ. Prac. & Rem. Code § 15.003.  Section 15.003 states in relevant part as follows:

> (a) In a suit in which there is more than one plaintiff, whether the plaintiffs are included by joinder, by intervention, because the lawsuit was begun by more than one plaintiff, or otherwise, each plaintiff must, independently of every other plaintiff, establish proper venue. If a plaintiff cannot independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed, as is appropriate, unless that plaintiff, independently of every other plaintiff, establishes that:
>
> (1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;
>
> (2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;
>
> (3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and
>
> (4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.

Tex. Civ. Prac. & Rem. Code Ann. § 15.003 (West).

7.      In their Petition, Intervenors assert that "[v]enue is proper in Harris County, Texas, under Tex. Civ. Prac. & Rem. Code § 15.0181(c)."[9]  Section 15.0181(c) states in relevant part as follows:

> (b) This section applies only to suits brought under the Jones Act (46 U.S.C. Section 30104).
>
> (c) Except as provided by this section, a suit brought under the Jones Act shall be brought:

---

[9] *See* Petition in Intervention at ¶ 4.3.

> (1) in the county where the defendant's principal office in this state is located;
>
> (2) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or
>
> (3) in the county where the plaintiff resided at the time the cause of action accrued.
>
> (d) If all or a substantial part of the events or omissions giving rise to the claim occurred on the inland waters of this state, ashore in this state, or during the course of an erosion response project in this state, the suit shall be brought:
>
> > (1) in the county in which all or a substantial part of the events giving rise to the claim occurred; or
> >
> > (2) in the county where the defendant's principal office in this state is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181 (West). Section 15.0181(e) is a mandatory venue statute enforceable by mandamus. *In re DLS, L.L.C.*, 495 S.W.3d 313, 314 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

8.     There is no dispute that Intervenors have asserted claims pursuant to the Jones Act, nor is there any dispute that the accident at issue occurred on the inland waters of this state and/or ashore in this state. Thus, subsection (d) of Section 15.0181 controls, meaning that the only proper venue for Intervenors' action is either: (i) the county in which all or a substantial part of the events giving rise to the claim occurred; or, (ii) the county where the defendant's principal office in this state is located. Harris County is neither. As Intervenors admit in their Petition, the accident at issue occurred in Galveston, Texas, which is not in Harris County. Intervenors assert that Defendant Cheramie Marine is a Louisiana company that does not maintain a regular place of business in Texas and that Lightering has its principal place of business in Montgomery County,

6

Texas.[10]   The only remaining defendant named in the Petition in Intervention is Express Professional Services, Inc.[11] While Express Professional Services may be located in Harris County, it is an improperly named defendant with no apparent connection whatsoever to this matter.[12]  As such, its presence in Harris County cannot be used by Intervenors for purposes of satisfying venue requirements. *See, e.g., ACF Indus., Inc. v. Carter*, 903 S.W.2d 423, 424 (Tex. App.—Texarkana 1995, writ dism'd by agr.); and, *Acker v. Denton Pub. Co.*, 937 S.W.2d 111, 117 (Tex. App.—Fort Worth 1996, no writ).

### C.  Conclusion and Prayer

9.      For the foregoing reasons, Lightering prays that the Court strike the Petition in Intervention in its entirety and grant Lightering such other and further relief, at law and in equity, to which it may be justly entitled.

## II.      LIGHTERING'S ORIGINAL ANSWER

SUBJECT TO THE FOREGOING MOTION TO STRIKE, Lightering files its Original Answer to the Petition in Intervention and respectfully asks that the Intervenors take nothing by way of their lawsuit, and in this regard would respectfully show unto this Honorable Court the following:

---

[10] *See* Petition in Intervention at ¶¶ 3.2 and 3.4.  Lightering is a limited liability company organized under the laws of the Republic of Liberia.  Its principal office in Texas is located at 10001 Woodloch Forest Drive, #325, The Woodlands, Texas 77380, which is in Montgomery County.
[11] *See* Petition in Intervention at ¶ 3.3.
[12] *See* Express' Motion for Summary Judgment filed January 15, 2018.  *Also see* Exhibit A hereto, which is a copy of the Staffing Agreement Lightering had with non-party Express Services, Inc. Express Services, Inc. is believed to be headquartered in Oklahoma and is represented by Bradley K. Donnell, McAfee & Taft, Tenth Floor, Two Leadership Square, 211 N. Robinson, Oklahoma City, OK 73102-7103, (405) 552-2308.

## GENERAL DENIAL

1.      Lightering generally denies Intervenors' allegations under Rule 92 of the Texas Rules of Civil Procedure and demands that Intervenor prove their allegations by a preponderance of the credible evidence as is required by the Constitution and laws of the State of Texas.

## AFFIRMATIVE DEFENSES

2.      Without waiving any other defenses, Intervenors have failed to state a cause of action upon which relief can be granted against Lightering.

3.      Without waiving any other defenses, the damages allegedly sustained by Intervenors were proximately caused or contributed to by the acts or omissions of third parties for whom Lightering is not responsible.  Such acts were the sole proximate cause, producing cause, new and independent intervening cause, and/or superseding cause of the alleged injuries claimed by Intervenors.

4.      Without waiving any other defenses, Intervenors' alleged damages, if any, resulted from an intervening or superseding or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Intervenor. Such separate and independent events or agencies destroyed a causal connection, if any, between any alleged breach of any alleged legal duty on the part of Lightering and any injuries alleged by Intervenors, and thereby became the immediate and/or sole cause and/or proximate cause of the occurrences and/or alleged injuries, relieving Lightering of liability to Intervenors.

5.      Without waiving any other defenses, Lightering invokes the defenses and limitations of contribution and proportionate responsibility of plaintiff, defendants, settling parties and responsible third parties.  The term "responsible third party" means any person who caused or contributed to cause in any way the harm for which recovery of damages is sought.

6.      Without waiving any other defenses, the illnesses, injuries, and/or damages allegedly suffered by Intervenors were caused or contributed to, in whole or in part, by an unavoidable accident, Act of God, and/or conditions of wind, weather, or other inevitable hazard and/or inscrutable fault.

7.      Without waiving any other defenses, Lightering would show that if it is found liable to Intervenors in any amount, it is entitled to a credit or set-off for any and all sums Intervenors have received in the way of any and all settlements. In the alternative, Lightering asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or plaintiff.

8.      Without waiving any other defenses, in addition to any other limitation under law, recovery of medical expenses is limited to the amount actually paid or incurred by or on behalf of Intervenors.

9.      Without waiving any other defenses, to the extent Intervenors seek recovery for loss of earnings, loss of earning capacity or other pecuniary losses, they must present evidence of such damages in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to state or federal law.

10.     Without waiving any other defenses, Intervenors are not entitled to punitive and/or exemplary damages as a matter of law, and Lightering invokes and relies upon any and all rights it has regarding claims for such damages, as well as any and all limitations applicable to claims for such damages.

11.     Without waiving any other defenses, Lightering expressly reserves the right to amend and/or supplement these affirmative defenses.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Lightering prays that it has judgment on its behalf, together with all costs, and that Lightering has such other and further relief, both special and general, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**BLANK ROME LLP**

*/s/ David G. Meyer*
Michael K. Bell
State Bar No. 02081200
David G. Meyer
State Bar No. 24052106
Emery Gullickson Richards
State Bar. No. 24093038
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone:  (713) 228-6601
Fax:  (713) 228-6605
Email: mbell@blankrome.com
Email: dmeyer@blankrome.com
Email: erichards@blankrome.com
***ATTORNEYS FOR LIGHTERING LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all known counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure on this 16th day of January, 2017, as follows:

Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
*Attorneys for Plaintiff*

Scott R. Davis
Guillaume Buell
HICKS DAVIS WYNN, P.C.
3700 Buffalo Speedway, Suite 520
Houston, Texas 77098
*Attorneys for Defendant Express Professional Services, Inc.*

Francis I. Spagnoletti
Marcus R. Spagnoletti
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
*Attorneys for Intervenors*

*/s/ David G. Meyer*
David G. Meyer

11

**A.28**

# EXHIBIT A



*Staffing Agreement*

At Express Services, Inc. (Express) dba Express Employment Professionals (referred to as "Express", "We" or "Our"), we make it easy for you to do business with us. The first step to establishing a successful staffing relationship is to ensure a clear understanding of each party's responsibilities. We appreciate your business and look forward to the opportunity to support you with outstanding professional employment services in consideration of your agreement to the following terms and conditions:

1. We hire associates as Express employees, and provide all wages, taxes, withholding, workers' compensation, and unemployment insurance. Medical benefits and vacation pay are also available to associates who qualify. We recruit and assign associates to you to perform the job duties you specify. You agree to notify us if those duties or the workplace of an associate changes.

2. Express complies with all Federal, State, and Local employment laws and regulations. You agree to provide our associates with a safe, suitable workplace and equipment, and to comply with all applicable federal, state, and local employment laws including appropriate workplace-specific safety and health training that adequately addresses potential hazards at your worksite. You agree to indemnify and hold Express harmless from claims or damages resulting from your non-compliance with applicable laws and regulations. Express pays associates promptly, based on information approved by you. You agree to pay the charges based on the time card or other mutually acceptable recording method by the invoice due date.

3. A monthly service charge of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. We are entitled to reasonable collection fees, attorney fees, and other expenses incurred to collect all charges on your account(s). Bill rates are subject to change with appropriate notice.

4. It is our goal that associates perform their jobs to your satisfaction; however, if you are not satisfied with an Express associate for any reason within the first 48 hours of the assignment, you will not be charged for the first four (4) hours of the associate's work and a replacement will be provided.

5. We provide insurance to cover Express associates for Workers' Compensation, Commercial General Liability, Employers Liability, Fidelity Bond, Errors and Omissions, and Hired/Non-Owned Automobile coverage in an amount not less than $1,000,000 per occurrence. You agree to maintain liability insurance for any motor vehicle, forklift, or other motorized mobile equipment operated by an Express associate, and agree to waive all rights of recovery against Express as the employer of the Express associate.

6. You agree that you will not request or allow our associates to offer professional opinions concerning any financial audits, certifications or financial statements, SEC filings or provide management consulting or financial advice. Nor will our associates be permitted sign-off authority for architectural or engineering projects or construction or other cost estimates. All services performed by our associates shall be under your direction, supervision and control and you shall be responsible for ensuring that the services meet your requirements and agree that we are not responsible for the accuracy and correctness of the resulting work product.

7. If our associates have access to unattended premises or the care, custody, or control of cash, checks, credit card numbers, ATM bank cards, negotiables, confidential information, trade secrets, or other valuable property, then you agree to indemnify and hold us harmless from any resulting loss or damage.

8. Express will provide associates for positions where operating a motor vehicle, forklift, or other motorized equipment is required, if notified in writing prior to an assignment. We must know in advance, so we can assign associates who are qualified to meet your specifications. During an assignment, if our associate operates a motor vehicle, forklift, or any other motorized equipment, you agree to indemnify and hold us harmless for bodily injury, property damage, collision, or public liability claims, regardless of fault.

9. You supervise, direct, and control the work performed by Express associates, and assume responsibility for all operational results, including losses or damage to property or data in the care, custody, or control of an Express associate. You agree to indemnify and hold us harmless from any claims or damages that may be caused by your negligence or misconduct, and agree on behalf of *your* insurer(s) to waive all rights of recovery (subrogation) against *us.*

10. We offer an evaluation hire program designed to provide you with associates on a trial basis prior to converting them to your payroll. To take advantage of our evaluation hire program, you agree to negotiate a pre-determined trial period or fee prior to an associate's assignment to you.

11. Express allows you to hire associates already assigned to you if your invoices are current and you agree to pay ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to convert an Express associate to your payroll ▮▮▮▮▮▮▮▮▮▮▮

12. You agree, for a period of 180 days from the date of introduction or last date on assignment, whichever is later, not to hire directly or use Express associates through another staffing firm without paying ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, unless otherwise agreed to by us in writing.

13. Express will, at your written request, conduct criminal history checks and drug screens as permitted by state law. The costs vary depending upon the specific test or report ordered and the charges will be agreed upon prior to ordering the tests and/or reports.

*Thank you for your business. We look forward to a mutually beneficial relationship.*

Company: OSG LIGHTENING                                    Date  1/6/17

Agent's Name (please print)  CAMERON KIEHN     Title  DIRECTOR

Agent's Signature

© 2013 Express Services Inc. All rights reserved.                                    AT93 (02/13)

**A.29**

## CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo,<br>S.V & T.V., Minors, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | HARRIS COUNTY, TEXAS |
| TEICHMAN GROUP, LLC, T&T MARINE,<br>INC., & EXPRESS PROFESSIONAL<br>SERVICES, INC. | §<br>§<br>§<br>§ | 164TH JUDICIAL DISTRICT |

## **<u>PROPOSED ORDER</u>**

On this day, came on to be heard Defendant Lightering LLC's Motion to Strike the Petition in Intervention filed by Intervenors Brhian Mathieu, Bruce Harris, and Joshua Powell and the Court, having reviewed all pleadings on file, is of the opinion that the Motion is meritorious and should be granted.

It is therefore, ORDERED, ADJUDGED and DECREED, that the Petition in Intervention filed by Intervenors Brhian Mathieu, Bruce Harris, and Joshua Powell is dismissed in its entirety. Costs are to be borne by the parties incurring same.

SIGNED this _____ day of _____, 2018.

_____
JUDGE PRESIDING

**A.30**

1/15/2018 6:50 PM
Chris Daniel - District Clerk Harris County
Envelope No. 21835566
By: CHANDA WILLIAMS
Filed: 1/16/2018 12:00 AM

**CAUSE NO. 2017-62979**

| | | |
|---|---|---|
| KAO LEE YANG, INDIVIDUALLY AND OBO S.V. AND T.V., MINORS, | § § § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § § | |
| vs. | § § | |
| | § | **HARRIS COUNTY, TEXAS** |
| TEICHMAN GROUP, LLC, T&T MARINE, INC., EXPRESS PROFESSIONAL SERVICES, INC., AND OSG LIGHTERING, LLC, | § § § § § | |
| **Defendants.** | § | **164TH JUDICIAL DISTRICT** |

### DEFENDANT EXPRESS PROFESSIONAL SERVICES, INC.'S
### MOTION FOR SUMMARY JUDGMENT

Defendant Express Professional Services, Inc. ("EPS") files this traditional motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a(b), respectfully showing:

### I.
### SUMMARY OF MOTION

This is a wrongful death case against multiple defendants. Plaintiff alleges that EPS employed the decedent at a marine facility in Galveston, Texas, but Plaintiff has sued the wrong company. The summary judgment evidence establishes that:

- EPS never employed the decedent,

- EPS has never worked at the T&T Marine facility, and

- EPS has never worked in Galveston.

Instead, EPS is a small janitorial company that works for health fitness centers and movie theaters in Harris and Fort Bend counties. EPS unfortunately has a name that is apparently similar to the company that employed the decedent, "Express Service, Inc." The misidentification and wrongful joinder of EPS has been brought to Plaintiff's counsel's attention by EPS and at least

one other defendant.  Plaintiff has since filed amended pleadings against EPS and failed to nonsuit EPS. Accordingly, EPS now files this motion for summary judgment.

## II.
### SUMMARY JUDGMENT EVIDENCE

The following evidence is attached and incorporated in this motion:

**Exhibit 1:**     Affidavit of Daniel Nino

## III.
### FACTUAL BACKGROUND

Attached as Exhibit 1 to this motion is the Affidavit of Daniel Nino, the sole shareholder and registered agent for EPS. Mr. Nino confirms that EPS has *never* employed the decedent, never worked at the T&T marine facility, and never worked in Galveston. Ex. 1. EPS is a small company that provides janitorial services and employs only two people. Ex. 1. EPS has never employed anyone other than Mr. Nino and his brother. Ex. 1.

Counsel for EPS informed Plaintiff that it was not the correct party within days of EPS being served with citation. Plaintiff's counsel requested an affidavit confirming same, and on October 30, 2017, EPS provided Plaintiff's counsel with the affidavit.

One week later, on November 6, 2017, co-defendant Lightering LLC filed a motion to transfer venue.[1] Lightering's motion confirms that EPS is the wrong party, admitting that the decedent was working for Lightering through a staffing agency named "Express Services, Inc." Two days later, on November 8, 2017, EPS's counsel requested the status of dismissing the claims against EPS.  No dismissal occurred.

---

[1] *See* Lightering LLC's *Motion to Transfer Venue and, Subject Thereto, Answer to Plaintiff's First Amended Petition* (Nov. 6, 2017) (Envelope No. 20520584). The Court may take judicial notice of this filing.

## IV.
### TRADITIONAL MOTION FOR SUMMARY JUDGMENT

Plaintiff has sued the wrong party. EPS has nothing to do with this case and accordingly the negligence claims against it should be dismissed.

### A.    Legal Standards

A party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.[2] A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish the element of an affirmative defense.[3]

It is axiomatic that there can be no cause of action for negligence against a defendant that owed no legal duty to the plaintiff.[4] The existence of a duty is a question of law for the court to decide from the particular facts of the case.[5]

### B.    Argument

Plaintiff alleges negligence and gross negligence against all defendants, and alleges that EPS employed the decedent.[6] The existence of a duty is a question of law for the court to decide from the particular facts of the case.[7] The Court must dismiss Plaintiff's claims against EPS because EPS owes no duty to Plaintiff. EPS never employed the decedent and never worked in Galveston. EPS was not involved in, and has no personal knowledge of, any of the alleged facts

---

[2] Tex. R. Civ. P. 166a.

[3] *Henderson* v. *CC-Parque View, LLC*, 2017 WL 2178882, at \*2 (Tex.App.—Houston [1st. Dist.] 2017, no pet. h.)

[4] *See, e.g.*, *A.H. Belo Corp.* v. *Corcoran*, 52 S.W.3d 375, 382-83 (Tex.App.—Houston [1st Dist.] 2001, pet. denied).

[5] *Henderson*, 2017 WL 2178882, at \*3.

[6] Second Amended Petition at 1, 4-5.

[7] *Henderson*, 2017 WL 2178882, at \*3.

that give rise to this case. Given these undisputed facts, EPS owed no duty to Plaintiff, and there is no basis for Plaintiff's negligence and gross negligence claims against EPS.[8]

## IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Express Professional Services, Inc. prays that the Court grant its traditional motion for summary judgment and dismiss Plaintiff's claims of negligence and gross negligence against EPS with prejudice; that Plaintiff take nothing by reason of its suit against EPS; and for such other and further relief, both at law and equity, to which Defendant EPS may be justly entitled.

Respectfully submitted,

HICKS DAVIS WYNN, P.C.

By: __/s/ Guillaume Buell_____
    **Scott R. Davis**
    State Bar No. 24059660
    sdavis@hdwlegal.com
    **Guillaume Buell**
    State Bar No. 24081813
    3700 Buffalo Speedway, Suite 520
    Houston, Texas  77098
    Telephone:  (713) 589-2240
    Facsimile:  (713) 277-7220

**COUNSEL FOR DEFENDANT EXPRESS PROFESSIONAL SERVICES, INC.**

---

[8] *E.g.*, *Henderson*, 2017 WL 2178882, at *3, 6 (affirming grant of traditional summary judgment on negligence claim where no duty existed).

## CERTIFICATE OF SERVICE

I certify that on January 15, 2018 a true and correct copy of the foregoing instrument has been served on all known counsel of record in accordance with the Texas Rules of Civil Procedure.

_/s/ Guillaume Buell_
Guillaume Buell

# A.31

EXHIBIT 1

## Affidavit of Daniel Nino

BEFORE ME, the undersigned authority, on this day personally appeared Daniel Nino, and after being duly sworn, deposed and stated as follows:

1. My name is Daniel Nino.   I am of sound mind, over the age of twenty-one, capable of making this affidavit, and personally acquainted with the facts stated in this affidavit. All facts stated in this affidavit are true and correct.

2. I am the sole shareholder and registered agent for Express Professional Services, Inc. – a Texas corporation ("EPS").  In this position, I have management responsibility for, and am familiar with, EPS's operations throughout Texas.   EPS is a janitorial service provider.

3. EPS has only two employees, myself and my brother, Mr. Alvao Nino, Jr.  EPS has never employed any other person in the State of Texas as either a contractor or employee.  The only work in Texas that EPS has done is interior janitorial work for health fitness centers and movie theaters located in Harris and Fort Bend Counties.

4. Neither EPS nor any of its employees have worked on any jobsite, or performed any service, in Galveston, Texas, or at any T&T Marine facility.  EPS has never employed, and is not familiar with, Mr. Blake Carlisle or Mr. Chi Vong.

5. EPS was not involved in, and has no personal knowledge of, any of the alleged facts giving rise to the lawsuits styled: (1) *Kao Lee Yang v. Teichman Group, LLC, et al*; Cause No. 2017-62979, in the 164th Dist. Court of Harris County, Texas; and (2) *Marcus Wilson v. Teichman Group, LLC, et al*; Cause No. 2017-65533, in the 190th Dist. Court of Harris County, Texas.

_____

Daniel Nino

SUBSCRIBED AND SWORN TO BEFORE ME, this the ⟨27⟩ day of October, 2017, to certify which witness my hand and seal of office.



JEANNA MORGAN
My Commission Expires
July 8, 2018

_____
Notary Public in and for
The State of Texas

My Commission Expires: ⟨JULY 8, 2018⟩

**A.32**

CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, INDIVIDUALLY AND OBO S.V. AND T.V., MINORS, | § § § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § § | |
| vs. | § § | |
| | § | HARRIS COUNTY, TEXAS |
| TEICHMAN GROUP, LLC, T&T MARINE, INC., EXPRESS PROFESSIONAL SERVICES, INC., AND OSG LIGHTERING, LLC, | § § § § | |
| | § § | |
| **Defendants.** | § | 164TH JUDICIAL DISTRICT |

**ORDER GRANTING DEFENDANT EXPRESS PROFESSIONAL SERVICES, INC.'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT**

On this day, the Court considered Defendant Express Professional Services, Inc.'s Traditional Motion for Summary Judgment (the "Motion"). After considering the Motion, the responses on file, and the argument of counsel, the Court finds that the Motion is meritorious and is GRANTED. The Court therefore ORDERS as follows:

Judgment is entered against Plaintiff on all claims against Express Professional Services, Inc. and Plaintiff's claims against Express Professional Services, Inc. are dismissed with prejudice.

_____
Judge Presiding

Date:_____

1

**A.33**

CAUSE NO. 2017-62979

| | | |
|---|---|---|
| **KAO LEE YANG, INDIVIDUALLY AND** | § | **IN THE DISTRICT COURT OF** |
| **OBO S.V. AND T.V., MINORS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **TEICHMAN GROUP, LLC, T&T** | § | |
| **MARINE, INC., EXPRESS** | § | |
| **PROFESSIONAL SERVICES, INC., AND** | § | |
| **OSG LIGHTERING, LLC,** | § | |
| | § | |
| **Defendants.** | § | **164TH JUDICIAL DISTRICT** |

**ORDER GRANTING DEFENDANT EXPRESS PROFESSIONAL SERVICES, INC.'S**
**TRADITIONAL MOTION FOR SUMMARY JUDGMENT**

On this day, the Court considered Defendant Express Professional Services, Inc.'s Traditional Motion for Summary Judgment (the "Motion"). After considering the Motion, the responses on file, and the argument of counsel, the Court finds that the Motion is meritorious and is GRANTED. The Court therefore ORDERS as follows:

Judgment is entered against Plaintiff on all claims against Express Professional Services, Inc. and Plaintiff's claims against Express Professional Services, Inc. are dismissed with prejudice.

<br>

_____
Judge Presiding

Date:_____

1

**A.34**

# THE BUZBEE LAW FIRM

*www.txattorneys.com*

January 16, 2018

<u>***Via Facsimile: (713) 228-6605***</u>
Michael K. Bell
David G. Meyer
BLANK ROME, LLP
717 Texas Avenue, Suite 1400
Houston, TX 77002

<u>***Via Facsimile: (713) 277-7220***</u>
Scott R. Davis
HICKS DAVIS WYNN P.C.
3700 Buffalo Speedway, Suite 520
Houston, TX 77098

Re:   Cause No. 2017-62979; *Kao Lee Yang, et al vs Teichman Group, LLC et al*; In the 164th Judicial District Court Harris County, Texas.

Counsel:

In connection with the above-referenced cause of action, attached please find the following:

- ***Plaintiff's Notice of Non-Suit without Prejudice.***

If you have any questions or comments concerning this matter, please do not hesitate to contact this office.

Sincerely,

*/s/ Jessica Salto*

Jessica Salto
Legal Assistant to Christopher J. Leavitt

CJL/js
Enclosures

J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**CAUSE NO. 2017-62979**

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT OF |
| S.V. & T.V., Minors | § | |
| *Plaintiff,* | § | |
| | § | 164th JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | HARRIS COUNTY, TEXAS |
| INC., & EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S NOTICE OF NON-SUIT WITHOUT PREJUDICE

Plaintiff hereby non-suits Defendant Express Professional Services, Inc. without prejudice. Plaintiff does not wish to pursue her claims against this Defendant at this time.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G.Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas  77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on January 16, 2018 as set forth below:

*Via Facsimile: (713) 228-6605*
Michael K. Bell
David G. Meyer
BLANK ROME, LLP
717 Texas Avenue, Suite 1400
Houston, TX 77002
*Counsel for Lightering, LLC*

*Via Facsimile: (713) 277-7220*
Scott R. Davis
HICKS DAVIS WYNN P.C.
3700 Buffalo Speedway, Suite 520
Houston, TX 77098
*Counsel for Express Professional Services, Inc.*

                                        */s/ Christopher J. Leavitt*
                                        Christopher J. Leavitt

**A.35**

CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT |
| S.V. & T.V., Minors, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| AND | § | |
| | § | |
| MARISA A. AMBRIZ, as NEXT FRIEND | § | |
| OF B.C., a Minor, et al. | § | |
|     *Intervenor,* | § | |
| | § | |
| AND | § | |
| | § | |
| BRHIAN MATHIEU, BRUCE HARRIS, and JOSHUA | § | |
| POWELL, | § | |
|     *Intervenors,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEICHMAN GROUP, LLC, T & T MARINE, INC., & | § | |
| EXPRESS PROFESSIONAL SERVICES, INC., | § | |
| LIGHTERING LLC f/k/a OSG Lightering, LLC, | § | |
| CHERAMIE MARINE, LLC | § | |
|     *Defendants.* | § | 164th JUDICIAL DISTRICT |

## INTERVENOR MARISA A. AMBRIZ, as NEXT FRIEND OF B.C., TEICHMAN GROUP, LLC AND T&T MARINE, INC.'s AGREED MOTION TO SEVER

Intervenor, B.C., through Next Friend Marisa A. Ambriz, and Defendants, Teichman Group, LLC and T&T Marine, Inc., ask the Court to enter an order severing the claims of Intervenor, B.C., through Next Friend Marisa A. Ambriz, against Teichman and T&T from the remainder of the suit. Counsel for settling parties, Intervenor and the Carlisle Estate, as well as the Court's appointed Guardian Ad Litem have agreed to the filing of this motion.

## Background

This lawsuit arises from an incident that involved a crane which overturned and resulted in the death of two individuals: Mr. Carlisle and Mr. Vong. Mr. Carlisle left behind one minor child: B.C. Marisa A. Ambriz is suing as Next Friend of B.C. and filed her Unopposed Petition in Intervention against various defendants, including Teichman and T&T. B.C., Teichman, and T&T, however, resolved B.C.'s claims through final judgment, which was signed and entered by the Court on January 9, 2018. Accordingly, the parties ask the Court to sever B.C.'s claims against Teichman and T&T from the remainder of the lawsuit.

## Argument and Authorities

Rule 41 governs severance of claims. *See* Tex. R. Civ. P. 41 (providing that any claim against a party may be severed and proceed separately). This rule grants the trial court broad discretion in the matter of severance. *Pierce v. Reynolds*, 329 S.W.2d 76, 78 (1959). A claim may be properly severed only if: (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be proper if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *State Dep't of Highways & Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993).  The controlling reasons for allowing a severance are avoiding prejudice, doing justice, and increasing convenience. *Guaranty Fed. Sav. Bank v. Horseshoe Oper. Co.*, 793 S.W.2d 652, 658 (Tex. 1990).

In *Mcguire,* the surviving widow of the deceased filed a wrongful death action against McGuire on behalf of herself, her minor child and the deceased's parents. *Mcguire v. Commercial Union Ins. Co. of New York*, 431 S.W.2d 347, 349-351 (Tex. 1968). The attorneys

who represented McGuire's insurance carrier filed an answer on behalf of McGuire and asserted a counterclaim alleging that the accident was proximately caused by the negligence of the deceased and named the surviving widow as counter-defendant. *Id.* at 349. Thereafter, McGuire's insurance carrier and the widow entered into an agreement in settlement of the wrongful death claim. *Id.* The court approved the agreement (because a minor was involved) and it became an agreed judgment. *Id.* at 349-50. The court then entered an order severing the widow's wrongful death suit from McGuire's counterclaim. *Id.* On appeal, the Texas Supreme Court upheld the severance of the wrongful death action from the counterclaim finding the claims "separate and distinct." *Id.* at 351. The court also noted that "the severance did not result in duplicitous trials of interwoven or identical issues which might make a severance inappropriate under other circumstances" because the wrongful death claim was resolved by settlement. *Id.* at 351.

The parties ask that the Court to sever B.C.'s claims against Teichman and T&T from the remainder of the lawsuit because the lawsuit involves more than one cause of action; B.C.'s claims are of such a nature that may be independently asserted; and the severed claim is not so interwoven with the remaining action because the claims were resolved by settlement. *See McGuire*, 431 S.W.3d at 351. The severance of B.C.'s claims will increase convenience by narrowing the issues and will promote justice in permitting parties to fully and finally resolve their claims. The severance of B.C.'s claims against T&T and Teichman will also not prejudice any other party. *See Guaranty Fed. Sav. Bank v. Horseshoe Oper. Co.*, 793 S.W.2d 652, 658 (Tex. 1990).

**Conclusion**

In light of the Court's Final Judgment, the parties ask the Court to sever B.C.'s claims

against them with the goal of promoting justice, increasing convenience and avoiding prejudice.

WILLIAMS KHERKHER LLP

By: /S/ Steven J. Kherkher
Steven J. Kherkher
State Bar No. 11375950
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: skherkher@williamskherkher.com
*Counsel for Intervenor*

SCHOUEST, BAMDAS, SOSHEA, &
BENMAIER, P.L.L.C.

By: /S/ Susan Noe Wilson
Susan Noe Wilson
State Bar No. 15055025
1001 McKinney St., Suite 1400
Houston, Texas 77002-6323
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
Email: snoewilson@sbsblaw.com
*Counsel for Defendants Teichman
Group, LLC and T&T Marine, Inc.*

THE VILANDOS FIRM, P.C.

By: _____
Marilyn Vilandos
State Bar No. 24024689
7660 Woodway Drive, Suite 304
Houston, Texas 77063-1528
Telephone: (713) 255-9990
Facsimile: (713) 255-9992
Email: marilyn@vilandoslaw.com
*Guardian Ad Litem for B.C., Minor*

**Certificate of Conference**

I certify that on January 16, 2018, counsel (Alton Todd) for the Estate of Blake Carlisle, Sr. emailed his agreement to this motion for severance. On January 17, 2018, counsel (Steven Kherkher) for Intervenor, B.C., through Next Friend Marisa A. Ambriz emailed his agreement to this motion for severance.

/S/ Candace A. Ourso
Candace A. Ourso

**Certificate of Service**

I certify that on January 18, 2018, a copy of the above and foregoing was served on counsel of record via electronic mail.

/S/ Candace A. Ourso
Candace A. Ourso

WILLIAMS KHERKHER LLP

By: _____
Jim Hart
State Bar No. 09147400
Steven J. Kherkher
State Bar No. 11375950
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: PIDept@williamskherkher.com
        skherkher@williamskherker.com

*Counsel for Intervenor Marisa A. Ambriz,
as Next Friend of B.C., a Minor*

SCHOUEST,     BAMDAS,     SOSHEA,     &
BENMAIER, P.L.L.C.

By: _____
Susan Noe Wilson
State Bar No. 15055025
1001 McKinney St., Suite 1400
Houston, Texas 77002-6323
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
Email: snoewilson@sbsblaw.com

*Counsel for Defendants Teichman
Group, LLC and T&T Marine, Inc.*

THE VILANDOS FIRM, P.C.

By: *Marilyn Vilandos*
Marilyn Vilandos
State Bar No. 24024689
7660 Woodway Drive, Suite 304
Houston, Texas 77063-1528
Telephone: (713) 255-9990
Facsimile: (713) 255-9992
Email: marilyn@vilandoslaw.com
*Guardian Ad Litem for B.C., Minor*

**A.36**

CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT |
| S.V. & T.V., Minors, | § | |
|    *Plaintiffs,* | § | |
| | § | |
| AND | § | |
| | § | |
| MARISA A. AMBRIZ, as NEXT FRIEND | § | |
| OF B.C., a Minor, et al. | § | |
|    *Intervenor,* | § | |
| | § | |
| AND | § | |
| | § | |
| BRHIAN MATHIEU, BRUCE HARRIS, and JOSHUA | § | |
| POWELL, | § | |
|    *Intervenors,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEICHMAN GROUP, LLC, T & T MARINE, INC., & | § | |
| EXPRESS   PROFESSIONAL   SERVICES,   INC., | § | |
| LIGHTERING  LLC  f/k/a  OSG  Lightering,  LLC, | § | |
| CHERAMIE MARINE, LLC | § | |
|    *Defendants.* | § | 164th JUDICIAL DISTRICT |

## ORDER GRANTING AGREED MOTION TO SEVER

On this date, the Court considered Intervenor Marisa A. Ambriz, as Next Friend of B.C. and Defendants Teichman Group, LLC, and T&T Marine, Inc.'s Agreed Motion to Sever. After reviewing the motion, the Court is of the opinion that the motion should be GRANTED. It is therefore,

ORDERED that the claims asserted by Intervenor, B.C., through Next Friend Marisa A. Ambriz, against Teichman Group, LLC and T&T Marine, Inc., which are the subject of the Court's Judgment dated January 9, 2018, are severed from this lawsuit and assigned a new docket control number with Cause No. _____ which will bear the style "*Marisa A. Ambriz, as*

*Next Friend of B.C., a Minor vs. Teichman Group, LLC and T&T Marine, Inc."* (the "Severed Suit").

It is further

ORDERED that certified copies of the following documents are to be included in the

Severed Suit:

| No. | Date Filed | Description |
|-----|------------|-------------|
| 1. | December 14, 2017 | Unopposed Petition in Intervention and Motion to Appoint Guardian Ad Litem |
| 2. | December 19, 2017 | Order Appointing Guardian Ad Litem for B.C. |
| 3. | January 3, 2018 | Notice of Oral Hearing on Minor Settlement Hearing for Intervenor, Marisa A. Ambriz as next friend of B.C. |
| 4. | January 9, 2018 | Judgment Between Intervenor B.C. and Teichman Group LLC and T&T Marine, Inc. |

SIGNED this _____ day of January, 2018.

_____
HONORABLE ALEXANDRA SMOOTS-THOMAS

**APPROVED AND AGREED AS
TO FORM AND SUBSTANCE:**

By: /S/ Susan Noe Wilson
Susan Noe Wilson
State Bar No. 15055025
1001 McKinney St., Suite 1400
Houston, Texas 77002-6323
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
Email: snoewilson@sbsblaw.com

*Counsel for Defendants Teichman
Group, LLC and T&T Marine, Inc.*

**A.37**

**HALL MAINES LUGRIN**

January 18, 2017

**Candace A. Ourso**
Senior Counsel
713 586 4289
courso@hallmaineslugrin.com

Honorable Alexandra Smoots-Thomas
164th Judicial District Court
201 Caroline St.
Houston Texas  77002

Re:     Cause No. 2017-62979, *Marisa A. Ambriz, as next friend of B.C., a Minor v. Teichman Group, LLC, T&T Marine, Inc., et al*, in the 164th Judicial District Court of Harris County, Texas.

Your Honor,

Intervenor Marisa A. Ambriz, as Next Friend of B.C., and Defendants Teichman Group, LLC and T&T Marine, Inc. have filed an agreed motion to sever those claims made by Marisa A. Ambriz, as next friend of B.C., which were the subject of the Court's Judgment signed and entered January 9, 2018.

Because of the recent Houston weather conditions, we have been unable to confirm that an earlier date is available for hearing/submission. As a result, we have set this motion for submission on the next available date (January 29, 2018) but recognize that all parties are anxious to satisfy the conditions in the settlement agreement and to fund this settlement as soon as possible.

In advance, we agree to the Court's first-available date to consider this motion and proposed order.

Kindest regards,

HALL MAINES LUGRIN, P.C.

Candace A. Ourso

CAO/
cc:     All Counsel of Record

# A.38

CAUSE NO. 2017-62979

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT |
| S.V. & T.V., Minors, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| AND | § | |
| | § | |
| MARISA A. AMBRIZ, as NEXT FRIEND | § | |
| OF B.C., a Minor, et al. | § | |
|     *Intervenor*, | § | |
| | § | |
| AND | § | |
| | § | |
| BRHIAN MATHIEU, BRUCE HARRIS, and JOSHUA | § | |
| POWELL, | § | |
|     *Intervenors*, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEICHMAN GROUP, LLC, T & T MARINE, INC., & | § | |
| EXPRESS PROFESSIONAL SERVICES, INC., | § | |
| LIGHTERING LLC f/k/a OSG Lightering, LLC, | § | |
| CHERAMIE MARINE, LLC | § | |
|     *Defendants*. | § | 164th JUDICIAL DISTRICT |

## NOTICE OF SUBMISSION

To all parties via their counsel of record:

      Please TAKE NOTICE that the Agreed Motion to Sever will be brought before this Court

for ruling on Monday, January 29, 2018 at 8:00 a.m. on submission.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Respectfully submitted,

SCHOUEST, BAMDAS, SOSHEA, &
BENMAIER, P.L.L.C.

By: */s/ Susan Noe Wilson*
Susan Noe Wilson
State Bar No. 15055025
1001 McKinney St., Suite 1400
Houston, Texas 77002-6323
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
snoewilson@sbsblaw.com

*Counsel for Defendants Teichman Group, LLC
and T&T Marine, Inc.*

**Certificate of Service**

I certify that on January 18, 2018, a copy of the above and foregoing was served on
counsel of record via electronic mail.

*/S/ Candace A. Ourso*
Candace A. Ourso

**A.39**

2017-62979

| | | |
|---|---|---|
| KAO LEE YANG | § | IN THE DISTRICT COURT OF |
| | § | |
| VS | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEICHMAN GROUP, LLC, ET AL | § | 164TH JUDICIAL DISTRICT |

and

| | | |
|---|---|---|
| BRHIAN MATHIEU, BRUCE HARRIS | § | |
| and JOSHUA POWELL | § | |
| | § | |
| VS. | § | |
| | § | |
| LIGHTERING LLC, | § | |
| EXPRESS PROFESSIONAL SERVICES, INC. | § | |
| and CHERAMIE MARINE, L.L.C. | § | |

## INTERVENORS' NOTICE OF NONSUIT

TO THE HONORABLE DISTRICT JUDGE:

COME NOW Intervenors Brhian Mathieu, Bruce Harris, and Joshua Powell and hereby

provide notice of their Nonsuit of all claims herein in the above-styled cause of action.

Specifically, Intervenors nonsuit their claims against Defendants-in-Intervention Lightering LLC,

Express Professional Services, Inc., and Cheramie Marine, L.L.C., without prejudice, each party

to bear their own costs herein.

Respectfully submitted,


By: */s/ Francis I. Spagnoletti*
Francis I. Spagnoletti
TX SBN 18869600
fspagnoletti@spaglaw.com
Marcus R. Spagnoletti
TX SBN 24076708
mspagnoletti@spaglaw.com

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
713.653.5600 (T)
713.653.5656 (F)

ATTORNEYS FOR INTERVENORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via the Court's e-file system at the time of filing on this 19th day of January, 2018, in accordance with the Texas Rules of Civil Procedure.

By: /s/ Francis I. Spagnoletti
     Francis I. Spagnoletti