IN THE UNTED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo,<br>S.V. & T.V., Minors | § § § § § § § § § § § § | CIVIL ACTION NO. 14:18-CV-161<br><br>(ADMIRALTY)<br><br>Hon. Lynn N. Hughes |
| v. | | |
| TEICHMAN GROUP, LLC, T&T MARINE, INC., & EXPRESS PROFESSIONAL SERVICES, INC. | | |

**AGREED MOTION TO
ENFORCE SETTLEMENT AGREEMENT**

TO THE HONORABLE JUDGE HUGHES:

Defendants Teichman Group, LLC and T&T Offshore, Inc. (misnamed in Plaintiffs' petitions as "T&T Marine, Inc.") (collectively, "T&T Offshore") and Plaintiffs Kao Lee Yang, Individually and on behalf of S.V. and T.V., minors, ask this Court for an order enforcing and/or ratifying their settlement agreement in the underlying wrongful death case.

**INTRODUCTION AND BACKGROUND**

This case arises from the death of Chi Tai Vong, which occurred in a crane accident at T&T Offshore's facility in Galveston. Vong's putative wife, Kao Lee Yang, filed suit in the 164th District Court of Harris County, individually and on behalf of her two minor children. against Teichman Group, LLC, T&T Marine, Inc., Express Professional Services, Inc., and OSG Lightering, LLC.

That case was removed to this Court on January 19, 2018, on the motions of OSG Lightering (now putative known as "Lightering, LLC") and Cheramie Marine, LLC.

1

**A.  The parties settled their dispute, and the state court appointed ad litem has approved the settlement.**

All of the claimants mediated this dispute on October 30, 2017 and November 1, 2017— less than six weeks after the deaths occurred and before discovery was conducted in any lawsuit. The Yang plaintiffs, represented by Anthony Buzbee, settled their claims at mediation with T& T Offshore.

**B.  The ad litem approved the distribution of the Yang minors' settlement.**

After mediation, the state district court in the Yang case appointed an attorney ad litem to approve the settlement on behalf of the Yang minors. The ad litem has now approved the Yang minors' settlement.

**C.  The case was removed before settlement could be finalized.**

In the interim, Mr. Buzbee added another defendant, Cheramie Marine, to the Yang and Wilson cases. Cheramie timely removed the Yang case to this Court [Doc. 1] based on admiralty jurisdiction. Lightering also removed on the basis of complete diversity, which arose as a result of the Yang settlement with T&T Offshore, a non-diverse local defendant.

To allow the settlement to proceed, the parties ask this Court to (1) enforce and/or ratify the Yang settlement agreement with T&T Marine and (2) enter a final order approving the settlement and thus allow T&T Offshore to fund the settlement.

## II.  ARGUMENT & AUTHORITY

**A.  The parties ask the Court to enforce the Yang settlement agreements.**

At mediation, Ms. Yang and her minor children fully settled and completely released all of their claims against T&T Offshore. On October 30, 2017, two Mediated Settlement Agreements (for a total of 23 pages) were signed by Ms. Yang, her attorney Mr. Buzbee, and

T&T Offshore. This Court may enforce the Yang settlement agreements under its inherent authority, or alternatively, as Rule 11 agreements.

### 1. This Court has inherent authority to enforce the Yangs' settlement agreements.

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). When presented with a motion to enforce a settlement agreement, a district court may consider evidence and has full discretion to enforce the agreement. *See, e.g., Williamson v. Bank of New York Mellon*, 947 F. Supp. 2d 704 (N.D. Tex. 2013) (even though one party's attorney withdrew after reaching an agreement with the defendant, the parties' settlement agreement was enforceable); *Charley v. Shell Oil Co.*, 70 Fair Empl. Prac. Cas. (BNA) 418 (S.D. Tex. 1996) (court's inherent power to enforce settlements sufficient to accept evidence and grant motion to enforce); *Parker v. Exeter Finance Corp.*, Civ. Action No. 3:14-CV-4007-D, 2015 WL 4745075 (N.D. Tex. 2015) (on motion to enforce settlement agreement, court finds undisputed evidence that parties agreed to settle and grants motion); *Keycorp v. Holland*, Civ. Action No. 3:16-CV-1948-D, 2017 WL 3242294 (N.D. Tex. 2017) (because plaintiff assented to the material terms of the agreement, defendant established that there was an enforceable settlement agreement and motion to enforce granted).

The settlement agreements in this case are valid and enforceable contracts—a fact to which all parties to the settlement agree. Thus, the settlement agreements may be enforced under the Court's inherent power.

3

2. **The settlement agreements also are enforceable as Rule 11 agreements.**

In addition, the Yang settlement agreement is enforceable under Texas Rule of Civil Procedure 11, which governs the enforcement of settlements in diversity cases. *Lefevre v. Keaty*, 191 F.3d 596, 598 (5th Cir. 1999). Under Rule 11, a written, signed agreement that is filed as part of the court's record is enforceable

Here, the settlement agreements were written, signed by the parties and their attorneys, and are being filed with the Court as part of the record in conjunction with this motion. This meets the requisite elements for a valid agreement enforceable under Rule 11. T&T Offshore, and by agreement, Ms. Yang and her children, ask this Court to enforce the agreements, thereby giving the parties the resolution for which they bargained

### III. PRAYER

The parties respectfully ask the Court to enforce and/or ratify the Yang settlement agreement, and grant any other relief, either legal or equitable, to which the parties may be entitled.

Respectfully submitted,

*/s/ Susan Noe Wilson*
**SUSAN NOE WILSON**
**ATTORNEY-IN-CHARGE**
Texas Bar No.: 15055025
snoewilson@sbsblaw.com
**MICHAEL HOGUE**
Texas Bar No.: 09809800
mhogue@sbsblaw.com
**THOMAS C. FITZHUGH III**
State Bar No. 07093500
tfitzhugh@sbsblaw.com

4

M. LANE LOWREY
Texas Bar No.: 24013065
llowrey@sbsblaw.com
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
ATTORNEYS FOR TEICHMAN GROUP, LLC
AND T&T OFFSHORE, INC.

OF COUNSEL:

**SCHOUEST BAMDAS SOSHEA & BENMAIER PLLC**
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942

**MICHAEL HOGUE**
Texas Bar No.: 09809800
mhogue@sbsblaw.com
**THOMAS C. FITZHUGH III**
State Bar No. 07093500
tfitzhugh@sbsblaw.com
**M. LANE LOWREY**
Texas Bar No.: 24013065
llowrey@sbsblaw.com
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942

**HALL MAINES LUGRIN**

**CLAUDE L. STUART III**
Texas Bar No. 19426620
cstuart@hallmaineslugrin.com
**EVAN T. CAFFREY**
Texas Bar No. 03588650
ecaffrey@hallmaineslugrin.com
Williams Tower
2800 Post Oak Blvd., 64th Floor
Houston, Texas 77056

Telephone: (713) 871-9000
Facsimile: (713) 871-8962

**HAYNES AND BOONE, LLP**

**LYNNE LIBERATO**
Texas Bar No. 00000075
Federal ID No. 3072
lynne.liberato@haynesboone.com
**CHRISTINA CROZIER**
State Bar No. 24050466
Federal ID No. 611402
christina.crozier@haynesboone.com
1221 McKinney, Suite 2100
Houston, Texas 77010
(713) 547-2000 Telephone
(713) 547-2600 Facsimile

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon counsel of record accordance with the Federal Rules of Civil Procedure, via e-service, facsimile and/or certified mail, return receipt requested to the following on the 7th day of February, 2018:

Anthony G. Buzbee
Chris Leavitt
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis Street, Suite 6850
Houston, Texas 77002
Facsimile: 713.223.5909
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

Marilyn Vilandos
THE VILANDOS FIRM, P.C.
7660 Woodway Drive, Suite 304
Houston, Texas 77063
Facsimile: 713.255.9992
marilyn@vilandoslaw.com

6

Jim Hart
Steven J. Kherkher
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Facsimile: 713.643.6226
PIDept@williamskherkher.com
skherkher@williamskherkher.com

Michael Bell
David G. Meyer
BLANK ROME
717 Texas Avenue, Suite 1400
Houston, TX 77002
713-228-6601 phone
713-228-6605 fax
MBell@BlankRome.com
DMeyer@BlankRome.com

*M. Lane Lowrey*
M. Lane Lowrey

7

## CERTIFICATE OF CONFERENCE

I certify that I have attempted to confer with all counsel of record in relation to this motion and the relief it seeks. Ms. Vilandos as attorney ad litem for B.C., Mr. Myer for OSG Lightering, and Mr. Leavitt on behalf of the Yang Plaintiffs were not opposed to the motion. Mr. Hart for Ms. Ambriz was unable to be reached to discuss the motion.

*M. Lane Lowrey*
M. Lane Lowrey