# IN THE UNTED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KAO LEE YANG, et al., | § | CIVIL ACTION H-18-161 |
| | § | |
| v. | § | (ADMIRALTY) |
| | § | |
| CHERAMERIE MARINE, LLC, et al., | § | Hon. Lynn N. Hughes |

## DEFENDANTS TEICHMAN GROUP, LLC and T&T OFFSHORE INC.'S RESPONSE IN OPPOSITION TO MOTION TO REMAND; ALTERNATIVELY, MOTION TO DISMISS WITHOUT PREJUDICE

TO THE HONORABLE JUDGE HUGHES:

Defendants Teichman Group, LLC and T&T Offshore, Inc. (misnamed in Plaintiff's petition as "T&T Marine, Inc.") (collectively, the "T&T Defendants"), files this Response in Opposition to Plaintiff Marcus Wilson's Opposed Motion to Remand; Alternatively, Motion to Dismiss Without Prejudice and respectfully shows as follows:

### I.     PROCEDURAL BACKGROUND

1.     This case arises from the deaths of Chi Tai Vong and Blake Carlisle, which occurred in a crane accident at T&T Offshore's facility in Galveston on September 20, 2017.

2.     On September 22, 2017, Vong's putative wife, Kao Lee Yang filed suit in the 164th District Court of Harris County, individually and on behalf of her two minor children, against T&T Defendants, Express Professional Services, Inc., and OSG Lightering, LLC (the "*Yang* Lawsuit"). Yang is represented by attorney Anthony Buzbee.

3.     On October 3, 2017, Carlisle's putative father, Marcus Wilson filed a separate lawsuit against T&T Defendants in the 190th District Court of Harris County (the "*Wilson* Lawsuit"). Wilson also is represented by Mr. Buzbee.

4.     All of the claimants and potential claimants, including Carlisle's mother, putative wife, and minor son, mediated this dispute on October 30, 2017 and November 1, 2017—less than

six weeks after the deaths occurred and before discovery was conducted in any lawsuit. All claimants, excluding Wilson, settled their claims against T&T Defendants either at mediation or shortly after. For the Court's ease of reference, T&T Defendants have attached color-coded charts of the parties and lawsuits[1] and a chronology that identifies the claimants, their attorneys, their relationships to the decedents, and the three state-court suits.[2]

5. After mediation, the state district court in the *Yang* Lawsuit appointed a guardian ad litem to approve the settlement on behalf of the Yang minors.

6. In the interim, Mr. Buzbee added another defendant, Cheramie Marine, LLC, to both the *Yang* and *Wilson* Lawsuits. Cheramie timely removed the *Yang* Lawsuit to this Court on January 19, 2018 based on admiralty jurisdiction. [Doc. 1 ¶¶7-9.] The removed *Yang* Lawsuit was assigned cause number 4:18-CV-161. Lightering also timely removed on the basis of complete diversity, which arose when Yang settled with T&T Offshore, a non-diverse local defendant. [*Id.* ¶¶11-12.] Later the same day, Cheramie and Lightering also removed the *Wilson* Lawsuit based upon admiralty jurisdiction and complete diversity. The removed *Wilson* Lawsuit was initially assigned to the Honorable Lee H. Rosenthal as cause number 4:18-CV-162. [*See* Doc. 1 in former Cause No. 4:18-CV-162.]

7. One day after removal, Mr. Buzbee dismissed Cheramie from both the *Yang* and *Wilson* Lawsuits. [Doc. 2.] He then filed a new state-court lawsuit against T&T Offshore.[3]

8. There are common questions of fact and law present in the *Yang* and *Wilson* Lawsuits, which this Court has consolidated. [Doc. 19.] The liability facts in both actions will be identical, the legal questions of causation and negligence will be identical, and the jury charges in

---

[1] Exs. A & B.

[2] Ex. C.

[3] *See* Ex. D, Petition, attached. Notably, Plaintiff combined the same claims in the latest state court lawsuit that he opposed consolidating in this Court.

the cases likely would be virtually identical. A comparison of the pleadings filed in the *Yang* and *Wilson* matters shows that the legal and factual questions presented in each are virtually identical.[4]

## II. ARGUMENT

9. This lawsuit should not be remanded or dismissed without prejudice. This Court has spent time and effort to familiarize itself with the issues and parties, and remand would serve only to delay the resolution of these consolidated cases in which nearly all of the claims have been resolved. This Court should retain jurisdiction to supervise the remaining settlements and ensure full and final resolution without delay.

### A. Removal was proper.

10. At the time of removal, a federal question existed as to Cheramie under the Admiralty Extension Act; therefore, the case was properly removed based on this Court's admiralty jurisdiction. 28 U.S.C. § 1441; 46 U.S.C. § 30101; *see Exxon Mobil Corp. v. Starr Indemn. & Liab. Ins. Co.*, 181 F. Supp. 3d 347, 357-61 (S.D. Tex. Dec. 21, 2015) (Hittner, J.); *Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, 2014 U.S. Dist. LEXIS 82434, at *5-6 (S.D. Tex. June 17, 2014) (Atlas, J.), *vacated on other grounds by* 2014 U.S. Dist. LEXIS 115727 (Aug. 20, 2014); *Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 U.S. Dist. LEXIS 12484, at *7-8 (S.D. Tex. Jan. 31, 2014) (Werlein, J.); *Wells v. Abe's Boat Rentals, Inc.*, 2013 U.S. Dist. LEXIS 85534, at *3-11 (S.D. Tex. June 18, 2013) (Rosenthal, J.); *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 774–78 (S.D. Tex. 2013) (Miller, J.).[5] Later events, such as dismissal of the claims against Cheramie, are irrelevant to whether removal was proper because federal jurisdiction is

---

[4] *Compare* Doc. 1-1, pp.7-13 in 4:18-cv-00162, *with* Doc. 1-1, pp. 9-14 in 4:18-cv-00161.

[5] Plaintiff notes that some courts disagree about the removability of maritime claims. [Doc. 4 at 2 & n.4.] The cases Plaintiff cites do not show that removal is improper here because (1) the better reasoned cases are cited above; (2) none of the cases Plaintiff cites addressed the Admiralty Extension Act, which Cheramie relied on in removing this case [Doc. 1 ¶7]; and (3) Plaintiff disregards Lightering's assertion of diversity jurisdiction [Doc. 1 ¶¶11-12].

3

determined by "[t]he claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Fifth Circuit precedent is clear that a "post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, *does not* divest the district court of its *properly* triggered subject matter jurisdiction." *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015) (quotation omitted).

### B. This Court should exercise supplemental jurisdiction.

11. Both the statutory and common law factors that guide this Court's discretion support the exercise of supplemental jurisdiction.

#### 1. Statutory factors establish that this Court should properly exercise supplemental jurisdiction.

12. The Fifth Circuit applies § 1367(c) "statutory factors" in a balancing test to determine whether remand is appropriate. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). The statutory factors are as follows: (1) whether the claim raises a novel or complex issue of state law; (2) whether the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) whether the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, whether there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

13. The fourth factor strongly favors this Court exercising supplemental jurisdiction over this lawsuit. This factor was crafted to allow the Court to consider surrounding circumstances such as those found here. The claims, legal arguments, and settlements in this case and the *Yang* Lawsuit are closely connected, and even after the cases were removed to federal court, Mr. Buzbee

filed a third state action in an attempt to forum shop.[6] These facts are "exceptional circumstances" and "compelling reasons" that support the *exercise* of supplemental jurisdiction, not remand. This case also involves compelling reasons to deny remand because nearly all of the claims have been resolved. It would be counterproductive for the properly removed and consolidated suits to be remanded, resulting in further unnecessary delay and depriving this Court of supervision over the remaining settlements. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 228 (5th Cir. 1999) (recognizing that exercising supplemental jurisdiction is appropriate when further proceedings in federal court will prevent redundancy and conserve resources).

14. The first factor also weighs against remand because there is no "novel or complex issue" of state law in this lawsuit. This Court is well-equipped to handle this case. *See Mendoza*, 532 F.3d at 346 (upholding the exercise of supplemental jurisdiction when the issues were not complex and were familiar to the federal court); *Batiste*, 179 F.3d at 227 (reasoning that the absence of difficult state-law questions weighs heavily in favor of retaining jurisdiction).

15. The second factor is largely inapplicable here because nearly all of the claims have been resolved.

16. As for the third factor, this Court has not dismissed claims over which it had original jurisdiction; instead, Plaintiff dropped his claims against Cheramie as soon as it became clear the claims triggered federal jurisdiction. Courts have recognized that it would undermine the federal removal statute if a plaintiff's calculated decision to drop allegations establishing federal jurisdiction were allowed to destroy post-removal jurisdiction. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985); *Tex. First Nat'l Bank v. Wu*, 347 F. Supp. 2d 389, 400-01 (S.D. Tex. 2004).

---

[6] *See* Ex. D.

17. This Court's exercise of supplemental jurisdiction under the circumstances is warranted in order to ensure fairness and justice.

### 2. Common law factors also support the exercise of supplemental jurisdiction.

18. The Court should consider not only the statutory provisions of § 1367(c), but also the relevant common law factors of (1) judicial economy, (2) convenience, (3) fairness, and (4) comity in the case at hand. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). Each of the common law factors also favors this Court denying remand.

19. A court may find that judicial economy favors remand if the state court already "gained great familiarity" with the matter "through substantial proceedings prior to removal." *Hammerman & Gainer, Inc v. City of New Orleans*, No. 17-4780, 2017 WL 2241090, at *3 (E.D. La. May 23, 2017). Here, however, the state court in the underlying *Wilson* Lawsuit had little-to-no involvement. Plaintiff stated in his Motion to Remand that he filed the *Wilson* Lawsuit on October 10, 2017, added defendant Cheramie Marine on November 27, 2017, and the lawsuit was removed on January, 19, 2017.[7] While the *Wilson* Lawsuit was pending in state court, no discovery was completed and no motions were heard. The state court did not gain great familiarity with the *Wilson* Lawsuit through substantial proceedings before removal. Rather, this Court has gained the greatest level of familiarity with the case. Accordingly, the first of the common law factors supports this Court exercising supplement jurisdiction and denying remand. *See Batiste*, 179 F.3d at 228.

20. The second common law factor also supports supplemental jurisdiction and denying remand because convenience is best served by keeping this suit in federal court. A remand

---

[7] *See* Plaintiff's Motion to Remand; Alternatively, Motion to Dismiss Without Prejudice at page 1.

would contradict the purpose of the consolidation that has already taken place. Convenience and ensuring prompt resolution of all remaining claims is furthered by this Court denying remand, supervising the remaining settlements and, in turn, removing the need for another court to familiarize itself with complex procedural history and issues.

21. The third common law factor is fairness, and fairness also prevails by denying remand and ensuring the remaining claims are resolved without delay. Plaintiff should not be allowed to shop from venue to venue until he finds one he believes is the most favorable. The *Yang* and *Wilson* Lawsuits were both properly removed and have since been consolidated in this Court. [Doc. 19.] The consolidated cases will remain pending in this Court until final resolution.

22. Exercising supplemental jurisdiction is also consistent with the fourth common law factor regarding comity. This Court is well-equipped to handle this case, and "comity dictates that [district courts] consider . . . forum shopping tactics in determining whether to exercise its discretion to dismiss the supplemental claims." *Heart Eye Ctr., Inc. v. Fid. Nat. Prop. & Cas. Ins. Co.*, No. 2:09-CV-01885, 2010 WL 4364600, at *4 (W.D. La. Oct. 26, 2010) (internal quotation omitted). Here, as discussed above, Plaintiff dropped the claims against Cheramie and filed a third state court action as calculated tactics to avoid this Court's properly invoked jurisdiction.

    **C.    Plaintiff's argument rests on a readily distinguishable case.**

23. Plaintiff's arguments on the statutory and common law factors rest almost entirely on one case, which is easily distinguishable. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155 (5th Cir. 2011). *Enochs* involved one plaintiff, one defendant, and no related cases requiring consolidation. In contrast, here, there have been multiple plaintiffs represented by the same attorney who filed numerous suits in different venues based upon identical facts and theories. *Enochs* also involved "a novel Texas state law issue," unlike the well-settled state law issues that remain in this case. *See id.* at 159. Finally, *Enochs* recognized that attempts at forum manipulation are proper to

consider in determining whether to retain jurisdiction. *Id.* at 160-61. Although the forum manipulation facts in *Enochs* were not enough standing alone to support supplemental jurisdiction, the facts here are stronger, and most important, the overall balance of proper considerations supports retaining jurisdiction. *See supra*.

**D. Plaintiff's alternative request for dismissal without prejudice is not appropriate.**

24. The purpose of a dismissal without prejudice is to afford a plaintiff the opportunity to correct or re-file the same suit in a different venue. Plaintiff has had sufficient opportunity to file suit in the venue of his choosing. Plaintiff has also had sufficient opportunity to name defendants of his choosing. Now, Plaintiff seeks alternative relief of dismissal without prejudice because he is unhappy with the outcome of removal, which was, in fact, his own doing. Plaintiff's alternative request for dismissal without prejudice, therefore, is not appropriate and should be denied.

### III. CONCLUSION AND PRAYER FOR RELIEF

25. This Court has jurisdiction over the remaining claims in this suit and should deny Plaintiff's request for remand and alternative request for dismissal without prejudice. The statutory and common law factors weigh in favor of this Court exercising supplemental jurisdiction, and exercising supplemental jurisdiction will facilitate the efficient and just handling of the *Wilson* and *Yang* Lawsuits both currently pending in this Court.

26. The T&T Defendants respectfully pray that this Court deny Plaintiff's Motion to Remand; Alternatively, Motion to Dismiss Without Prejudice and grant any other relief, either legal or equitable, to which the T&T Defendants may be entitled.

Respectfully submitted,

*/s/ Susan Noe Wilson*
**SUSAN NOE WILSON**
**Attorney in charge**
Texas Bar No.: 15055025
Federal ID: 15092
snoewilson@sbsblaw.com
**THOMAS C. FITZHUGH III**
Texas Bar No.: 07093500
tfitzhugh@sbsblaw.com
**MICHAEL W. HOGUE**
Texas Bar No.: 09809800
mhogue@sbsblaw.com
**M. LANE LOWREY**
Texas Bar No.: 24013065
llowrey@sbsblaw.com
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
**COUNSEL FOR TEICHMAN GROUP, LLC AND T&T OFFSHORE, INC.**

OF COUNSEL:

**SCHOUEST, BAMDAS, SOSHEA & BENMAIER, PLLC**

**HALL MAINES LUGRIN**

**CLAUDE L. STUART III**
Texas Bar No. 19426620
cstuart@hallmaineslugrin.com
**EVAN T. CAFFREY**
Texas Bar No. 03588650
ecaffrey@hallmaineslugrin.com
Williams Tower
2800 Post Oak Blvd., 64th Floor
Houston, Texas 77056
Telephone: (713) 871-9000
Facsimile: (713) 871-8962

**HAYNES AND BOONE, LLP**

**LYNNE LIBERATO**
Texas Bar No. 00000075
Federal ID No. 3072
lynne.liberato@haynesboone.com

**CHRISTINA CROZIER**
State Bar No. 24050466
Federal ID No. 611402
christina.crozier@haynesboone.com
1221 McKinney, Suite 2100
Houston, Texas 77010
(713) 547-2000 Telephone
(713) 547-2600 Facsimile

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon counsel of record for Plaintiff in accordance with the Federal Rules of Civil Procedure, via e-service, facsimile and/or certified mail, return receipt requested to the following on the 14th day of February, 2018:

Anthony G. Buzbee
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis Street, Suite 6850
Houston, Texas 77002
Facsimile: 713.223.5909
tbuzbee@txattorneys.com

*/s/ Susan Noe Wilson*
Susan Noe Wilson