IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS WILSON | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action No. 4:18-CV-162 |
| | § | |
| TEICHMAN GROUP, LLC., *et al.,* | § | |
| *Defendants.* | § | |

## PLAINTIFF'S OPPOSED MOTION TO REMAND;
## ALTERNATIVELY, MOTION TO DISMISS WITHOUT PREJUDICE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

Plaintiff files this Motion to Remand pursuant to 28 U.S.C. §1447(c), seeking a remand of his case to the 190th Judicial District Court of Harris County, Texas, in response to Defendants Lightering, LLC and Cheramie Marine, LLC's Removal that was filed January 19, 2018 (Doc.1). In support thereof, Plaintiff respectfully shows:

## I.  INTRODUCTION

Plaintiff Marcus Wilson is the father of the late Blake Carlisle.  Mr. Carlisle was killed when a crane toppled over on top of him at work.  Plaintiff Wilson filed the underlying lawsuit, Cause No. 2017–65533, in the 190th Judicial District Court of Harris County, on October 10, 2017, seeking damages against Defendants Teichman Group, LLC, T&T Marine, Inc., Express Professional Services, Inc., and Lightering, LLC.[1]  Defendant Lightering answered this lawsuit on November 6, 2017.[2]  On November 27, 2017, Plaintiff amended his petition to add Defendant Cheramie Marine.[3]  Without filing an answer, Cheramie Marine removed this case on January 19, 2018.  Plaintiff voluntarily dismissed Cheramie Marine on January 22, 2018 (Doc.2).

---

1  Ex.1: Plaintiff's original petition.
2  Ex.2: Lightering, LLC's Answer.
3  Ex.3: Plaintiff's first amended petition.

For the reasons set forth herein, Plaintiff's lawsuit should be remanded in its entirety to the 190th Judicial District Court of Harris County, Texas in which it was filed.  The standard of review for a court's decision to remand pendent state law claims to the state court from which the case was removed is abuse of discretion. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 425 (5th Cir.2004).

## II.   CONTROLLING LAW

There is an open, unsettled question on whether this Court has federal question jurisdiction over Plaintiff's claims against Cheramie Marine based solely on admiralty jurisdiction.[4]   This Court, however, does not have to consider this question because all claims against Cheramie Marine have been dismissed, and Plaintiff's remaining claims are purely state-law claims, over which this Court does not have original jurisdiction.[5] It is undisputed that this Court lacks diversity jurisdiction. Therefore, pursuant to 28 U.S.C. § 1447(c) and § 1367(c), Plaintiff respectfully requests that this Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and that this case be remanded to the 190th Judicial District Court of Harris County, Texas.

---

4 See *Sanders v. Cambrian Consultants (CC) Am., Inc*., 132 F.Supp.3d 853, 855 (S.D. Tex. 2015); *Ritchy v. Kirby Corp*., 2015 WL 4657548, at *3 (S.D. Tex. Aug. 5, 2015)(Hanks, J.); *Alexander v. Seago Consulting, LLC*, 2014 WL 2960419, at *1 (S.D. Tex. June 23, 2014)(Hoyt, J.); *Clear Lake Marine Ctr., Inc. v. Leidolf*, 2015 WL 1876338, at *1–3 (S.D. Tex. Apr. 22, 2015)(Lake, J.); *Serigny v. Chevron U.S.A., Inc*., No. 14–0598, 2014 WL 6982213, at *4 (W.D. La. Dec. 9, 2014)(collecting cases); *Parker v. U.S. Environmental Svcs., LLC*, G–14–292, 2014 WL 7338850 (S.D.Tex. Dec.22, 2014) (Ellison, J.); *Figueroa v. Marine Inspection Services*, 28 F.Supp.3d 677 (S.D. Tex. 2014) (Ramos, J.); *Rutherford v. Breathwite Marine Contractors, Ltd*., No. G–13–0312, 2014 WL 6388786 (S.D.Tex. Nov.12, 2014) (Gilmore, J.); *Waddell v. Edison Chouest Offshore*, No. G–14–170, 2015 WL 1285718 (S.D. Tex. March 20, 2015) (Harmon, J.); *Rogers v. BBC Chartering America, LLC*, No. H–13–3741, 2014 WL 819400 (S.D. Tex. March 3, 2014) (Hoyt, J.); *Mims v. Deepwater Corrosion Servs., Inc*., 90 F.Supp.3d 679, 691 (S.D. Tex. 2015); *Forde v. Hornblower New York, LLC*, 243 F.Supp.3d 461, 468 (S.D.N.Y. 2017); *Sanders; Gregoire v. Enterprise Marine Services, LLC*, 38 F.Supp.3d 749, 759–62 (E.D. La.2014) (Duval, J.).

5 In the event Lightering contends the claims against it do invoke federal jurisdiction, its right to remove those claims based on such was waived long ago. See 28 U.S.C. § 1441(b)(1) (requiring notice of removal be filed within 30 days after a defendant receives through service "or otherwise" of a copy of the initial pleading).

A.     **Standard for remand**

A federal court has subject matter jurisdiction over two types of cases: (1) those arising under the Constitution, laws, or treaties of the United States (federal question jurisdiction), and (2) those in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000 ('diversity' jurisdiction)." See 28 U.S.C. §§ 1331, 1332.

"The removing defendant bears the burden of establishing federal jurisdiction. *Winters v. Diamond Shamrock Chem. Co*., 149 F.3d 387, 397 (5th Cir. 1998) "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (*quoting In re Hot–Hed, Inc*., 477 F.3d 320, 323 (5th Cir. 2007)).

B.     **The Court lacks original jurisdiction over any of Plaintiff's remaining claims.**

The law is in dispute as to whether general maritime claims are removable on that basis alone.   However, the Court does not need to wade into that controversy to determine whether it has original jurisdiction over this case.   On January 22, 2018, Plaintiff voluntarily dismissed his claims against Cheramie Marine.   [Doc. 2].   Plaintiff was entitled to voluntarily dismiss his claims against Cheramie Marine under Federal Rule of Civil Procedure 41, which provides that a plaintiff has the absolute right—without the need for court action—to dismiss claims against a defendant who has not yet filed either an answer or a summary judgment motion.   See Fed. R. Civ. P. 41(a)(1)(A)(i). A notice of dismissal filed under Rule 41(a)(1)(A)(i) is self-executing and instantaneous.   *See, e.g., American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) (holding that voluntary dismissal notice under Rule 41(a)(1)(A)(i) itself closes the file); *see also Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc*., 474 F.2d 250, 255 (5th Cir. 1973) (concluding that Rule 41(a) "was intended by the rule-makers to permit dismissal against such of

the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants").

It is undisputed that Plaintiff's claims against Cheramie Marine formed the only basis for this Court's determination that there was federal question jurisdiction.   In fact, Defendant's notice of removal provides as much: "Because Plaintiff has asserted claims against Cheramie, the owner of the Elliott Cheramie, this Notice of Removal is filed on the basis of jurisdiction conferred by 28 U.S.C. §§ 1333 and 1441(a)."[6]   Plaintiff's remaining claims against the Teichman defendants and Lightering are purely Texas state-law negligence claims and do not implicate federal question jurisdiction.   To the extent that Lightering does contend that the claims against it implicate federal question jurisdiction, the deadline for it to remove based on such basis came and went long ago. Furthermore, it is undisputed that this Court lacks diversity jurisdiction because there is not complete diversity of citizenship among the parties.   Therefore, the only basis for jurisdiction over Plaintiff's remaining state-law claims is supplemental jurisdiction under 28 U.S.C. § 1367(a). This Court should decline to hold this case on that basis.

### C.   This Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims and remand this case.

Under 28 U.S.C. § 1367(a), in a civil action where a district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   28 U.S.C. § 1367(a).   However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

(1)      the claim raises a novel or complex issue of State law,

---

6 Cheramie Marine's notice of removal, Doc. 1, page 3.

(2)     the claim substantially predominates over the claim or claims over which the district has original jurisdiction,

(3)     the district court has dismissed all claims over which it has original jurisdiction, or

(4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c).  The Fifth Circuit applies the § 1367(c) "statutory factors" in a balancing test to determine whether remand is appropriate.  *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *see also Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (noting that "no single factor is dispositive").   Additionally, the United States Supreme Court has created a set of "common law factors" to be considered, which include "judicial economy, convenience, fairness, and comity."  *Enochs*, 641 F.3d at 159 (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

**1.     Federal courts heavily favor remand where federal claims are dropped early in litigation, leaving only state-law claims.**

It is well-settled under United States Supreme Court and Fifth Circuit jurisprudence that a remand of remaining state-law claims is heavily favored when federal claims are dismissed early in the litigation.   As the United States Supreme Court stated in *Carnegie-Mellon*, "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction."  *Carnegie-Mellon*, 484 U.S. at 351.   Both the United States Supreme Court and the Fifth Circuit have long cautioned district courts that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  *Mine Workers v. Gibbs*, 282 U.S. 715, 726 (1966); *see also Enochs*,

641 F.3d at 162 ("The courts in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts avoid needless decisions of state law.").

Therefore, "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).   It is an abuse of discretion to exercise supplemental jurisdiction where the only federal claims have been dismissed early and the statutory and common law factors favor remand.   *Enochs*, 641 F.3d at 161-62 ("Our deference cannot stretch so far as to find no abuse of discretion where, as is the case here, all federal claims were deleted at the infancy of the case and the balance of the statutory and common law factors weigh heavily in favor of remand."); *see also Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court").

The Fifth Circuit's opinions in *Enochs* and *Parkery & Parsley* demonstrate that this Court should decline to exercise its supplemental jurisdiction and should instead remand this case back to Texas state court. In *Parker & Parsley Petroleum Company v. Dresser Industries*, the plaintiff originally elected to file suit in federal court based on federal question jurisdiction. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587-89 (5th Cir. 1992).   However, the plaintiff's only federal claim was later dismissed one month before trial, leaving only purely state-law claims. *Id*. Over the nine months that the case had been pending, the parties engaged in extensive discovery and motion practice. *Id*.

Nevertheless, the Fifth Circuit found that the district court abused its discretion by continuing to exercise supplemental jurisdiction over the remaining state-law claims. Specifically, the Fifth Circuit held that "a number of facts and circumstances weigh[ed] in favor of relinquishing

jurisdiction," which included, among others, that (1) the case was "only nine months" old; (2) trial was "still a few weeks away;" (3) "discovery had not been completed;" (4) remaining in federal court would not "prevent[ ] redundancy [or] conserve[ ] substantial judicial resources;" (5) there would be no "undue inconvenience" such as a "tremendous financial drain" or a necessity for new legal research if the case was remanded; (6) the parties would not be prejudiced by remand; and (7) "important interests of federalism and comity" heavily favored remand.  *See Enochs*, 641 F.3d at 162 (*quoting Parker & Parsley*, 972 F.2d at 587-89).

This case is most similar to *Enochs v. Lampasas County*.  There, a former employee of Lampasas County sued the County in Texas state court based on one state law claim and two federal claims.  *Enochs*, 641 F.3d at 157.   The County removed the case to federal court based on the federal claims.  *Id*.   Less than three months later, the plaintiff filed an unopposed motion to amend his complaint to delete all federal claims and filed a separate motion to remand since only a state law claim would remain after amendment.  *Id*.   The district court granted the plaintiff leave to remove the federal claims from his complaint but denied his motion to remand.  *Id*. at 157-58.

Noting that the circumstances in *Enochs* favored remand far more than those in *Parker & Parsley*, the Fifth Circuit held that the district court abused its discretion by failing to remand the case to state court.  *Id*. at 162-63. Specifically, the court noted:

> [W]hen this case became a purely Texas state law dispute, it was still in its infancy (less than three months old), no discovery had occurred, no hearings or trial dates had been scheduled, the district court was not even moderately familiar with any of the Texas state law issues, no financial or other inconvenience would have occurred, and no prejudice would have arisen.

*Id*. at 162.   Accordingly, the Fifth Circuit found that the statutory and common law factors "weigh[ed] heavily in favor of remanding the pendent Texas state law claims."   *Id*. at 163.

    **2.    Applying the reasoning in *Parker & Parsley* and *Enochs*, both the statutory and common law factors favor remand here.**

Both the statutory factors in 28 U.S.C. § 1367(c) and the common law factors heavily weigh in favor of remanding this case.

    **a.    The statutory factors**

Most notably, the second and third statutory factors strike a heavy balance in favor of remand. As in *Enochs*, the second statutory factor favors remand because Plaintiff's state-law tort claims "substantially predominate over the claim or claims over which the district has original jurisdiction" because the federal claims are nonexistent. 28 U.S.C. § 1367(c)(2); see *Enochs*, 641 F.3d at 159 (finding that the plaintiff's "Texas state law claims predominate over the non-existent federal claims"). Likewise, the third factor also favors remand because "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see *Enochs*, 641 F.3d at 159 (finding that "the district court dismissed all federal claims when it granted [plaintiff's] motion to file an amended complaint"). Additionally, the first factor, which considers whether "the claim raises a novel or complex issue of State law," favors remand because this case, along with the companion Yang case, involves multiple plaintiffs who have asserted personal injury claims against several defendants. See 28 U.S.C. § 1367(c)(1). Due to its size, this case will likely involve complex issues of Texas state law. Finally, the fourth factor, which considers whether "in exceptional circumstances, there are other compelling reasons for declining jurisdiction," favors remand because the heavy balance of the common law factors in favor of remand constitute a compelling reason for this Court to decline supplemental jurisdiction. 28 U.S.C. § 1367(c)(4). Accordingly, "the overall balance of the statutory factors weighs heavily in favor of remand." *Enochs*, 641 F.3d at 159.

b.      **The common law factors**

The common law factors, which include "judicial economy, convenience, fairness, and comity," also weigh in favor of remand.  *See id*. (citing *Carnegie-Mellon*, 484 U.S. at 353). Just like in *Enochs*, this case is only approximately three months old.  The federal case is only about three days old.  No discovery has occurred, no hearings have occurred, and no trial date has been set.  And as of the time that Plaintiff dismissed his claims against Cheramie Marine, no federal judicial resources have been devoted to consideration of the state law claims against the Teichman defendants and Lightering.  Like *Enochs*, there is also "no indication that the district court had any 'substantial familiarity' or was intimately familiar with the Texas state law claims at such an early stage of the litigation." *Id*.

Furthermore, as in *Enochs*, "[t[here would be no need for either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little ha[s] been done at th[is] point." *Enochs*, 641 F.3d at 159.  Indeed, it is difficult to imagine what inconvenience, harm, or prejudice to Teichman or Lightering would incur if this case was remanded back to state court in Houston.  Accordingly, "the judicial economy factor certainly favors remand" here.  See *id*. at 160 (holding that judicial economy factor favored remand because little work had been done by the district court or the parties regarding the state law claims).

As to the convenience factor, there is no indication that this case would be more convenient in this court than in state court.   In fact, the courts are only blocks from one another.   Moreover, as the Fifth Circuit noted in *Enochs*, the judicial economy and convenience factors are interrelated, so remand will not cause any financial inconvenience to the parties because they will not have "to duplicate any of their previous efforts or expenses." *Id*.

Next, this Court should consider fairness.   In *Enochs*, the Fifth Circuit found that "it was certainly fair to have had the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court." *Id*. (citing *Parker & Parsley*, 972 F.2d at 588).   The same is true here—there is nothing to indicate that any party would be prejudiced by a remand back to state court.   See *Enochs*, 641 F.3d at 161 ("The mistake which led the district court to abuse its discretion was in failing to reconsider its jurisdiction over the Texas state law claims as of the moment it granted [plaintiff's] motion to file an amended complaint deleting all federal claims from the case. Courts are instructed to examine their jurisdiction at every stage of the litigation.") (citation omitted).

Finally, as the Fifth Circuit held in *Enochs*, given that only purely state-law claims remain—over which no party argues there is federal question or diversity jurisdiction—"comity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determination of state law as are state courts.'"   *Id*. at 160; *see also Parker & Parsley*, 972 F.2d at 587-89; *Gibbs*, 383 U.S. at 726 (cautioning that "[n]eedless decisions of state law should be avoided").

Therefore, the overall balance of both the statutory and common law factors weighs heavily in favor of remand.

### 3.      Plaintiffs have not engaged in improper forum manipulation.

Finally, federal courts have been "instructed to guard against improper forum manipulation."   *Enochs*, 641 F.3d at 158 (*citing Carnegie-Mellon*, 484 U.S. at 357).   However, the Fifth Circuit recognizes that "plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping."   *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999).   The concern of "improper forum manipulation" is "not so serious of a concern that it

can become a trump card which overrides all of the other factors [courts] are instructed to consider and balance." *Enochs*, 641 F.3d at 161. Accordingly, the Fifth Circuit has found that plaintiffs can amend their complaints to delete the remaining federal claims without engaging in "improper forum manipulation." *See, e.g., Giles v. NYLCare Health Plans, Inc*., 172 F.3d 332, 340 (5th Cir. 1999).

Like the plaintiff in *Enochs*, Plaintiff has not engaged in improper forum manipulation, so this factor does not outweigh the other factors which support a remand here.  See *Enochs*, 641 F.3d at 161-62 (finding that the plaintiff's decision to drop his federal claims was "not a particularly egregious form of forum manipulation, if it is manipulation at all"); see also *Parker & Parsley*, 972 F.2d at 582, 590 (finding that the district abused its discretion in exercising supplemental jurisdiction even where the plaintiff had chosen to file its claims in federal court originally). Here, Plaintiff originally filed suit in state court in Houston and only alleged what he believed to be state-law claims.   Plaintiff sued a Harris County defendant who did not attempt to transfer the case to any other county.   Plaintiff believed then, as he does now, that there was no basis for removal.   Now that the case has again become a purely Texas state-law dispute, Plaintiff merely seeks to return to the court where the case was originally filed, and in which he believes the case belongs.  As such, Plaintiff has not engaging in improper forum manipulation, and this consideration does not weigh against remand.

### III.    ALTERNATIVELY, MOTION TO DISMISS

Alternatively, pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff moves to dismiss without prejudice his claims against the remaining defendants. *See* Fed. R. Civ. P. 41(a)(2). Motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. See

*Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990). The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)). Therefore, faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice. The exclusive basis for this Court's original subject matter jurisdiction, federal question, was destroyed when Cheramie Marine was dismissed. Plaintiff has no claims arising under federal law. There is incomplete diversity of jurisdiction among Plaintiffs and the remaining defendants. Defendants will not suffer any plain legal prejudice by this dismissal. Almost no discovery has yet occurred in this case and no depositions have occurred. For these reasons, and in the alternative, Plaintiff respectfully asks this Court to dismiss his claims against the remaining Defendants without prejudice as to refilling.

## IV.    CONCLUSION

For the foregoing reasons, well-established United States Supreme Court and Fifth Circuit precedent weigh heavily in favor of remanding to state court in Houston for Plaintiff's remaining state law negligence claims.   Therefore, Plaintiff respectfully requests that this Court decline to exercise its supplemental jurisdiction and remand this case back the 190th Judicial District Court of Harris County, Texas.   Plaintiffs further request any other relief to which they may be entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: */s/ Anthony G.Buzbee*
  Anthony G. Buzbee
  State Bar No. 24001820
  Federal Bar No. 22679
  JPMorgan Chase Tower
  600 Travis, Suite 7300
  Houston, Texas 77002
  Tel:   (713) 223-5393
  Fax: (713) 223-5909
  Email: tbuzbee@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
Christopher J. Leavitt
State Bar No. 24053318
Fed. ID No. 1045581
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Phone: (713) 223-5393
Facsimile: (713) 223-5909
Email: CLeavitt@txattorneys.com

## **CERTIFICATE OF CONFERENCE**

I hereby certify that Plaintiff's counsel conferred with all interested parties in accordance with the Federal Rules of Civil Procedure on **January 23, 2018**, but none of the interested parties responded to Plaintiff's letter.   Accordingly, this motion is being filed as opposed.


_____
*/s/ Christopher J. Leavitt*
Christopher J. Leavitt


## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all interested parties in accordance with the Federal Rules of Civil Procedure on the **January 24, 2018**.


_____
*/s/ Christopher J. Leavitt*
Christopher J. Leavitt

10/3/2017 2:47 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19828646
By: Wanda Chambers
Filed: 10/3/2017 2:47 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| MARCUS WILSON, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | \_\_\_\_ JUDICIAL DISTRICT |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | |
| INC., EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. & OSG LIGHTERING, LLC | § | |
| *Defendants.* | § | <u>**JURY TRIAL DEMANDED**</u> |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THIS HONORABLE COURT:

 Plaintiff files this Original Petition against Defendants Teichman Group, LLC, T&T Marine, Inc., Express Professional Services, Inc., and OSG Lightering, LLC and respectfully show this Honorable Court the following:

<u>**Summary of this Case**</u>

 On September 20, 2017, Blake Carlisle was working for Express Professional Services at the T&T Marine facility in Galveston. This facility was leased to OSG Lightering. T&T Marine is a subsidiary of the Teichman Group, LLC. Teichman is an international provider of marine services to companies across the globe. Plaintiff had only begun working at this facility several days before. On the day of the incident, OSG Lightering was offloading and backloading a vessel at the T&T owned facility. OSG was using a T&T Marine crane and crane operator. At approximately 11am on September 20, a crane toppled over on top of Blake Carlisle during his shift, killing him. The crane was being operated without its outriggers extended, making the crane extremely dangerous to use. But for the egregious conduct of the Defendants, this preventable accident would not have occurred.

 Plaintiff seeks more than $25 million from the Defendants.



# I.
# Discovery Control Plan

Plaintiff intends to conduct discovery under Level 2.

# II.
# Parties

Plaintiff Marcus Wilson is a resident of Texas.  Mr. Wilson is the father of Blake Carlisle.

Defendant T&T Marine, Inc. is a domestic corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554.

Defendant Teichman Group, LLC is a domestic limited liability company doing business in Texas.  Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554.

Defendant Express Professional Services, Inc. is a domestic for profit corporation doing business in Texas.  Defendant can be served via its registered agent in Texas, Daniel Nino, at 10190 Katy Freeway, Ste. 5100, Houston, Texas 77043.

Defendant OSG Lightering, LLC is a foreign limited liability company doing business in Texas.  Defendant can be served via registered agent in Texas, CT Corp System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

# III.
# Venue and Jurisdiction

Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs; however, federal courts lack subject matter over this action, as there is no federal question and there is incomplete diversity of citizenship due to the presence of a plaintiff and a defendant who are both residents and citizens of Texas.  Removal would thus be improper.  No party is asserting

any claims arising under the Constitution, treaties, or laws of the United States.  Venue is proper in this County as at least one Defendant maintains a principal office here.

## IV.
## Facts

This case arises from negligence that occurred at Plaintiff's place of work.  An improperly placed and operated crane was operating at the T&T Marine facility on September 20, 2017.  The crane, an 80 ton Tadano GT 800XL, overturned while operating free on wheels with a fair bit of boom extended. The crane fell over sideways, and, according to local reports, its boom landed on Mr. Carlisle and his co-worker.  These two workers eventually died from their injuries.

## V.
## Causes of Action

### Negligence – All Defendants

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

Defendants owned and operated the crane.  The crane was placed negligently and was being operated negligently.  Specifically, Defendants breached their duty in the following ways:

1.    Causing, or permitting to be caused, a crane collapse;

2.    Failing to maintain a safe work place;

3.    Failing to have a reliable system to prevent the incident;

4.    Failing to operate the crane in a safe and prudent manner;

5.    Failing to exercise reasonable and prudent care in the operations which were occurring at the facility on the date of the incident;

6.    Failing to implement, follow, and enforce proper operations procedures;

7.    Failing to keep a proper lookout;

8.    Failing to implement, follow, and enforce proper safety procedures;

9.      Failing to properly inspect, maintain and equip the crane in a prudent manner;

10.     Failing to implement, follow, and enforce proper hazard analysis;

11.     Failing to properly operate the crane;

12.     Failing to properly train and staff members operating the Crane;

13.     Failing to properly supervise those operating the Crane;

14.     Failing properly maintain the Crane;

15.     Failing to properly inspect the Crane;

16.     Failure to properly stabilize the Crane.

Defendants' breach of these duties, one or a combination thereof, proximately caused injuries brought forth by the Plaintiff.

The acts of negligence committed by Defendants' agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by Defendant, who is therefore liable under the doctrine of respondeat superior for their negligent actions.

**Gross Negligence – All Defendants**

Defendants were grossly negligent and acted with malice, as those terms are understood under Texas law, and such conduct was a proximate cause of the occurrence and of Plaintiffs' injuries and damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiffs therefore ask for and are entitled to punitive and exemplary damages in addition to all actual damages.

## VI.
## Damages

As stated, Plaintiff's injuries are extensive.  The Plaintiff in this case seeks wrongful death damages, and survival damages on behalf of the estate. As a direct and proximate result of the foregoing events, Plaintiff has suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, including mental anguish, loss of services, and loss of consortium, all for which Plaintiffs seek recovery herein.

Plaintiff seeks all wrongful death damages allowed by Texas law.

## VII.
## Exemplary Damages

Plaintiff seeks to recover exemplary damages against all Defendants based on their gross negligence in causing the incident and resulting injuries and damages made the basis of this suit.

## VIII.
## Demand for Jury

Plaintiff demands a jury trial and has tendered the appropriate fee.

## IX.
## Requests for Disclosure

Pursuant to Tex. R. Civ. P. 194, Plaintiffs requests that each Defendants disclose within fifty (50) days of service of this Request for Disclosure, the information and/or material described in Rule 194.2.

## X.
## Prayer

For these reasons, Plaintiff asks that Defendants be cited to appear and answer, and that they have judgment against Defendants for the following:

a.    Actual damages for mental anguish, loss of consortium, wrongful death damages, and loss of services, within the jurisdictional limits of this Court, but no less than $25,000,000:

b.    Exemplary damages;

c.    Court costs;

d.    Pre and post judgment interest; and

e.    All other relief to which the Plaintiff is justly entitled.

Respectfully submitted,

### THE BUZBEE LAW FIRM

By: */s/ Anthony G.Buzbee*
        Anthony G. Buzbee
        State Bar No. 24001820
        tbuzbee@txattorneys.com
        Christopher J. Leavitt
        State Bar No. 24053318
        cleavitt@txattorneys.com
        JP Morgan Chase Tower
        600 Travis, Suite 6850
        Houston, Texas  77002
        Telephone: (713) 223-5393
        Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**

11/6/2017 10:18 AM
Chris Daniel - District Clerk Harris County
Envelope No. 20520801
By: Tammy Tolman
Filed: 11/6/2017 10:18 AM

## CAUSE NO. 2017-65533

| | | |
|---|---|---|
| MARCUS WILSON | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 190th JUDICIAL DISTRICT |
| | § | |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | |
| INC., EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. & OSG LIGHTERING, LLC, | § | HARRIS COUNTY, TEXAS |
| *Defendants.* | § | |

### LIGHTERING LLC'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW Defendant Lightering LLC (formerly known as OSG Lightering, LLC[1]) (hereafter "Lightering"), and files this Motion to Transfer Venue and, subject thereto, Answer to the Original Petition filed by Plaintiff Marcus Wilson (hereafter "Plaintiff"), and in further support of the foregoing would respectfully show as follows:

### I.   LIGHTERING'S MOTION TO TRANSFER VENUE

1.      This lawsuit concerns a fatal accident that occurred on September 20, 2017, at T&T Offshore's facility located on Pelican Island in Galveston, Texas.  On that day, a T&T employee was operating a T&T owned crane in order to load Lightering's equipment onto an offshore supply vessel docked at T&T's facility.  In the course of operating the crane, a 60-ton Tadano mobile crane positioned on the T&T dock alongside the supply vessel, the T&T employee failed to ensure the crane's outriggers were in place before he began swinging the crane's boom towards a piece of equipment located on the dock behind the crane.  It is believed that due to the T&T employee's failure to deploy the crane's outriggers, shortly after the crane operator began swinging the boom back toward the waiting equipment, the boom's weight pulled the crane over onto its side.  As a

---

[1] OSG Lightering LLC changed its name to Lightering LLC on July 21, 2017.

143993.06504/106200360v.1

**PLAINTIFF'S EXHIBIT 2**

result, the boom fell and struck two individuals, Tai Chi Vong and Blake Carlisle, the Plaintiff's Decedent, killing them instantly.

2.    Plaintiff filed the present lawsuit on October 3, 2017. Among other allegations, Plaintiff asserts that venue is proper in Harris County because "at least one Defendant maintains a principal office here."[2] Plaintiff's Petition does not specify which of the Defendants he alleges maintains a principal office in Harris County.[3]

3.    Lightering is a limited liability company organized under the laws of the Republic of Liberia. Its principal office in Texas is located at 10001 Woodloch Forest Drive, #325, The Woodlands, Texas 77380, which is in Montgomery County. Two of the other defendants in the case, T&T Marine, Inc., and Teichman Group, LLC, are believed to have their principal offices in Galveston County. Finally, the fourth defendant named in the Petition, Express Services (misnamed or misidentified as "Express Professional Services, Inc."),[4] is also believed to have its principal office in Galveston County.

4.    Based on the foregoing, Lightering submits that Plaintiff has not and cannot meet his burden to establish that Harris County is a proper venue under the general venue statute, Texas Civil Practice & Remedies Code § 15.002(a), which governs in this case. Moreover, Harris County is not a proper venue because none of the defendants have their principal office in this state in Harris County. Because at least one of the defendants, Lightering, has its principal office in this state in Montgomery County, venue is proper there under the general venue statute. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3). Based on the foregoing, Lightering respectfully submits that this lawsuit should be transferred to Montgomery County, Texas.

---

[2] *See* Plaintiff's Original Petition at p. 3.
[3] *Id.*
[4] The two decedents were working for Lightering pursuant to an agreement between Lightering and staffing agency Express Services, Inc., which is the entity Lightering believes Plaintiff intended to name in his Petition.

## II.    SUBJECT TO ITS MOTION TO TRANSFER VENUE, DEFENDANT'S ORIGINAL ANSWER

SUBJECT TO THE FOREGOING MOTION TO TRANSFER VENUE, Lightering files its Original Answer and respectfully asks that the Plaintiff take nothing by way of his lawsuit, and in this regard would respectfully show unto this Honorable Court the following:

### GENERAL DENIAL

1.      Lightering generally denies Plaintiff's allegations under Rule 92 of the Texas Rules of Civil Procedure and demands that Plaintiff prove his allegations by a preponderance of the credible evidence as is required by the Constitution and laws of the State of Texas.

### AFFIRMATIVE DEFENSES

2.      Without waiving any other defenses, Lightering pleads the substantive protections and exclusiveness of liability of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950, and submits that Lightering, as the Plaintiff's Decedent's borrowing employer, is immune from all tort liability due to the LHWCA's exclusivity provision, 33 U.S.C. § 905(a).

3.      Without waiving any other defenses, Plaintiff has failed to state a cause of action upon which relief can be granted against Lightering.

4.      Without waiving any other defenses, the damages allegedly sustained by Plaintiff were proximately caused or contributed to by the acts or omissions of third parties for whom Lightering is not responsible.  Such acts were the sole proximate cause, producing cause, new and independent intervening cause, and/or superseding cause of the alleged injuries claimed by Plaintiff.

5.      Without waiving any other defenses, Plaintiff's alleged damages, if any, resulted from an intervening or superseding or a new and independent cause which was the proximate

and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiff. Such separate and independent events or agencies destroyed a causal connection, if any, between any alleged breach of legal duty on the part of Lightering and any injuries alleged by Plaintiff, and thereby became the immediate and/or sole cause and/or proximate cause of the occurrences and/or alleged injuries, relieving Lightering of liability to Plaintiff.

6.      Without waiving any other defenses, Lightering invokes the defenses and limitations of contribution and proportionate responsibility of plaintiff, defendants, settling parties and responsible third parties. The term "responsible third party" means any person who caused or contributed to cause in any way the harm for which recovery of damages is sought.

7.      Without waiving any other defenses, the illnesses, injuries, and/or damages allegedly suffered by Plaintiff were caused or contributed to, in whole or in part, by an unavoidable accident, Act of God, and/or conditions of wind, weather, or other inevitable hazard and/or inscrutable fault.

8.      Without waiving any other defenses, Lightering would show that if it is found liable to Plaintiff in any amount, it is entitled to a credit or set-off for any and all sums Plaintiff has received in the way of any and all settlements. In the alternative, Lightering asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or plaintiff.

9.      Without waiving any other defenses, in addition to any other limitation under law, recovery of medical expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

10.      Without waiving any other defenses, to the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity or other pecuniary losses, he must present evidence of such

damages in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to state or federal law.

11.     Without waiving any other defenses, Plaintiff is not entitled to punitive and/or exemplary damages as a matter of law, and Lightering invokes and relies upon any and all rights it has regarding claims for such damages, as well as any and all limitations applicable to claims for such damages.

12.     Without waiving any other defenses, Lightering expressly reserves the right to amend and/or supplement these affirmative defenses.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Lightering prays that it has judgment on its behalf, together with all costs, and that Lightering has such other and further relief, both special and general, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Michael K. Bell*
Michael K. Bell
State Bar No. 02081200
David G. Meyer
State Bar No. 24052106
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone:  (713) 228-6601
Fax:  (713) 228-6605
Email: mbell@blankrome.com
Email: dmeyer@blankrome.com
***ATTORNEYS FOR LIGHTERING LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon all known counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure on this 6th day of November, 2017, as follows:

Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
*Attorneys for Plaintiff*

/s/ David G. Meyer
David G. Meyer

143993.06504/106200360v.1

11/27/2017 4:01 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20917346
By: Lisa Thomas
Filed: 11/27/2017 4:01 PM

## CAUSE NO. 2017-65533

| | | |
|---|---|---|
| MARCUS WILSON, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | 190th JUDICIAL DISTRICT |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| TEICHMAN GROUP, LLC, T&T MARINE, | § | |
| INC., EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. & OSG LIGHTERING, LLC | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THIS HONORABLE COURT:

Plaintiff files this Original Petition against Defendants Teichman Group, LLC, T&T Marine, Inc., Express Professional Services, Inc, OSG Lightering, LLC, and Cheramie Marine, LLC and respectfully show this Honorable Court the following:

### Summary of this Case

On September 20, 2017, Blake Carlisle was working for Express Professional Services at the T&T Marine facility in Galveston. This facility was leased to OSG Lightering. A Cheramie Marine vessel was being offloaded. T&T Marine is a subsidiary of the Teichman Group, LLC. Teichman is an international provider of marine services to companies across the globe. Plaintiff had only begun working at this facility several days before. On the day of the incident, OSG Lightering was offloading and backloading a Cheramie Marine vessel at the T&T owned facility. OSG and Cheramie Marine were using a T&T Marine crane and crane operator. At approximately 11am on September 20, a crane toppled over on top of Blake Carlisle during his shift, killing him. The crane was being operated without its outriggers extended, making the crane extremely dangerous to use. But for the egregious conduct of the Defendants, this preventable accident would not have occurred.

PLAINTIFF'S
EXHIBIT

3

Plaintiff seeks more than $25 million from the Defendants.

## I.
## Discovery Control Plan

Plaintiff intends to conduct discovery under Level 2.

## II.
## Parties

Plaintiff Marcus Wilson is a resident of Texas.  Mr. Wilson is the father of Blake Carlisle.

Defendant T&T Marine, Inc. is a domestic corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554.  No citation is requested at this time.

Defendant Teichman Group, LLC is a domestic limited liability company doing business in Texas.  Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554.  No citation is requested at this time.

Defendant Express Professional Services, Inc. is a domestic for profit corporation doing business in Texas.  Defendant can be served via its registered agent in Texas, Daniel Nino, at 10190 Katy Freeway, Ste. 5100, Houston, Texas 77043.  No citation is requested at this time.

Defendant OSG Lightering, LLC is a foreign limited liability company doing business in Texas.  Defendant can be served via registered agent in Texas, CT Corp System, 1999 Bryan St., Ste. 900, Dallas, TX 75201. No citation is requested at this time.

Defendant Cheramie Marine, LLC is a foreign limited liability company doing business in Texas.  Defendant does not keep a registered agent in Texas, and, as such, this defendant must be served via the Texas Secretary of State at Secretary of State, P.O. Box 12079, Austin, Texas

78711-2079, for service upon Cheramie's President, Dino Cheramie, at 11603 Hwy 308, Larose, Louisiana 70373.

## III.
## Venue and Jurisdiction

Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs; however, federal courts lack subject matter over this action, as there is no federal question and there is incomplete diversity of citizenship due to the presence of a plaintiff and a defendant who are both residents and citizens of Texas.  Removal would thus be improper.  No party is asserting any claims arising under the Constitution, treaties, or laws of the United States.  Venue is proper in this County as at least one Defendant maintains a principal office here.

## IV.
## Facts

This case arises from negligence that occurred at Plaintiff's place of work.  An improperly placed and operated crane was operating at the T&T Marine facility on September 20, 2017.  The crane, an 80 ton Tadano GT 800XL, overturned while operating free on wheels with a fair bit of boom extended. The crane fell over sideways, and, according to local reports, its boom landed on Mr. Carlisle and his co-worker.  These two workers eventually died from their injuries.

## V.
## Causes of Action

### Negligence – All Defendants

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

Defendants owned and operated the crane.  The crane was placed negligently and was being operated negligently.  Specifically, Defendants breached their duty in the following ways:

1.     Causing, or permitting to be caused, a crane collapse;

2.      Failing to maintain a safe work place;

3.      Failing to have a reliable system to prevent the incident;

4.      Failing to operate the crane in a safe and prudent manner;

5.      Failing to exercise reasonable and prudent care in the operations which were occurring at the facility on the date of the incident;

6.      Failing to implement, follow, and enforce proper operations procedures;

7.      Failing to keep a proper lookout;

8.      Failing to implement, follow, and enforce proper safety procedures;

9.      Failing to properly inspect, maintain and equip the crane in a prudent manner;

10.     Failing to implement, follow, and enforce proper hazard analysis;

11.     Failing to properly operate the crane;

12.     Failing to properly train and staff members operating the Crane;

13.     Failing to properly supervise those operating the Crane;

14.     Failing properly maintain the Crane;

15.     Failing to properly inspect the Crane;

16.     Failure to properly stabilize the Crane.

Defendants' breach of these duties, one or a combination thereof, proximately caused injuries brought forth by the Plaintiff.

The acts of negligence committed by Defendants' agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by Defendant, who is therefore liable under the doctrine of respondeat superior for their negligent actions.

**<u>Gross Negligence – All Defendants</u>**

Defendants were grossly negligent and acted with malice, as those terms are understood under Texas law, and such conduct was a proximate cause of the occurrence and of Plaintiffs' injuries and damages.   Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiffs therefore ask for and are entitled to punitive and exemplary damages in addition to all actual damages.

**VI.**
**<u>Damages</u>**

As stated, Plaintiff's injuries are extensive.   The Plaintiff in this case seeks wrongful death damages, and survival damages on behalf of the estate. As a direct and proximate result of the foregoing events, Plaintiff has suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, including mental anguish, loss of services, and loss of consortium, all for which Plaintiffs seek recovery herein.

Plaintiff seeks all wrongful death damages allowed by Texas law.

**VII.**
**<u>Exemplary Damages</u>**

Plaintiff seeks to recover exemplary damages against all Defendants based on their gross negligence in causing the incident and resulting injuries and damages made the basis of this suit.

**VIII.**
**<u>Demand for Jury</u>**

Plaintiff demands a jury trial and has tendered the appropriate fee.

## IX.
## Requests for Disclosure

Pursuant to Tex. R. Civ. P. 194, Plaintiffs requests that each Defendants disclose within fifty (50) days of service of this Request for Disclosure, the information and/or material described in Rule 194.2.

## X.
## Prayer

For these reasons, Plaintiff asks that Defendants be cited to appear and answer, and that they have judgment against Defendants for the following:

a.      Actual damages for mental anguish, loss of consortium, wrongful death damages, and loss of services, within the jurisdictional limits of this Court, but no less than $25,000,000:

b.      Exemplary damages;

c.      Court costs;

d.      Pre and post judgment interest; and

e.      All other relief to which the Plaintiff is justly entitled.

Respectfully submitted,

### THE BUZBEE LAW FIRM

By: */s/ Anthony G.Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
State Bar No. 24053318
cleavitt@txattorneys.com
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas  77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on November 27, 2017 as set forth below:

*Via Facsimile: (713) 228-6605*
Michael K. Bell
David G. Meyer
BLANK ROME, LLP
717 Texas Avenue, Suite 1400
Houston, TX 77002
*Counsel for Lightering, LLC*

*Via Facsimile: (713) 277-7220*
Scott R. Davis
HICKS DAVIS WYNN P.C.
3700 Buffalo Speedway, Suite 520
Houston, TX 77098
*Counsel for Express Professional Services, Inc.*

*Via Facsimile: (713) 574-2942*
Susan Noe Wilson
Michael W. Hogue
SCHOUEST, BAMHAS, SOSHEA & BENMAIER, PLLC
1001 McKinney, Suite 1400
Houston, TX 77002
*Counsel for Teichman Group, LLC & T&T Offshore, Inc.*

*/s/ Christopher J. Leavitt*
Christopher J. Leavitt

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS WILSON | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action No. 4:18-CV-162 |
| | § | |
| TEICHMAN GROUP, LLC., *et al.,* | § | |
| *Defendants.* | § | |

**ORDER ON PLAINTIFF'S OPPOSED MOTION TO REMAND; ALTERNATIVELY,
<u>MOTION TO DISMISS WITHOUT PREJUDICE</u>**

Plaintiff's Motion to Remand was heard by the Court, who having considered the Motion, grants the same as to form and content.

It is, therefore, ORDERED that Plaintiff's motion to remand is hereby GRANTED.

Alternatively, Plaintiff's Motion to Dismiss Without Prejudice was heard by the Court, who having considered the Motion, grants the same as to form and content.

It is, therefore, ORDERED that Plaintiff's motion to dismiss is GRANTED, and Plaintiff's claims are dismissed without prejudice.

SIGNED this _____ day of _____, 2018.


_____
JUDGE PRESIDING

1