IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAO LEE YANG, et al., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. H-18-161 |
| CHERAMERIE MARINE, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT EXPRESS PROFESSIONAL SERVICES, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Express Professional Services, Inc. ("EPS") files this motion for summary judgment and costs pursuant to Federal Rules of Civil Procedure 54 and 56, respectfully showing:

**I. SUMMARY OF MOTION**

This is a consolidated wrongful death case against multiple defendants. Plaintiff Marcus Wilson alleges that EPS employed the decedent at a marine facility in Galveston, Texas, but Plaintiff has sued the wrong company. The summary judgment evidence establishes that:

- EPS never employed the decedent,
- EPS has never worked at the T&T Marine facility, and
- EPS has never worked in Galveston.

Instead, EPS is a small janitorial company that works for health fitness centers and movie theaters in Harris and Fort Bend counties. EPS unfortunately has a name that is apparently similar to the company that employed the decedent, "Express Service, Inc." The misidentification and wrongful joinder of EPS has been repeatedly brought to Plaintiff's counsel's attention by EPS and at least one other defendant. In the companion case to this one arising out of the same alleged accident, in which Plaintiff's counsel *also* wrongly named EPS as a defendant, EPS was forced to

file a motion for summary judgment in state court (prior to removal) to extricate itself from the suit. The plaintiff nonsuited EPS three days after that motion was filed. But the Plaintiff in *this* suit did not nonsuit EPS from this companion case. As a result of being wrongly named as a Defendant, EPS—a small business—has been forced to incur approximately $4,200 in attorney's fees to monitor and defend itself (fees which EPS is not seeking at this time).[1]

Accordingly, EPS now files this motion for summary judgment seeking to extricate itself from *this* lawsuit as well.

## II. SUMMARY JUDGMENT EVIDENCE

The following evidence is attached and incorporated in this motion:

**Exhibit 1:**   Affidavit of Daniel Nino[2]

## III. FACTUAL BACKGROUND

Attached as Exhibit 1 to this motion is the Affidavit of Daniel Nino, the sole shareholder and registered agent for EPS. Mr. Nino confirms that EPS has *never* employed the decedent, never worked at the T&T marine facility, and never worked in Galveston. Ex. 1.  EPS is a small company that provides janitorial services and employs only two people. Ex. 1. EPS has never employed anyone other than Mr. Nino and his brother. Ex. 1.

Counsel for EPS informed Plaintiff that it was not the correct party within days of EPS being served with citation. Plaintiff's counsel requested an affidavit confirming same, and on October 30, 2017, EPS provided Plaintiff's counsel with the affidavit.

On November 6, 2017, co-defendant Lightering LLC filed a motion to transfer venue. Lightering's motion confirms that EPS is the wrong party, admitting that the decedent was working

---

[1] Prior to removal to this Court and consolidation, EPS filed its motion for summary judgment in state court in *Yang* v. *Cheramerie Marine, LLC, et al.* Plaintiff subsequently nonsuited EPS in that case. This motion seeks dismissal of the claims against EPS in *Wilson* v. *Lightering, LLC, et al.*
[2] Mr. Nino's affidavit references this lawsuit by its styling and cause number prior to removal.

2

for Lightering through a staffing agency named "Express Services, Inc."[3] On November 8, 2017, EPS's counsel requested the status of dismissing the claims against EPS. No dismissal occurred.

### IV. ARGUMENT

Plaintiff has sued the wrong party. EPS has nothing to do with this case and accordingly the negligence claims against it should be dismissed. A party may move for summary judgment identifying each claim on which summary judgment is sought.[4] The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[5]

It is axiomatic that there can be no cause of action for negligence against a defendant that owed no legal duty to the plaintiff.[6] The existence of a duty is a question of law for the court to decide from the particular facts of the case.[7]

Plaintiff alleges negligence and gross negligence against all defendants, and alleges that EPS employed the decedent.[8] The existence of a duty is a question of law for the court to decide from the particular facts of the case.[9] The Court must dismiss Plaintiff's claims against EPS because EPS owes no duty to Plaintiff. EPS never employed the decedent and never worked in Galveston. EPS was not involved in, and has no personal knowledge of, any of the alleged facts that give rise to this case. Given these undisputed facts, EPS owed no duty to Plaintiff, and there

---

[3] *See* Lightering LLC's *Motion to Transfer Venue and, Subject Thereto, Answer to Plaintiff's First Amended Petition* (Nov. 6, 2017) (Envelope No. 20520801). The Court may take judicial notice of this filing.
[4] FED. R. CIV. P. 56(a).
[5] *Id.*
[6] *See, e.g.*, *A.H. Belo Corp.* v. *Corcoran*, 52 S.W.3d 375, 382-83 (Tex.App.—Houston [1st Dist.] 2001, pet. denied).
[7] *Henderson* v. *CC-Parque View, LLC*, 2017 WL 2178882, at *3 (Tex.App.—Houston [1st Dist.] May 18, 2017, no pet.).
[8] Plaintiff's Original Petition at 1, 3-4.
[9] *Henderson*, 2017 WL 2178882, at *3.

is no basis for Plaintiff's negligence and gross negligence claims against EPS.[10]

Pursuant to Federal Rule of Civil Procedure 51(d), costs should be awarded to Defendant Express Professional Services, Inc.

## IV. PRAYER

For these reasons, Defendant Express Professional Services, Inc. prays that the Court grant its motion for summary judgment and dismiss Plaintiff's claims of negligence and gross negligence against EPS with prejudice; that Plaintiff take nothing by reason of its suit against EPS; that costs be awarded to EPS and taxed against Plaintiff; and for such other and further relief, both at law and equity, to which Defendant EPS may be justly entitled.

Date: February 15, 2018    Respectfully submitted,

/s/ *Scott R. Davis*
Scott R. Davis - Lead Attorney
TBA No. 24059660
Federal I.D. No. 873625
3700 Buffalo Speedway, Suite 520
Houston, Texas 77098
Telephone: (713) 589-2240
Facsimile: (713) 277-7220
Email: sdavis@hdwlegal.com

**ATTORNEY IN CHARGE FOR DEFENDANT EXPRESS PROFESSIONAL SERVICES, INC.**

**OF COUNSEL:**

Guillaume Buell
TBA No. 24080813
Federal I.D. No. 1512655
**HICKS DAVIS WYNN, PC**
3700 Buffalo Speedway, Suite 520
Houston, Texas 77098

---

[10] *Henderson*, 2017 WL 2178882, at *3, 6 (affirming grant of traditional summary judgment on negligence claim where no duty existed).

Telephone:  (713) 589-2240
Facsimile:  (713) 277-7220

**ATTORNEYS FOR DEFENDANT
EXPRESS PROFESSIONAL SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2018, this document was electronically served on the parties listed below who are registered to receive notifications via the Court's CM/ECF system and are listed on the Civil Docket as counsel for this case:

**Plaintiff Marcus Wilson**

Anthony G. Buzbee
tbuzbee@txattorneys.com

**Defendant Lightering LLC**

Michael K. Bell
mbell@blankrome.com

**Defendants Teichman Group, LLC and T&T Offshore, Inc.**

Susan D. Noe Wilson
snoewilson@sbslaw.com

Christina Fontenot Crozier
christina.crozier@haynesboone.com

Lynne Liberato
lynne.liberato@haynesboone.com

Mark Ryan Trachtenberg
mark.trachtenberg@haynesboone.com

Maxwell Lane Lowrey
llowrey@sbsblaw.com

Michael W Hogue
mhogue@sbsblaw.com

Thomas C Fitzhugh , III
tcf@longshore.org

                                            */s/ Guillaume Buell*
                                            Guillaume Buell