IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAO LEE YANG, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| VS. § | Civil Action No. H-18-161 |
| § | |
| CHERAMERIE MARINE, LLC., *et al.,* § | |
| *Defendants.* § | |

### PLAINTIFFS' OPPOSED MOTION TO REMAND; ALTERNATIVELY, MOTION TO DISMISS WITHOUT PREJUDICE[1]

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

Plaintiffs file this Motion to Remand pursuant to 28 U.S.C. §1447(c), seeking a remand of this case to the 164th Judicial District Court of Harris County, Texas, in response to Defendants Lightering, LLC and Cheramie Marine, LLC's Removal that was filed January 19, 2018 (Doc.1). In support thereof, Plaintiffs respectfully show:

### I. INTRODUCTION

Plaintiffs are Kao Lee Yang and her two children, minors SV & TV. Mrs. Yang was the common law wife of Tai Chi Vong. Mr. Vong was the minors' father. Mr. Vong was killed when a crane toppled over on top of him at work. Plaintiffs filed the underlying lawsuit, Cause No. 2017-62979; In the 164th District Court of Harris County on September 22, 2017, seeking damages against Defendants Teichman Group, LLC, T&T Marine, Inc., and Express Professional Services, Inc.[2] Plaintiffs added Lightering, LLC to the case on October 3.[3] Defendant Lightering

---

[1] Plaintiff Marcus Wilson filed a motion to remand on January 24, 2018; the Court later consolidated his case with the instant lawsuit. In response to Wilson's motion to remand, the Court issued an Order denying remand for both Wilson and the Yang plaintiffs. The Yang plaintiffs had not yet filed a motion to remand at the time of the Order, however to avoid any issues related to waiver of remand, the Yang plaintiffs file their motion to remand now.

[2] Much like the *Wilson* case, Plaintiffs never sued or served T&T Offshore. Plaintiffs later settled with T&T Offshore at mediation, but T&T Offshore was never a party in this case or the *Wilson* case.

[3] Ex.1: Plaintiff's first amended petition.

answered this lawsuit on November 6, 2017.[4] On November 27, 2017, Plaintiffs amended the petition again to add Defendant Cheramie Marine.[5] Without filing an answer, Cheramie Marine removed this case on January 19, 2018. Plaintiffs voluntarily dismissed Cheramie Marine on January 22, 2018 (Doc.2).

For the reasons set forth herein, Plaintiffs' lawsuit should be remanded in its entirety to the 164th Judicial District Court of Harris County, Texas in which it was filed.

## II. CONTROLLING LAW

There is an open, unsettled question on whether this Court has federal question jurisdiction over Plaintiffs' claims against Cheramie Marine based solely on admiralty jurisdiction.[6] This Court, however, does not have to consider this question because all claims against Cheramie Marine were dismissed, the claims against the T&T defendants were settled, and Plaintiffs' remaining claims are purely state-law claims, over which this Court does not have original jurisdiction.[7] There is no diversity jurisdiction either as discussed below. Therefore, pursuant to 28 U.S.C. § 1447(c) and § 1367(c), Plaintiffs respectfully request that this Court decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims, and also determine that there

---

4 Ex.2: Lightering, LLC's Answer.
5 Ex.3: Plaintiff's second amended petition.
6 See *Sanders v. Cambrian Consultants (CC) Am., Inc*., 132 F.Supp.3d 853, 855 (S.D. Tex. 2015); *Ritchy v. Kirby Corp*., 2015 WL 4657548, at *3 (S.D. Tex. Aug. 5, 2015)(Hanks, J.); *Alexander v. Seago Consulting, LLC*, 2014 WL 2960419, at *1 (S.D. Tex. June 23, 2014)(Hoyt, J.); *Clear Lake Marine Ctr., Inc. v. Leidolf*, 2015 WL 1876338, at *1–3 (S.D. Tex. Apr. 22, 2015)(Lake, J.); *Serigny v. Chevron U.S.A., Inc*., No. 14–0598, 2014 WL 6982213, at *4 (W.D. La. Dec. 9, 2014)(collecting cases); *Parker v. U.S. Environmental Svcs., LLC*, G–14–292, 2014 WL 7338850 (S.D.Tex. Dec.22, 2014) (Ellison, J.); *Figueroa v. Marine Inspection Services*, 28 F.Supp.3d 677 (S.D. Tex. 2014) (Ramos, J.); *Rutherford v. Breathwite Marine Contractors, Ltd*., No. G–13–0312, 2014 WL 6388786 (S.D.Tex. Nov.12, 2014) (Gilmore, J.); *Waddell v. Edison Chouest Offshore*, No. G–14–170, 2015 WL 1285718 (S.D. Tex. March 20, 2015) (Harmon, J.); *Rogers v. BBC Chartering America, LLC*, No. H–13–3741, 2014 WL 819400 (S.D. Tex. March 3, 2014) (Hoyt, J.); *Mims v. Deepwater Corrosion Servs., Inc*., 90 F.Supp.3d 679, 691 (S.D. Tex. 2015); *Forde v. Hornblower New York, LLC*, 243 F.Supp.3d 461, 468 (S.D.N.Y. 2017); *Sanders; Gregoire v. Enterprise Marine Services, LLC*, 38 F.Supp.3d 749, 759–62 (E.D. La.2014) (Duval, J.).
7 In the event Lightering contends the claims against it do invoke federal jurisdiction, its right to remove those claims based on such was waived long ago. See 28 U.S.C. § 1441(b)(1) (requiring notice of removal be filed within 30 days after a defendant receives through service "or otherwise" of a copy of the initial pleading).

is no diversity jurisdiction, and that this case be remanded to the 164th Judicial District Court of Harris County, Texas.

### A. Standard for remand.

A federal court has subject matter jurisdiction over two types of cases: (1) those arising under the Constitution, laws, or treaties of the United States (federal question jurisdiction), and (2) those in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000 ('diversity' jurisdiction)." See 28 U.S.C. §§ 1331, 1332.

"The removing defendant bears the burden of establishing federal jurisdiction. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (*quoting In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

### B. The Court lacks original jurisdiction over any of Plaintiffs' remaining claims.

General maritime claims are not removable on that basis alone (*see* Footnote 6). However, the Court does not need to consider that question to determine whether it has original jurisdiction over this case. On January 22, 2018, Plaintiffs voluntarily dismissed all claims against Cheramie Marine. [Doc. 2]. Plaintiffs were entitled to voluntarily dismiss the claims against Cheramie Marine under Federal Rule of Civil Procedure 41, which provides that a plaintiff has the absolute right—without the need for court action—to dismiss claims against a defendant who has not yet filed either an answer or a summary judgment motion. See Fed. R. Civ. P. 41(a)(1)(A)(i). A notice of dismissal filed under Rule 41(a)(1)(A)(i) is self-executing and instantaneous. *See, e.g., American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) (holding that voluntary dismissal notice under Rule 41(a)(1)(A)(i) itself closes the file).

It is undisputed that Plaintiffs' claims against Cheramie Marine formed the only basis for federal question jurisdiction. In fact, Defendant's notice of removal provides as much: "Plaintiff has asserted claims against Cheramie, the owner of the Elliott Cheramie, and any claims against Cheramie by definition are claims for damage caused by a vessel under the Admiralty Extension Act, 46 USC § 30101.[8] Plaintiff's remaining claims against Lightering are purely Texas state-law negligence claims and do not implicate federal question jurisdiction. To the extent that Lightering does contend that the claims against it implicate federal question jurisdiction, the deadline for it to remove based on such basis came and went long ago. Lightering also removed based on diversity. However, as demonstrated below, this Court lacks diversity jurisdiction because there is not complete diversity of citizenship among the parties. Therefore, the only basis for jurisdiction over Plaintiff's remaining state-law claims is supplemental jurisdiction under 28 U.S.C. § 1367(a). This Court should decline to hold this case on that basis.

### C. This Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims and remand this case.

Under 28 U.S.C. § 1367(a), in a civil action where a district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district has original jurisdiction,

---

8 Cheramie Marine's notice of removal, Doc. 1, page 6.

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c). The Fifth Circuit applies the § 1367(c) "statutory factors" in a balancing test to determine whether remand is appropriate. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *see also Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (noting that "no single factor is dispositive"). Additionally, the United States Supreme Court has created a set of "common law factors" to be considered, which include "judicial economy, convenience, fairness, and comity." *Enochs*, 641 F.3d at 159 (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

### 1. Federal courts heavily favor remand where federal claims are dropped early in litigation, leaving only state-law claims.

It is well-settled under United States Supreme Court and Fifth Circuit jurisprudence that a remand of remaining state-law claims is heavily favored when federal claims are dismissed early in the litigation. As the United States Supreme Court stated in *Carnegie-Mellon*, "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon*, 484 U.S. at 351. Both the United States Supreme Court and the Fifth Circuit have long cautioned district courts that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Mine Workers v. Gibbs*, 282 U.S. 715, 726 (1966); *see also Enochs*, 641 F.3d at 162 ("The courts in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts avoid needless decisions of state law.").

Therefore, "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). It is an abuse of discretion to exercise supplemental jurisdiction where the only federal claims have been dismissed early and the statutory and common law factors favor remand. *Enochs*, 641 F.3d at 161-62 ("Our deference cannot stretch so far as to find no abuse of discretion where, as is the case here, all federal claims were deleted at the infancy of the case and the balance of the statutory and common law factors weigh heavily in favor of remand."); *see also Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court").

The Fifth Circuit's opinions in *Enochs* and *Parkery & Parsley* demonstrate that this Court should decline to exercise its supplemental jurisdiction and should instead remand this case back to Texas state court. In *Parker & Parsley Petroleum Company v. Dresser Industries*, the plaintiff originally elected to file suit in federal court based on federal question jurisdiction. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587-89 (5th Cir. 1992). However, the plaintiff's only federal claim was later dismissed one month before trial, leaving only purely state-law claims. *Id.* Over the nine months that the case had been pending, the parties engaged in extensive discovery and motion practice. *Id.*

Nevertheless, the Fifth Circuit found that the district court abused its discretion by continuing to exercise supplemental jurisdiction over the remaining state-law claims. Specifically, the Fifth Circuit held that "a number of facts and circumstances weigh[ed] in favor of relinquishing jurisdiction," which included, among others, that (1) the case was "only nine months" old; (2) trial was "still a few weeks away;" (3) "discovery had not been completed;" (4) remaining in federal court would not "prevent[ ] redundancy [or] conserve[ ] substantial judicial resources;" (5) there

would be no "undue inconvenience" such as a "tremendous financial drain" or a necessity for new legal research if the case was remanded; (6) the parties would not be prejudiced by remand; and (7) "important interests of federalism and comity" heavily favored remand. *See Enochs*, 641 F.3d at 162 (*quoting Parker & Parsley*, 972 F.2d at 587-89).

This case is most similar to *Enochs v. Lampasas County*. There, a former employee of Lampasas County sued the County in Texas state court based on one state law claim and two federal claims. *Enochs*, 641 F.3d at 157. The County removed the case to federal court based on the federal claims. *Id*. Less than three months later, the plaintiff filed an unopposed motion to amend his complaint to delete all federal claims and filed a separate motion to remand since only a state law claim would remain after amendment. *Id*. The district court granted the plaintiff leave to remove the federal claims from his complaint but denied his motion to remand. *Id*. at 157-58.

Noting that the circumstances in *Enochs* favored remand far more than those in *Parker & Parsley*, the Fifth Circuit held that the district court abused its discretion by failing to remand the case to state court. *Id*. at 162-63. Specifically, the court noted:

> *[W]hen this case became a purely Texas state law dispute, it was still in its infancy (less than three months old), no discovery had occurred, no hearings or trial dates had been scheduled, the district court was not even moderately familiar with any of the Texas state law issues, no financial or other inconvenience would have occurred, and no prejudice would have arisen.*

*Id*. at 162. Accordingly, the Fifth Circuit found that the statutory and common law factors "weigh[ed] heavily in favor of remanding the pendent Texas state law claims." *Id*. at 163.

### 2. Applying the reasoning in *Parker & Parsley* and *Enochs*, both the statutory and common law factors favor remand here.

Both the statutory factors in 28 U.S.C. § 1367(c) and the common law factors heavily weigh in favor of remanding this case.

#### a. The statutory factors

Most notably, the second and third statutory factors strike a heavy balance in favor of remand. As in *Enochs*, the second statutory factor favors remand because Plaintiffs' state-law tort claims "substantially predominate over the claim or claims over which the district has original jurisdiction" because the federal claims are nonexistent. 28 U.S.C. § 1367(c)(2); see *Enochs*, 641 F.3d at 159 (finding that the plaintiff's "Texas state law claims predominate over the non-existent federal claims"). Likewise, the third factor also favors remand because "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see *Enochs*, 641 F.3d at 159 (finding that "the district court dismissed all federal claims when it granted [plaintiff's] motion to file an amended complaint"). Additionally, the first factor, which considers whether "the claim raises a novel or complex issue of State law," favors remand because this case involves multiple plaintiffs and plaintiff/intervenors who have asserted personal injury claims against several defendants. See 28 U.S.C. § 1367(c)(1). Due to its size, this case will likely involve novel and complex issues of Texas state law. Based upon comments made at mediation, Defendant Lightering will likely challenge Yang's marriage status, liability of Lightering based on Chapter 95 of the CPRC, premises liability defenses, etc.

Finally, the fourth factor, which considers whether "in exceptional circumstances, there are other compelling reasons for declining jurisdiction," favors remand because the heavy balance of the common law factors in favor of remand constitute a compelling reason for this Court to decline supplemental jurisdiction. 28 U.S.C. § 1367(c)(4). Accordingly, "the overall balance of the statutory factors weighs heavily in favor of remand." *Enochs*, 641 F.3d at 159.

### b. The common law factors

The common law factors, which include "judicial economy, convenience, fairness, and comity," also weigh in favor of remand. *See id.* (citing *Carnegie-Mellon*, 484 U.S. at 353). Just like in *Enochs*, this case is only several months old. The federal case is only about one month old.

No discovery has occurred, only a single hearing has occurred (to effectuate two settlements), and no trial date has been set. And no federal judicial resources have been devoted to consideration of the state law claims against Lightering. Like *Enochs*, there is also "no indication that the district court had any 'substantial familiarity' or was intimately familiar with the Texas state law claims at such an early stage of the litigation." *Id*.

Furthermore, as in *Enochs*, "[t[here would be no need for either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little ha[s] been done at th[is] point." *Enochs*, 641 F.3d at 159. Indeed, it is difficult to imagine what inconvenience, harm, or prejudice to Lightering would incur if this case was remanded back to state court in Houston. Accordingly, "the judicial economy factor certainly favors remand" here. See *id*. at 160 (holding that judicial economy factor favored remand because little work had been done by the district court or the parties regarding the state law claims).

As to the convenience factor, there is no indication that this case would be more convenient in this court than in state court. In fact, the courts are only blocks from one another. Moreover, as the Fifth Circuit noted in *Enochs*, the judicial economy and convenience factors are interrelated, so remand will not cause any financial inconvenience to the parties because they will not have "to duplicate any of their previous efforts or expenses." *Id*.

Next, this Court should consider fairness. In *Enochs*, the Fifth Circuit found that "it was certainly fair to have had the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court." *Id*. (citing *Parker & Parsley*, 972 F.2d at 588). The same is true here—there is nothing to indicate that any party would be prejudiced by a remand back to state court. See *Enochs*, 641 F.3d at 161 ("The mistake which led the district court to abuse its discretion was in failing to reconsider its jurisdiction over the Texas state law claims as of the moment it granted [plaintiff's] motion to file

an amended complaint deleting all federal claims from the case. Courts are instructed to examine their jurisdiction at every stage of the litigation.") (citation omitted).

Finally, as the Fifth Circuit held in *Enochs*, given that only purely state-law claims remain—over which no party argues there is federal question or diversity jurisdiction—"comity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determination of state law as are state courts.'"  *Id*. at 160; *see also Parker & Parsley*, 972 F.2d at 587-89; *Gibbs*, 383 U.S. at 726 (cautioning that "[n]eedless decisions of state law should be avoided").

Therefore, the overall balance of both the statutory and common law factors weighs heavily in favor of remand.

### 3. Plaintiffs have not engaged in improper forum manipulation.

Finally, federal courts have been "instructed to guard against improper forum manipulation." *Enochs*, 641 F.3d at 158 (*citing Carnegie-Mellon*, 484 U.S. at 357). However, the Fifth Circuit recognizes that "plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping." *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). The concern of "improper forum manipulation" is "not so serious of a concern that it can become a trump card which overrides all of the other factors [courts] are instructed to consider and balance." *Enochs*, 641 F.3d at 161. Accordingly, the Fifth Circuit has found that plaintiffs can amend their complaints to delete the remaining federal claims without engaging in "improper forum manipulation." *See, e.g., Giles v. NYLCare Health Plans, Inc*., 172 F.3d 332, 340 (5th Cir. 1999).

Like the plaintiff in *Enochs*, Plaintiffs have not engaged in improper forum manipulation, so this factor does not outweigh the other factors which support a remand here. See *Enochs*, 641 F.3d at 161-62 (finding that the plaintiff's decision to drop his federal claims was "not a

particularly egregious form of forum manipulation, if it is manipulation at all"); see also *Parker & Parsley*, 972 F.2d at 582, 590 (finding that the district abused its discretion in exercising supplemental jurisdiction even where the plaintiff had chosen to file its claims in federal court originally). Here, Plaintiffs originally filed suit in state court in Houston and only alleged what they believed to be state-law claims. Plaintiffs sued a Harris County defendant who did not attempt to transfer the case to any other county. Plaintiffs believed then, as they do now, that there was no basis for removal. Now that the case has again become a purely Texas state-law dispute, Plaintiffs merely seek to return to the court where the case was originally filed, and in which they believe the case belongs. As such, Plaintiffs have not engaged in improper forum manipulation, and this consideration does not weigh against remand.

### D. This Court does not have diversity jurisdiction over Plaintiffs' remaining state-law claims.

Defendant Lightering contends that this Court has diversity jurisdiction because it is a non-local defendant. This argument, however, lacks merit because the *Yang* and *Wilson* cases were consolidated. And because Plaintiff Wilson's case still includes Defendants T&T Marine and Teichman Group – both local defendants – and those defendants remain in the consolidated case, no diversity jurisdiction can exist.[9]

Lightering, LLC removed this case based upon its citizenship; and, in fact, Lightering argued that it was an LLC "organized under the laws of…Liberia…[and] [i]ts sole member…[is] a Marshall Islands corporation."[10] However, the citizenship of the "Marshall Islands corporation" is in The Woodlands, Texas. Citizenship of corporations is defined by 28 U.S.C. §1332(c): "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its *principal place of business*[.]" (emphasis added)

---

9 Plaintiff Wilson did not sue or serve T&T Offshore in the removed and consolidated case.
10 Cheramie Marine's notice of removal, Doc. 1, page 5.

The Supreme Court set forth the test for determining corporate citizenship in *Hertz Corporation v. Friend,* 559 U.S. 77 (2010). The Supreme Court explained the corporate citizenship test as follows:

> *We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings.*

*Id.* at 92–93. A corporation's principal place of business is normally where the corporation provides direction, control, and coordination for the business. *Id.* at 93.

In the instant case, Lightering LLC only has a single office – in The Woodlands, Texas.[11] Before that it was in Houston, Texas.[12] The MSA between Lightering and T&T describes Lightering as located in Houston.[13] And Lightering itself admits that its principal office in this state is in Texas.[14] More importantly, a simple review of Lightering's corporate officers reveals that many (if not all) operate out of The Woodlands office. Importantly, Lightering's managing director and/or president, Clayton Wrenn-Morton,[15] is based in The Woodlands, Texas office and lives in Montgomery County, Texas.[16] Mrs. Wrenn-Morton also previously provided testimony that Lightering's predecessor company's (OSG Lightering) headquarters was located in Houston.17 There are other corporate officers that live in Texas, as well. Jim Enright is the

---

[11] Ex. 4 Lightering, LLC website.
[12] Ex. 5 Application for Registration of a Foreign LLC for predecessor company, OSG Lightering, LLC.
[13] Ex. 6 MSA between T&T Offshore and OSG Lightering.
[14] Ex. 2 Lightering's Motion to Transfer Venue and Original Answer.
[15] Ex. 7 Clayton Wrenn-Morton LinkedIn profile.
[16] Ex. 8 Property records for Clayton Wrenn-Morton.
[17] Ex. 11 Deposition testimony of Clayton Wrenn Morton.

previous president of OSG Lightering[18], and a current Managing Director of Lightering.[19] Mr. Enright lives in the Houston area and offices in The Woodlands office location.[20]

The "nerve center" for Lightering, or where the corporate officers direct, control, and coordinate the Lightering's activities, is the same location where its president and managing directors work on a daily basis. There is absolutely or evidence that any business is conducted in either the Marshall Islands or Liberia. There is no evidence that Lightering has any office, other than in Texas, that provides direction, control, and coordination for its business. Frankly; there is no evidence that Lightering has any other office at all. To the extent Lightering does make such a claim, Plaintiffs respectfully requests the right to conduct discovery on same.

### III. ALTERNATIVELY, MOTION TO DISMISS

Alternatively, pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs move to dismiss without prejudice their claims against Lightering. *See* Fed. R. Civ. P. 41(a)(2). Motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. See *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990). The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id*. (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)). Therefore, faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the

---

18  Ex. 5 OSG Lightering application for registration.
19  Ex. 9 Jim Enright LinkedIn profile.
20  Ex. 10 Property records for Jim Enright.

prejudice. The exclusive basis for this Court's original subject matter jurisdiction, federal question, was destroyed when Cheramie Marine was dismissed. Plaintiffs have no claims arising under federal law. There is incomplete diversity of jurisdiction among Plaintiffs and the remaining defendants. Defendants will not suffer any plain legal prejudice by this dismissal. Almost no discovery has yet occurred in this case and no depositions have occurred. For these reasons, and in the alternative, Plaintiffs respectfully asks this Court to dismiss their claims against the remaining Defendants without prejudice as to refilling.

## IV. CONCLUSION

For the foregoing reasons, well-established United States Supreme Court and Fifth Circuit precedent weigh heavily in favor of remanding to state court in Houston for Plaintiffs' remaining state law negligence claims. Therefore, Plaintiffs respectfully request that this Court decline to exercise its supplemental jurisdiction and remand this case back the 164th Judicial District Court of Harris County, Texas. Plaintiffs further request any other relief to which they may be entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Federal Bar No. 22679
JPMorgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
Email: tbuzbee@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
Christopher J. Leavitt
State Bar No. 24053318
Fed. ID No. 1045581
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Phone: (713) 223-5393
Facsimile: (713) 223-5909
Email: CLeavitt@txattorneys.com

## CERTIFICATE OF CONFERENCE

      I hereby certify that Plaintiff's counsel conferred with all interested parties in accordance with the Federal Rules of Civil Procedure on **February 16, 2018**, but none of the interested parties responded to Plaintiff's letter.   Accordingly, this motion is being filed as opposed.

                                                */s/ Christopher J. Leavitt*
                                                  Christopher J. Leavitt

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the February 16, 2018, Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile

                                                */s/ Christopher J. Leavitt*
                                                  Christopher J. Leavitt