IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAO LEE YANG, | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action No. 4:18-CV-000161 |
| | § | |
| CHERAMERIE MARINE, LLC., *et al.,* | § | |
| *Defendants.* | § | |

**PLAINTIFF MARCUS WILSON'S RESPONSE TO
DEFENDANT'S[1] MOTION TO ENJOIN STATE COURT PROCEEDINGS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

## I.   INTRODUCTION

This response, and Defendant's motion, focus on the two suits filed by Marcus Wilson regarding the death of his son, Blake Carlisle.   In his first case, Mr. Wilson sued Teichman Group, T&T Marine, and Lightering, in state court.   That case was removed.   Later, Mr. Wilson filed a second case against two new parties – WL Crane Repair and T&T Offshore, Inc.   This second case was not timely removed, and is currently pending in Harris County state court.   Defendant Teichman Group now argues that Wilson's second lawsuit against T&T Offshore and WL Crane Repair should be enjoined.   Defendant's argument is premised upon two concepts created by Defendant and submitted to this Court: (1) T&T Marine is a "company that does not exist"[2], and (2) T&T Offshore is a party in both cases.[3]   Both are wrong.

---

1 The only defendants that exist in this case are Teichman Group and T&T Marine.  This motion was filed by Teichman Group and "T&T Offshore."   T&T Offshore is not and has never been a party to this case, and was never added to this lawsuit.   Accordingly, T&T Offshore is not properly before this Court, and has no standing to move for the requested relief.   As such, Plaintiff will refer to the only proper Defendant that has moved for the requested relief – Teichman Group.

2 Defendant's motion, page 3.

3 *Id.*

Defendant's argument that T&T Marine is a "company that does not exist"[4] borders on being frivolous.   T&T Marine is an operating entity registered with the Texas Secretary of State.[5] As recently as August, 2017, T&T Marine filed a certificate of validation with the Secretary of State.[6]   T&T Marine also regularly files public information reports ("PIR").   In its latest PIR, lawyer Susan Noe Wilson is listed as the registered agent for T&T Marine.[7]   This is significant because this is the same lawyer that argues to this Court that T&T Marine is a company that "does not exist."   In stark contrast to T&T Marine's assertions, T&T Marine exists and was correctly named, sued, and served in the first state court case (currently the case before this Court).[8]   T&T Marine also answered the lawsuit.   Discovery was sent to T&T Marine.   T&T Marine responded to the discovery.[9]   When Plaintiff attempted to clear up some of the discovery objections lodged by T&T Marine, Plaintiff was told by T&T Marine's counsel that Plaintiff had "sued the wrong defendant."[10]   Remarkably, counsel for T&T Marine went on to state that the "**only proper party was T&T Offshore, which you did not sue.**"[11]   Even Defendant's discovery responses betray its position – T&T Offshore is listed as a "potential party" in T&T Marine's disclosures.[12]   In other words, when it was convenient to resist discovery, T&T Marine took the position that Plaintiff did not sue T&T Offshore.   Now, when it is convenient for other reasons, T&T Marine takes the opposite position that T&T Offshore was indeed sued, and has been in the case the whole time. Defendant's argument is disingenuous (at best), and requires Defendant to talk out of both sides of its mouth.

---

4 Defendant's motion, page 3.
5 Ex. 1, Texas Secretary of State registration.
6 Ex. 2, Certificate of Validation.
7 Ex. 3, T&T Marine PIR.
8 Ex. 7, Affidavit of service for T&T Marine.
9 Ex. 4, Discovery responses by T&T Marine.
10 Ex. 5, Email correspondence dated January 13, 2018.
11 *Id.*
12 Ex. 4, Discovery responses by T&T Marine, page 3.

Secondly, and importantly, T&T Offshore was never sued by Mr. Wilson in the first state court case.[13]   T&T Offshore may have answered the lawsuit, along with the properly named defendants, but such does not and cannot make it a party to the case unless Plaintiff or Defendant adds it as such.   That never happened.   Accordingly, T&T Offshore is not a proper party to this case, and is not properly before this Court.   Plaintiff is still the master of his petition.

## II.   ARGUMENT & AUTHORITIES

### A.      This is not a case of "misnomer."

Defendant argues that when Plaintiff sued T&T Marine such was just a 'misnomer.'   The misnomer/misidentification dichotomy usually arises in cases involving whether the statute of limitations was tolled by filing against a party that is defectively named in some way. With a misnomer, the correct party, although misnamed, is served with notice of the suit; in that situation, limitations is tolled.   *Dalton v. State Farm Lloyd's, Inc*., 4 F.Supp.3d 859 (2014), 2014 WL 838529 (S.D.Tex. March 4, 2014).   The misnomer concept is simply not relevant to this situation. In fact, Defendant's use of it here completely perverts its intention.   This is not a case in which Plaintiff sued the wrong entity or got the entity's name wrong.   Plaintiff sued the entity it intended to sue – T&T Marine.   Plaintiff got the name right.   That defendant, T&T Marine, exists and answered the lawsuit.   That defendant went on to participate in discovery prior to removal. Plaintiff intentionally sued T&T Marine in the first case and T&T Offshore in the second case. Such is simply not misnomer.   As counsel for T&T Marine accurately noted – Plaintiff did not sue T&T Offshore.

---

13 Ex. 6; Plaintiff's original petition.

**B.**     **Plaintiff is still the master of his pleadings.**

Defendant claims that T&T Offshore is a party in both of Plaintiff Marcus Wilson's lawsuits.   However, T&T Offshore was only sued in the second case.   Defendant will inevitably argue that T&T Offshore answered in the first lawsuit (presently before this Court).   However, Defendant is not allowed to choose who Plaintiff sues and for what reasons.   T&T Offshore cannot unilaterally decide that it should have been sued, or was sued, and then file an answer in that lawsuit without being named as a party – or brought in by one of the defendants.   It is well established that plaintiffs are the masters of their suit regarding the claims and parties they choose to pursue. *Tex. Alcoholic Beverage Comm'n v. Macha,* 780 S.W.2d 939, 941 (Tex.App.-Amarillo 1989, writ denied); see also *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002).   It is axiomatic that the Plaintiff "is the master of [its] complaint." *Elam v. Kansas City S. Ry. Co.,* 635 F.3d 796, 803 (5th Cir.2011). This includes a plaintiff's decision as to which parties to sue. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 91, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.").   A district court lacks the authority to disregard the Plaintiff's choice to sue some parties, but not others.   *De Jongh v. State Farm Lloyds*, Inc., 555 F. Appx. 435 (5th Cir.2014).

Despite the clear case law on this issue, T&T Offshore still suggests that it can interject itself into a case by answering a lawsuit in which it was not named.   T&T Offshore is simply wrong.   In the event that T&T Marine and Teichman Group felt that T&T Offshore needed to be a party to this first case, sufficient procedures exist to effectuate that.   Curiously, Defendant failed to utilize any.   As such, T&T Offshore never became a party to this case, and is not properly

before this Court.   And as much as Teichman Group, T&T Marine, and T&T Offshore want to group themselves together into a single entity – "collectively the 'T&T Defendants'"[14] – these are separate and distinct corporate entities that each maintain separate corporate formalities. Defendant cannot now disregard that.   Defendant's argument that T&T Offshore is a party in both of Plaintiff's lawsuits is wrong.

> C.     **An injunction is not proper because the two state court cases are not the same.**

As a general rule, federal courts are exceedingly reluctant to enjoin state court proceedings. As the Supreme Court emphasized in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), this reluctance is in deference to the fundamental principles of federalism, which represents a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States .... [T]he normal thing to do when federal courts are asked to enjoin pending proceedings in a state court is not to issue such injunctions.   *Younger,* 401 U.S. at 44-45, 91 S.Ct. 746.   Moreover, the Supreme Court has stated that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 297, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

---

14  Defendant's motion, page 1.

In determining whether an injunction is proper for a state court case, the Fifth Circuit provides that "after removal the plaintiff cannot file essentially the same case in a second state action." *Frith v. Blazon–Flexible, Flyer, Inc.*, 512 F.2d 899, 1069 (5th Cir.1975).   Other courts have found similarly.   *Billy Jack for Her, Inc. v. New York Coat, Suit, Dress, Rainwear and Allied Workers' Union,* 515 F.Supp. 456, 460 (S.D.N.Y.1981) (denying injunction of second suit because "[t]his is not a case where the plaintiff in the removed action has flouted the federal court's removal jurisdiction by filing substantially the same complaint in state court subsequent to the removal.")

The two cases filed by Plaintiff Marcus Wilson are starkly different.   In the first case, Mr. Wilson sued Teichman Group, T&T Marine, Express Professional Services, and OSG Lightering.   Plaintiff only asserted claims of state law negligence and gross negligence.[15]   The second lawsuit shares no defendants with the first lawsuit.[16]   Moreover, both defendants in the second lawsuit are new: T&T Offshore and WL Crane Repair.[17]   In the second lawsuit, Plaintiff made claims against WL Crane Repair not found in the first lawsuit - claims for products liability, strict liability, and joint and several liability.   The only similarities between the first and second lawsuit is that both make negligence and gross negligence claims – albeit still against different parties.   Everything else about the two lawsuits is different.   This is not the situation described in *Frith* in which a plaintiff filed "essentially the same case."   Quite the opposite.   These are two different lawsuits, against different parties, and involve vastly different claims.   Plaintiff has not flouted the federal court's removal jurisdiction, Plaintiff is pursuing new claims against new parties.

---

15  Ex. 6, Plaintiff's first amended petition, November 27, 2017.
16  Ex. 8, Plaintiffs' original petition, January 23, 2018.
17  The styles of the two state court cases are similar, however the style of the second case does not accurately reflect the defendants sued.   Such is found in the "Parties" section of the petition.

## IV.     CONCLUSION

For the foregoing reasons, including well-established United States Supreme Court and Fifth Circuit precedent, the merits weigh heavily in favor of denying Defendant's extraordinary request to enjoin a state court case that involves different defendants and different claims. Plaintiff further requests any other relief to which it may be entitled.

Respectfully submitted,

### THE BUZBEE LAW FIRM

By: */s/ Anthony G.Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    Federal Bar No. 22679
    JPMorgan Chase Tower
    600 Travis, Suite 7300
    Houston, Texas 77002
    Tel:   (713) 223-5393
    Fax: (713) 223-5909
    Email: tbuzbee@txattorneys.com

**OF COUNSEL:**
Christopher J. Leavitt
State Bar No. 24053318
Fed. ID No. 1045581
Email: CLeavitt@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that a true and correct copy of this document has been duly served on all interested parties in accordance with the Federal Rules of Civil Procedure on the **April 18, 2018**.

_____ */s/ Christopher J. Leavitt* _____
Christopher J. Leavitt