Case 4:18-cv-00161   Document 36-6   Filed in TXSD on 04/18/18   Page 1 of 7

11/27/2017 4:01 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20917346
By: Lisa Thomas
Filed: 11/27/2017 4:01 PM

## CAUSE NO. 2017-65533

| | | |
|---|---|---|
| MARCUS WILSON, *Plaintiff,* | § § § § § § § § § | IN THE DISTRICT COURT OF |
| | | 190th JUDICIAL DISTRICT |
| vs. | | |
| | | HARRIS COUNTY, TEXAS |
| TEICHMAN GROUP, LLC, T&T MARINE, INC., EXPRESS PROFESSIONAL SERVICES, INC. & OSG LIGHTERING, LLC *Defendants.* | | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THIS HONORABLE COURT:

Plaintiff files this Original Petition against Defendants Teichman Group, LLC, T&T Marine, Inc., Express Professional Services, Inc, OSG Lightering, LLC, and Cheramie Marine, LLC and respectfully show this Honorable Court the following:

### Summary of this Case

On September 20, 2017, Blake Carlisle was working for Express Professional Services at the T&T Marine facility in Galveston. This facility was leased to OSG Lightering. A Cheramie Marine vessel was being offloaded. T&T Marine is a subsidiary of the Teichman Group, LLC. Teichman is an international provider of marine services to companies across the globe. Plaintiff had only begun working at this facility several days before. On the day of the incident, OSG Lightering was offloading and backloading a Cheramie Marine vessel at the T&T owned facility. OSG and Cheramie Marine were using a T&T Marine crane and crane operator. At approximately 11am on September 20, a crane toppled over on top of Blake Carlisle during his shift, killing him. The crane was being operated without its outriggers extended, making the crane extremely dangerous to use. But for the egregious conduct of the Defendants, this preventable accident would not have occurred.

**PLAINTIFF'S EXHIBIT 6**

Plaintiff seeks more than $25 million from the Defendants.

**I.**
**Discovery Control Plan**

Plaintiff intends to conduct discovery under Level 2.

**II.**
**Parties**

Plaintiff Marcus Wilson is a resident of Texas. Mr. Wilson is the father of Blake Carlisle.

Defendant T&T Marine, Inc. is a domestic corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554. No citation is requested at this time.

Defendant Teichman Group, LLC is a domestic limited liability company doing business in Texas. Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554. No citation is requested at this time.

Defendant Express Professional Services, Inc. is a domestic for profit corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Daniel Nino, at 10190 Katy Freeway, Ste. 5100, Houston, Texas 77043. No citation is requested at this time.

Defendant OSG Lightering, LLC is a foreign limited liability company doing business in Texas. Defendant can be served via registered agent in Texas, CT Corp System, 1999 Bryan St., Ste. 900, Dallas, TX 75201. No citation is requested at this time.

Defendant Cheramie Marine, LLC is a foreign limited liability company doing business in Texas. Defendant does not keep a registered agent in Texas, and, as such, this defendant must be served via the Texas Secretary of State at Secretary of State, P.O. Box 12079, Austin, Texas

78711-2079, for service upon Cheramie's President, Dino Cheramie, at 11603 Hwy 308, Larose, Louisiana 70373.

### III.
### Venue and Jurisdiction

Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs; however, federal courts lack subject matter over this action, as there is no federal question and there is incomplete diversity of citizenship due to the presence of a plaintiff and a defendant who are both residents and citizens of Texas. Removal would thus be improper. No party is asserting any claims arising under the Constitution, treaties, or laws of the United States. Venue is proper in this County as at least one Defendant maintains a principal office here.

### IV.
### Facts

This case arises from negligence that occurred at Plaintiff's place of work. An improperly placed and operated crane was operating at the T&T Marine facility on September 20, 2017. The crane, an 80 ton Tadano GT 800XL, overturned while operating free on wheels with a fair bit of boom extended. The crane fell over sideways, and, according to local reports, its boom landed on Mr. Carlisle and his co-worker. These two workers eventually died from their injuries.

### V.
### Causes of Action

**Negligence – All Defendants**

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

Defendants owned and operated the crane. The crane was placed negligently and was being operated negligently. Specifically, Defendants breached their duty in the following ways:

1. Causing, or permitting to be caused, a crane collapse;

2. Failing to maintain a safe work place;

3. Failing to have a reliable system to prevent the incident;

4. Failing to operate the crane in a safe and prudent manner;

5. Failing to exercise reasonable and prudent care in the operations which were occurring at the facility on the date of the incident;

6. Failing to implement, follow, and enforce proper operations procedures;

7. Failing to keep a proper lookout;

8. Failing to implement, follow, and enforce proper safety procedures;

9. Failing to properly inspect, maintain and equip the crane in a prudent manner;

10. Failing to implement, follow, and enforce proper hazard analysis;

11. Failing to properly operate the crane;

12. Failing to properly train and staff members operating the Crane;

13. Failing to properly supervise those operating the Crane;

14. Failing properly maintain the Crane;

15. Failing to properly inspect the Crane;

16. Failure to properly stabilize the Crane.

Defendants' breach of these duties, one or a combination thereof, proximately caused injuries brought forth by the Plaintiff.

The acts of negligence committed by Defendants' agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by Defendant, who is therefore liable under the doctrine of respondeat superior for their negligent actions.

**Gross Negligence – All Defendants**

Defendants were grossly negligent and acted with malice, as those terms are understood under Texas law, and such conduct was a proximate cause of the occurrence and of Plaintiffs' injuries and damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiffs therefore ask for and are entitled to punitive and exemplary damages in addition to all actual damages.

## VI.
## Damages

As stated, Plaintiff's injuries are extensive. The Plaintiff in this case seeks wrongful death damages, and survival damages on behalf of the estate. As a direct and proximate result of the foregoing events, Plaintiff has suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, including mental anguish, loss of services, and loss of consortium, all for which Plaintiffs seek recovery herein.

Plaintiff seeks all wrongful death damages allowed by Texas law.

## VII.
## Exemplary Damages

Plaintiff seeks to recover exemplary damages against all Defendants based on their gross negligence in causing the incident and resulting injuries and damages made the basis of this suit.

## VIII.
## Demand for Jury

Plaintiff demands a jury trial and has tendered the appropriate fee.

## IX.
### Requests for Disclosure

Pursuant to Tex. R. Civ. P. 194, Plaintiffs requests that each Defendants disclose within fifty (50) days of service of this Request for Disclosure, the information and/or material described in Rule 194.2.

## X.
### Prayer

For these reasons, Plaintiff asks that Defendants be cited to appear and answer, and that they have judgment against Defendants for the following:

a. Actual damages for mental anguish, loss of consortium, wrongful death damages, and loss of services, within the jurisdictional limits of this Court, but no less than $25,000,000:

b. Exemplary damages;

c. Court costs;

d. Pre and post judgment interest; and

e. All other relief to which the Plaintiff is justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G.Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
State Bar No. 24053318
cleavitt@txattorneys.com
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on November 27, 2017 as set forth below:

*Via Facsimile: (713) 228-6605*
Michael K. Bell
David G. Meyer
BLANK ROME, LLP
717 Texas Avenue, Suite 1400
Houston, TX 77002
*Counsel for Lightering, LLC*

*Via Facsimile: (713) 277-7220*
Scott R. Davis
HICKS DAVIS WYNN P.C.
3700 Buffalo Speedway, Suite 520
Houston, TX 77098
*Counsel for Express Professional Services, Inc.*

*Via Facsimile: (713) 574-2942*
Susan Noe Wilson
Michael W. Hogue
SCHOUEST, BAMHAS, SOSHEA & BENMAIER, PLLC
1001 McKinney, Suite 1400
Houston, TX 77002
*Counsel for Teichman Group, LLC & T&T Offshore, Inc.*

                                            */s/ Christopher J. Leavitt*
                                              Christopher J. Leavitt