1/23/2018 4:02 PM
Chris Daniel - District Clerk Harris County
Envelope No. 22010981
By: Walter Eldridge
Filed: 1/23/2018 4:02 PM

CAUSE NO. _____

| | | |
|---|---|---|
| KAO LEE YANG, Individually, and obo, | § | IN THE DISTRICT COURT OF |
| S.V. & T.V., Minors & MARCUS WILSON | § | |
|    *Plaintiff,* | § | |
| | § | ___th JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| W L CRANE REPAIR, INC. & T&T MARINE, | § | HARRIS COUNTY, TEXAS |
| INC., & EXPRESS PROFESSIONAL | § | |
| SERVICES, INC. | § | |
|    *Defendants.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

TO THIS HONORABLE COURT:

Plaintiffs Kao Lee Yang, individually, and on behalf of her minor children, S.V. and T.V., and Marcus Wilson file this Original Petition against Defendants T&T Offshore, Inc. and WL Crane Repair, Inc. and respectfully show this Honorable Court the following:

### Summary of this Case

On September 20, 2017, Chi Vong and Blake Carlisle were working for Express Professional Services at the T&T Offshore facility in Galveston. This facility was leased to OSG Lightering. T&T Offhsore is a subsidiary of the Teichman Group, LLC. Teichman is an international provider of marine services to companies across the globe. Plaintiffs had only begun working at this facility the day before. On the day of the incident, OSG Lightering was offloading and backloading a Cheramie Marine vessel at the T&T owned facility. OSG and Cheramie were using a T&T Marine crane and crane operator. This crane was supplied by WL Crane Repair, Inc. At approximately 11am on September 20, a crane toppled over on top of Mr. Vong and Mr. Carlisle during the shift, killing them both. The crane was being operated without its outriggers extended, making the crane extremely dangerous to use. Alternatively, the crane



was defective and not in a safe working condition. Mr. Vong left behind a young wife and two small children. Mr. Carlisle left behind a grieving father. But for the egregious conduct of the Defendants, this preventable accident would not have occurred.

Plaintiffs seek more than $50 million from the Defendants.

## I.
## Discovery Control Plan

Plaintiff intends to conduct discovery under Level 2.

## II.
## Parties

Plaintiff Kao Lee Yang is a resident of Texas. Ms. Yang is the mother of minors SV and TV. She was the wife of Chi Vong, deceased. She brings these claims individually and on behalf of her minor children.

Plaintiff Marcus Wilson is a resident of Texas. Mr. Wilson is the father of Blake Carlisle.

Defendant WL Crane Repair, Inc. is a domestic corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Wayne Long, 5206 N. Main, Baytown, TX 77521.

Defendant T&T Offshore, Inc. is a domestic for profit corporation doing business in Texas. Defendant can be served via its registered agent in Texas, Deborah Busby, 9738 Teichman Road, Galveston, TX 77554.

## III.
## Venue and Jurisdiction

Plaintiffs seek damages in excess of $75,000.00, exclusive of interest and costs; however, federal courts lack subject matter over this action, as there is no federal question and there is incomplete diversity of citizenship due to the presence of a plaintiff and a defendant who are

both residents and citizens of Texas. Removal would thus be improper. No party is asserting any claims arising under the Constitution, treaties, or laws of the United States. Venue is proper in this County as at least one Defendant maintains a principal office here.

### IV.
### Facts

This case arises from negligence that occurred at Mr. Vong and Mr. Carlisle's place of work. An improperly placed and operated crane was operating at the T&T Offshore facility on September 20, 2017. The crane, an 80 ton Tadano GT 800XL, overturned while operating free on wheels with a fair bit of boom extended. This crane was supplied by WL Crane Repair. It was defective and not in good or safe working order. The crane fell over sideways, and, according to local reports, its boom landed on Mr. Vong and Mr. Carlisle. These two men eventually died from their injuries.

### V.
### Causes of Action

**Negligence – T&T Offshore**

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

Defendants owned and operated the crane. The crane was placed negligently and was being operated negligently. Specifically, Defendants breached their duty in the following ways:

1. Causing, or permitting to be caused, a crane collapse;

2. Failing to maintain a safe work place;

3. Failing to have a reliable system to prevent the incident;

4. Failing to operate the crane in a safe and prudent manner;

5. Failing to exercise reasonable and prudent care in the operations which were occurring at the facility on the date of the incident;

6. Failing to implement, follow, and enforce proper operations procedures;

7. Failing to keep a proper lookout;

8. Failing to implement, follow, and enforce proper safety procedures;

9. Failing to properly inspect, maintain and equip the crane in a prudent manner;

10. Failing to implement, follow, and enforce proper hazard analysis;

11. Failing to properly operate the crane;

12. Failing to properly train and staff members operating the Crane;

13. Failing to properly supervise those operating the Crane;

14. Failing properly maintain the Crane;

15. Failing to properly inspect the Crane;

16. Failure to properly stabilize the Crane.

Defendants' breach of these duties, one or a combination thereof, proximately caused injuries brought forth by the Plaintiff.

The acts of negligence committed by Defendants' agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by Defendant, who is therefore liable under the doctrine of respondeat superior for their negligent actions.

**Product Liability/Strict Liability – WL Crane Repair**

Plaintiffs brings claims against Defendant under the Texas Products Liability Act (Tex. Civ. Prac. & Rem. Code § 82.001, et seq.). WL Crane Repair designed, manufactured, and/or supplied the crane that injured Plaintiffs and it failed to operate as intended. Upon information and belief, the crane at issue was not substantially changed after it left control of any defendant. Further, the crane was in a defective condition, and was unreasonably dangerous to all users of the crane, and, Defendant, as the designer, manufacturer, and/or supplier is strictly liable for the physical harm caused to Plaintiffs. Plaintiffs allege that the crane at issue was defective as

manufactured and/or designed and these defects legally caused the crane to topple over. Additionally, Defendant failed to warn the owners, operators, and/or lessees of the crane that the crane in question would not work as intended.

Plaintiffs allege that the crane at issue had a design defect, a manufacturing defect, and a marketing defect. Plaintiffs allege there was a safer alternative design, that the crane deviated from its planned specifications, and that the product lacked an adequate warning.

Plaintiffs would also show that Defendant acted willingly, wantonly, maliciously and recklessly when it breached the duties owed to Plaintiffs. Accordingly, Plaintiffs also seeks an award of punitive damages.

Additionally, Plaintiffs alleges that Defendant sold a product in a defective condition that was unreasonably dangerous to the end user, and that the product caused harm to Plaintiff. Defendant was engaged in the business of selling these products; cranes. The cranes were expected to and did reach the user without substantial change in the condition from which it was sold. Plaintiff also alleges that Defendant failed to provide adequate warnings or instructions, and this lack of warnings and instructions rendered the product unreasonably dangerous. Defendant knew or should have known of the potential risk of harm presented by the product but marketed it without providing adequate warning to the user or instructions for its safe use. Defendant knew or had reason to know that the crane was likely to be dangerous for the use for which it is supplied, and had no reason to believe that consumer will realize the dangerous condition. Further, Defendant did not provide adequate warnings to Plaintiffs or instructions for its safe use, and Defendant failed to exercise reasonable care to make the product safe for the use for which it was supplied.

**JOINT AND SEVERAL LIABILITY**

Under Texas law of strict products liability, retailers and manufacturers are jointly and severally liable for injuries caused by defective products. As such, Plaintiffs specifically pleads joint and several liability as to all Defendants.

**Gross Negligence – All Defendants**

Defendants were grossly negligent and acted with malice, as those terms are understood under Texas law, and such conduct was a proximate cause of the occurrence and of Plaintiffs' injuries and damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiffs therefore ask for and are entitled to punitive and exemplary damages in addition to all actual damages.

## VI.
## Damages

As stated, Plaintiff's injuries are extensive. The Plaintiffs in this case seeks wrongful death damages, and survival damages on behalf of the estate. As a direct and proximate result of the foregoing events, Plaintiffs have suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, including physical pain and mental anguish, loss of wages and loss of earning capacity, loss of consortium, and medical care, all for which Plaintiffs seek recovery herein.

All Plaintiffs seek damages for loss of services and loss of consortium.

Plaintiffs seek all wrongful death damages allowed by Texas law.

## VII.
## Exemplary Damages

Plaintiffs seeks to recover exemplary damages against all Defendants based on their gross negligence in causing the incident and resulting injuries and damages made the basis of this suit.

## VIII.
## Demand for Jury

Plaintiffs demand a jury trial and has tendered the appropriate fee.

## IX.
## Requests for Disclosure

Pursuant to Tex. R. Civ. P. 194, Plaintiffs requests that each Defendants disclose within fifty (50) days of service of this Request for Disclosure, the information and/or material described in Rule 194.2.

## X.
## Prayer

For these reasons, Plaintiffs asks that Defendants be cited to appear and answer, and that they have judgment against Defendants for the following:

a. Actual damages for physical pain and suffering, mental anguish, physical disfigurement, physical impairment, medical expenses, loss of earning capacity, loss of consortium, wrongful death damages, survivor claim damages, and loss of services, within the jurisdictional limits of this Court, but no less than $50,000,000:

b. Exemplary damages;

c. Court costs;

d. Pre and post judgment interest; and

e. All other relief to which the Plaintiff is justly entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: */s/ Anthony G.Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas 77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**