IN THE UNTED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAO LEE YANG, et al | § | |
| | § | |
| Plaintiffs | § | CIVIL ACTION NO. H-18-161 |
| | § | |
| | § | |
| | § | Hon. Lynn N. Hughes |
| v. | § | |
| | § | |
| CHERAMIE MARINE, LLC, et al | § | |
| | § | |
| Defendants | § | |

and

IN THE UNTED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIGHTERING LLC, STARR | § | |
| INDEMNITY & LIABILITY | § | |
| COMPANY, and AGCS MARINE | § | |
| INSURANCE COMPANY, | § | CIVIL ACTION NO. H-17-3374 |
| | § | |
| | § | |
| | § | Hon. Lee H. Rosenthal |
| v. | § | |
| | § | |
| TEICHMAN GROUP, LLC and T&T | § | |
| OFFSHORE, INC. | § | |
| | § | |

## DEFENDANTS TEICHMAN GROUP, LLC and T&T OFFSHORE INC.'S MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE HUGHES:

Defendants Teichman Group, LLC and T&T Offshore, Inc. (misnamed in Plaintiffs'

pleadings as **"T&T Marine, Inc."**) (collectively, the "T&T Defendants"), ask the Court to

consolidate two cases pursuant to Federal Rule of Civil Procedure 42 and Southern District of Texas Local Rule 7.6.  This Court should consolidate the Lightering declaratory-judgment action with this lawsuit because these cases involve claims arising from the same crane accident, involve the same parties and lawyers, and consolidation will not delay the current trial setting in either action or unfairly advance or prejudice any party. Rather, consolidation allows this Court to efficiently manage the remaining cases stemming from a single accident.[1]

1.      On September 22, 2017, Kao Lee Yang, individually and on behalf of her minor children, S.V. and T.V., filed the first lawsuit against various defendants including T&T and Lightering LLC, in the 164th District Court of Harris County. This lawsuit arose out of a September 20, 2017, crane accident at T&T Offshore's Galveston facility. The Yang lawsuit and a separate personal-injury lawsuit brought by Marcus Wilson – filed in the 190th District Court of Harris County – were removed to different federal courts in Houston. On February 9, 2018, this Court consolidated the two removed actions ("Yang/Wilson"). [Doc. 19]

2.      On November 6, 2017, Lightering LLC and its insurers filed a declaratory-judgment action against T&T to determine contractual indemnity and insurance issues arising out the crane accident. This case is pending with Judge Rosenthal in Civil Action No. H-17-3374. Plaintiffs' live complaint summarizes the lawsuit as follows.

> This is an action for declaratory judgment to determine whether Lightering has a contractual obligation to defend and indemnify, and Bumbershoot Underwriters, along with nonparty TT Club Mutual Insurance Ltd ("TT

---

[1] The federal court properly consolidated an action by injured automobile passengers for recovery on a state court judgment and a separate action by insurer of deceased motorist, who struck passengers' automobile, for judgment declaring insurer was not liable under policy. *Hedges v. Rudeloff*, 196 F.Supp. 475 (S.D.Tex. 1961).

Club"), have an obligation to provide additional insured coverage to, Defendants Teichman Group, LLC and T&T Offshore, Inc. and/or their related entities (collectively or alternatively, "T&T"), for wrongful death and personal injury claims being asserted against the Defendants in connection with an accident that occurred at Defendants' premises in Galveston, Texas, on September 20, 2017.

[Doc. 16, H-17-3374]

3.     Judge Rosenthal has issued a Scheduling and Docket Control Order and set Docket Call for December 14, 2018. [Doc. 17, H-17-3374] T&T's jurisdictional pleadings are due May 7, 2018. The parties have exchanged initial written discovery but have taken no depositions. The Yang/Wilson matter pending in this Court is in a similar procedural posture.

4.     A court may consolidate two actions under Federal Rule of Civil Procedure 42 when they "involve a common question of law or fact." Fed. R. Civ. P. 42. The Yang/Wilson case and the Lightering indemnity case arise from the same crane event and involve the same parties (Plaintiffs Yang and Marcus Wilson and Defendants T&T and Lightering) and attorneys. The liability facts underlying the claims are identical. There are common questions of law and fact in both cases and consolidation is proper.

5.     Both cases seek to determine who is responsible in tort for the crane accident. Both cases must consider who may be liable to pay damages to plaintiffs and how much to pay in damages. Both cases ask questions about contribution and indemnity obligations between T&T and Lightering. Both cases involve the application of terms and conditions of the master services agreement between T&T and (OSG) Lightering. And all parties will rely on a complete understanding of the insurance policies responding to the various liability

claims made by plaintiffs. In sum, both cases bear on the rights of all parties to recover or be exonerated.

6.      In addition to finding a common question of law or fact, the Fifth Circuit has outlined two other factors a court may consider when exercising its discretion to consolidate. Courts may consider whether consolidation would prevent unnecessary cost or delay, or conserve judicial resources. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993). Practically speaking, efficiency is improved if this Court hears the issues surrounding tort liability for a single accident, as well as the issues surrounding who should ultimately pay for any recoverable damages sustained as a result of the accident.

Second, courts may consider whether consolidation will result in an unfair advantage to either party. *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). The personal-injury claims and the contractual-indemnity matter are at the same stages of trial preparation: the very beginning. And because every party's claim and/or defense will retain its separate identity, consolidation gives no party an unfair advantage.

7.      Numerous federal cases confirm that consolidation of the Yang/Wilson and Lightering cases would achieve the paramount objective of convenience and economy in the administration of justice. For example, the Fifth Circuit did not disturb a trial court's decision to consolidate a personal injury suit and a suit in which the defendant was seeking indemnity under a blanket contract with plaintiff's employer. *Thurmond v. Delta Well Surveyors*, 836 F.2d 952 (5th Cir. 1988). And a Southern District court properly consolidated an action by injured automobile passengers for recovery on a state court judgment and a separate action by the insurer of deceased motorist, who struck passengers' automobile, for judgment

4

declaring insurer was not liable under policy. Hedges v. Rudeloff, 196 F.Supp. 475 (S.D.Tex. 1961). Another federal court consolidated personal-injury actions with a defendant's separate action seeking indemnity and contribution for the amount paid in settlement. *Carnival Cruise Lines v. Red Fox Indus., Inc.*, 813 F.Supp. 1185 (E.D.La. 1993).[2] Like the cases cited above, consolidation of the Yang/Wilson and Lightering cases would avoid duplication of closely connected lawsuits and would not deprive any party of substantial rights it may have if the cases proceeded separately.

8.     The motion to consolidate should be heard by this Court. Under Southern District of Texas Local Rule 7.6, a motion to consolidate must be filed in the "oldest case" and "[b]e heard by the judge to whom the oldest case is assigned." Local Rule 7.6(B) & (C). The term "oldest case . . . means the case filed first in any court, state or federal, including cases removed or transferred to this Court." Local Rule 7.6(D). This case was both filed first in state court (September 22, 2017) and removed first. Thus, all cases should be consolidated and heard by this Court.

9.     This motion is now ripe because Lightering indicated that it planned to challenge damages and recently served discovery responses. The T&T Defendants respectfully ask the Court to consolidate the Yang/Wilson case and the Lightering declaratory-judgment action in this Court and grant any other relief, either legal or equitable, to which the T&T Defendants may be entitled.

---

[2] *See also, BW Offshore USA, LLC v. TVT Offshore AS*, 145 F.Supp. 658 (E.D. La. 2015)(personal-injury suit against vessel consolidated with vessel's suit against TVT for indemnity and breach of contract); *Cheramie v. ERA Helicopters, LLC*, C.A.No. 10-69, 10-1434, 2010 WL 5057335 (E.D. La. Dec. 3, 2010)(personal-injury suit against ERA consolidated with liability insurer's declaratory judgment action alleging denial of defense and coverage for ERA); *Shell Western E&P, Inc. v. Dia-Log Co.*, Nos. 99-3447 – 97-0360, 2000 WL 905231 (E.D. La., June 21, 2000)(suit for personal injuries consolidated with exonerated defendant's claim against another defendant for defense and indemnity).

Respectfully submitted,

_/s/ Susan Noe Wilson_

**SUSAN NOE WILSON**
Texas Bar No.: 15055025
snoewilson@sbsblaw.com
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
**COUNSEL FOR TEICHMAN GROUP, LLC AND
T&T OFFSHORE, INC.**

OF COUNSEL:

**SCHOUEST BAMDAS SOSHEA & BENMAIER PLLC**

**MICHAEL HOGUE**
Texas Bar No.: 09809800
mhogue@sbsblaw.com
**THOMAS C. FITZHUGH III**
State Bar No. 07093500
tfitzhugh@sbsblaw.com
**M. LANE LOWREY**
Texas Bar No.: 24013065
llowrey@sbsblaw.com

**HALL MAINES LUGRIN PC**

**CLAUDE L. STUART III**
Texas Bar No. 19426620
cstuart@hallmaineslugrin.com
**EVAN T. CAFFREY**
Texas Bar No. 03588650
ecaffrey@hallmaineslugrin.com
Williams Tower
2800 Post Oak Blvd., 64th Floor
Houston, Texas 77056
Telephone: (713) 871-9000
Facsimile: (713) 871-8962

**HAYNES AND BOONE, LLP**

**LYNNE LIBERATO**
Texas Bar No. 00000075
Federal ID No. 3072
lynne.liberato@haynesboone.com
**CHRISTINA CROZIER**
State Bar No. 24050466
Federal ID No. 611402
christina.crozier@haynesboone.com
1221 McKinney, Suite 2100
Houston, Texas 77010
(713) 547-2000 Telephone
(713) 547-2600 Facsimile

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon counsel of record accordance with the Federal Rules of Civil Procedure, via e-service, facsimile and/or certified mail, return receipt requested to the following on the 6th day of April 19, 2018:

Anthony G. Buzbee
Chris Leavitt
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis Street, Suite 6850
Houston, Texas 77002
Facsimile: 713.223.5909
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

Marilyn Vilandos
THE VILANDOS FIRM, P.C.
7660 Woodway Drive, Suite 304
Houston, Texas 77063
Facsimile: 713.255.9992
marilyn@vilandoslaw.com

Jim Hart
Steven J.  Kherkher
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Facsmile: 713.643.6226
PIDept@williamskherkher.com
skherkher@williamskherkher.com

Michael Bell
David G. Meyer
BLANK ROME
717 Texas Avenue, Suite 1400
Houston, TX  77002
713-228-6601 phone
713-228-6605 fax
MBell@BlankRome.com
DMeyer@BlankRome.com

*M. Lane Lowrey*
M. Lane Lowrey

8