IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAO LEE YANG, INDIVIDUALLY, AND OBO, S.V. & T. V., MINORS;<br>*Plaintiffs,*<br><br>VS.<br><br>TEICHMAN GROUP, LLC., *et al.,*<br>*Defendants.* | §<br>§<br>§<br>§<br>§ Civil Action No. 4:18-CV-161<br>§<br>§<br>§ |

## PLAINTIFF MARCUS WILSON'S MOTION TO RECONSIDER RULING ON DISCOVERY PRIOR TO SUMMARY JUDGMENT RESPONSE DATE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This lawsuit arises out of a crane accident that killed two young men. One of those men's fathers filed suit against Lightering – the lessor of the facility in question. Lightering filed a motion for summary judgment based on the borrowed servant doctrine.[1] At a recent status conference, the Court stated that Lightering's motion for summary judgment would be decided based on the contractual agreements between the various parties, but that other discovery, including depositions, would be prohibited.[2] As this Court is well aware, the determination for borrowed servant status turns on nine factors, and, respectfully, many of them will not be demonstrated by the contractual agreement between the parties. As such, Plaintiff Marcus Wilson respectfully requests that this Court reconsider its ruling on discovery and allow the parties to engage in limited discovery on this issue, including depositions.

---

1 Doc.35.
2 Transcript of April 19, 2018, pages 13-14.

## II. ARGUMENTS & AUTHORITIES

Lightering moved for summary judgment based on the doctrine of borrowed servant status. In *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312–13 (5th Cir.1969), this court suggested nine factors to be evaluated in determining whether the borrowed employee doctrine applies:

> (1) Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?
> (2) Whose work is being performed?
> (3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?
> (4) Did the employee acquiesce in the new work situation?
> (5) Did the original employer terminate his relationship with the employee?
> (6) Who furnished tools and place for performance?
> (7) Was the new employment over a considerable length of time?
> (8) Who had the right to discharge the employee?
> (9) Who had the obligation to pay the employee?

The district court decides the borrowed employee issue as a matter of law, *Gaudet v. Exxon Corp.*, 562 F.2d 351, 357–58 (5th Cir.1977), and, if sufficient basic factual ingredients are undisputed, the court may grant summary judgment. *Id.* at 358–59. It is obviously the Plaintiff's burden to demonstrate there are genuine issues of material fact. And to do this, Plaintiff must obviously engage in some discovery regarding the factual ingredients.

Summary judgment assumes some discovery. *See F.D.I.C. v. Shrader & York*, 991 F.2d 216, 220 (5th Cir.1993) ("Summary judgment is appropriate if, after discovery, there is no genuine dispute over any material fact.") (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *and Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)) (emphasis added); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case ...' ") (*quoting Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548) (emphasis added). The Supreme Court has stated that summary judgment should be entered against a plaintiff who does not raise a genuine issue of material fact "even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505 (emphasis added). Although the district court may cut off discovery when the record shows that further discovery is not likely to produce the facts needed to withstand the motion for summary judgment, *Washington*, 901 F.2d at 1285, "[w]hen a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error." *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999).

In the instant case, Defendant Lightering's motion for summary judgment relies heavily upon an affidavit provided by one of its employees – Cameron Kehm. Plaintiff is in the unenviable position of responding to Defendant's motion, and the attached affidavit, with no depositions or other written discovery at its disposal. Specifically, the affidavit, by Cameron Kehm, references the actions of other Lightering employees, Mario Ruiz, Sr. and Mario Ruiz, Jr., that support Lightering's position. Obviously, without deposing these individuals, it is nearly impossible for Plaintiff to respond to these assertions. Plaintiff respectfully requests that he be allowed to engage in some paper discovery followed by the depositions of these individuals.

### III.   CONCLUSION

Plaintiffs requests the ability to conduct discovery on the borrowed servant issue that is the subject of Lightering's motion for summary judgment; Plaintiff contemplates at this time that this would include requests for production and the depositions of Cameron Kehm, Mario Ruiz, Sr., and

Mario Ruiz, Jr., any other witnesses identified that have knowledge of relevant facts to the borrowed servant issue referenced in Defendant's motion for summary judgment.

          Respectfully submitted,

          **THE BUZBEE LAW FIRM**

          By: */s/ Anthony G. Buzbee*
              Anthony G. Buzbee
              State Bar No. 24001820
              Federal Bar No. 22679
              JPMorgan Chase Tower
              600 Travis, Suite 7300
              Houston, Texas 77002
              Tel:   (713) 223-5393
              Fax: (713) 223-5909
              Email: tbuzbee@txattorneys.com

          **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
Christopher J. Leavitt
State Bar No. 24053318
Fed. ID No. 1045581
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Phone: (713) 223-5393
Facsimile: (713) 223-5909
Email: CLeavitt@txattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been duly served on all interested parties in accordance with the Federal Rules of Civil Procedure on the **May 9, 2018.**

                                               */s/ Christopher J. Leavitt*
                                               Christopher J. Leavitt

## Affidavit of Christopher J. Leavitt

1. My name is Christopher J. Leavitt. I am over the age of twenty-one, am fully competent to make this affidavit, have personal knowledge of the facts and statements in this affidavit, and each of the facts and statements are true and correct.

2. I am counsel for Marcus Wilson in the above-styled matter.

3. Defendant Lightering, Inc. has relied upon an affidavit for its motion for summary judgment. This affidavit was provided by Lightering employee Cameron Kehm. Mr. Kehm provides information in his affidavit that is presumably within his personal knowledge. This information is relied upon by Lightering, and this information is only obtainable from Mr. Kehm.

4. Mr. Kehm's affidavit also references the actions of two other Lightering employees – Mario Ruiz, Sr. and Mario Ruiz, Jr. The actions of these two employees, also relied upon by Lightering, is within their own personal knowledge. And deposing them is the only source for what information they have – the same information relied upon by Lightering.

5. This information goes directly to the factors determining whether the deceased was a borrowed servant, specifically factors 1, 2, 4, 6, and 8, as outlined in *Ruiz*.

FURTHER AFFIANT SAYETH NAUGHT

_____
Christopher J. Leavitt

5/9/18
_____
DATE

SUBSCRIBED AND SWORN TO ME BEFORE THIS MAY 9, 2018.

_____
Notary Public In and For the
State of Texas

JESSICA SALTO
Notary ID # 126630939
My Commission Expires
August 19, 2020