IN THE UNTED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAO LEE YANG, et al., | § | CIVIL ACTION NO. 4:18-CV-161 |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| CHERAMIE MARINE, LLC et al. | § | |
| | § | |
| | § | |

**DEFENDANTS TEICHMAN GROUP, LLC and T&T OFFSHORE INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF MARCUS WILSON'S MOTION
TO DISMISS**

TO THE HONORABLE LYNN N. HUGHES:

Defendants Teichman Group, LLC, and T&T Offshore, Inc., (collectively, the "T&T defendants"), file this Response in Opposition to Plaintiff Marcus Wilson's Motion to Dismiss.

### I. RELEVANT PROCEDURAL BACKGROUND

1. This case arises from the deaths of plaintiff Yang's husband and plaintiff Wilson's son, which occurred in a crane accident at T&T Offshore's facility in Galveston.

2. Separate state court cases were filed on behalf of Wilson and Yang by attorney Anthony Buzbee and were removed to federal court. Both removed actions were consolidated into this Court. [Doc. 19].

3. On January 23, 2018, four days after removal of both the *Yang* and *Wilson* suits, both plaintiffs filed a third lawsuit in state court (the "post-removal suit"). With this Court's approval, Yang subsequently settled all claims with the T&T defendants. Plaintiffs' counsel non-suited all of Yang's claims against the T&T defendants in the post removal suit but refused to non-suit the Wilson claim.

4. Wilson had previously filed a motion to remand or, in the alternative, a motion to dismiss this case ("First Motion to Dismiss"), which the court denied. The T&T defendants then filed a motion to enjoin Wilson's post-removal suit. The court held a hearing and suggested that Wilson dismiss the post-removal suit. Plaintiff's counsel initially agreed to do so, but then later refused to dismiss the post-removal suit. Wilson instead filed a motion to reconsider, which this Court denied, and then a mandamus petition, which the Fifth Circuit denied. Recently, this Court enjoined Wilson from pursuing or filing any claims in state court arising out of the subject incident.

5. Wilson, in yet another attempt to subvert this Court's jurisdiction and orders, has now filed a second motion to dismiss his claims against the T&T defendants ("Second Motion to Dismiss").

## II. ARGUMENT

**A. Plaintiff has continually attempted to subvert this Court's jurisdiction and manipulate the forum, culminating in this motion to dismiss.**

6. Since this case was removed, Wilson has repeatedly taken steps to evade federal jurisdiction. Wilson dismissed Cheramie Marine, moved to remand, filed a new lawsuit in state court, sought mandamus in the Fifth Circuit, and now he files this Second Motion to Dismiss, ignoring the denial of the First Motion to Dismiss. During these extended efforts, plaintiff's counsel has represented to the Court that Wilson would dismiss the post-removal suit, but he later refused to do so. (Exhibit 1, Transcript p. 9 l. 14-18.)

7. When it became evident that Wilson would not dismiss his post-removal lawsuit, as he agreed to do, the T&T defendants filed a Notice of Noncompliance and

Motion for Relief. This Court set a hearing on August 8, 2018, to address the issue. Less than two hours before the hearing, Wilson filed his Second Motion to Dismiss the T&T defendants. Wilson's strategy is transparent—he again is ignoring the Court's previous denial of dismissal and continuing to attempt to deprive this Court of jurisdiction, so that his case can be heard in state court. This Court should not permit Wilson to evade federal jurisdiction in this manner.

### B. This Court should exercise its discretion to again deny Wilson's repeated motion to dismiss.

8. Wilson files this Second Motion to Dismiss under Federal Rule of Civil Procedure 42(a)(2). Under the rule, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(2).

9. "Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, and the district court's decision on this issue is reviewed only for abuse of discretion." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274-75 (5th Cir. 1990). A district court may deny a motion to dismiss where "there is an objectively reasonable basis for requesting that the merits of the action be resolved in the current forum to avoid legal prejudice." *Oxford v. Williams Companies*, Inc., 154 F. Supp. 2d 942, 951 (E.D. Tex. 2001). "That is, outright dismissal should be refused when a plaintiff seeks to circumvent an expected adverse result." *Id*. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice to a defendant, it can deny the motion outright or it can craft conditions that will cure the prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317-18 (5th Cir. 2002).

10. Here, dismissal would prejudice the T&T defendants. Trial begins in less than two months—on October 28, 2018. The joint pretrial order is due on October 8, 2018,

3

and trial preparations have already begun. Wilson should not benefit from his continued gamesmanship.

### III.   CONCLUSION

Accordingly, the Court should deny Wilson's Second Motion to Dismiss and grant the T&T defendants any further legal or equitable relief to which they may be entitled.

Respectfully submitted,

 */s/ Susan Noe Wilson*
**SUSAN NOE WILSON**
Texas Bar No.: 15055025
snoewilson@sbsblaw.com
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
**ATTORNEY-IN-CHARGE FOR TEICHMAN GROUP, LLC AND T&T OFFSHORE, INC.**

OF COUNSEL:

**SCHOUEST BAMDAS SOSHEA & BENMAIER PLLC**

**MICHAEL HOGUE**
Texas Bar No.: 09809800
mhogue@sbsblaw.com
**THOMAS C. FITZHUGH III**
State Bar No. 07093500
tfitzhugh@sbsblaw.com
**M. LANE LOWREY**
Texas Bar No.: 24013065
llowrey@sbsblaw.com
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942

**HALL MAINES LUGRIN**

**CLAUDE L. STUART III**
Texas Bar No. 19426620
cstuart@hallmaineslugrin.com

**EVAN T. CAFFREY**
Texas Bar No. 03588650
ecaffrey@hallmaineslugrin.com
Williams Tower
2800 Post Oak Blvd., 64th Floor
Houston, Texas 77056
Telephone: (713) 871-9000
Facsimile: (713) 871-8962

**HAYNES AND BOONE, LLP**

**LYNNE LIBERATO**
Texas Bar No. 00000075
Federal ID No. 3072
lynne.liberato@haynesboone.com
**CHRISTINA CROZIER**
State Bar No. 24050466
Federal ID No. 611402
christina.crozier@haynesboone.com
1221 McKinney, Suite 2100
Houston, Texas 77010
(713) 547-2000 Telephone
(713) 547-2600 Facsimile

**CERTIFICATE OF SERVICE**

     I certify that a copy of the foregoing document was served upon counsel of record accordance with the Federal Rules of Civil Procedure, via e-service, facsimile and/or certified mail, return receipt requested to the following on the 29th day of August 2018:

    Anthony G. Buzbee
    Chris Leavitt
    THE BUZBEE LAW FIRM
    J.P. Morgan Chase Tower
    600 Travis Street, Suite 6850
    Houston, Texas 77002
    Facsimile: 713.223.5909
    tbuzbee@txattorneys.com
    cleavitt@txattorneys.com

    Michael Bell
    David G. Meyer
    BLANK ROME

717 Texas Avenue, Suite 1400
Houston, TX  77002
713-228-6601 phone
713-228-6605 fax
MBell@BlankRome.com
DMeyer@BlankRome.com