## IN THE UNTED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KAO LEE YANG, et al., | § | CIVIL ACTION NO. H-18-161 |
| | § | |
| v. | § | |
| | § | |
| CHERAMIE MARINE, LLC, et al. | § | |

### DEFENDANTS TEICHMAN GROUP, LLC AND T&T OFFSHORE INC.'S RESPONSE TO PLAINTIFF MARCUS WILSON'S OPPOSED MOTION FOR STAY OF TRIAL PENDING INTERLOCUTORY APPEAL

Defendants, Teichman Group, LLC and T&T Offshore, Inc., file this response to Plaintiff's motion for stay pending appeal.

### INTRODUCTION

Since this case was removed to federal court, Plaintiff Marcus Wilson has employed multiple creative maneuvers in an attempt to evade federal jurisdiction. Wilson's motion for stay—filed one month after the stay order was entered and just six weeks before trial in this case—is his latest approach. This Court should deny the motion.

In support of his motion for stay, Wilson does not apply the Fifth Circuit's four-factor test for granting a stay pending an appeal. He therefore has failed to meet his burden to establish that a stay is proper. In any event, all four factors weigh strongly against a stay. First, Wilson has failed to show that he is likely to succeed on the merits of his appeal. Second, Wilson will not be irreparably injured absent a stay. Third, a stay would substantially injure the T&T Defendants. And fourth, the public interest does not favor granting a stay.

Rather than apply the four-factor test, Wilson suggests that the Court follow a less stringent three-part test, which has not been adopted by the Fifth Circuit and which

does not apply when a party seeks a stay pending appeal. In any event, even under Wilson's proposed test, this Court should deny a stay.

## BACKGROUND

This case arises from a crane accident, in which Blake Carlisle and Chi Vong were killed.

Attorneys Anthony Buzbee and Christopher Leavitt ("Plaintiffs' Counsel") filed separate lawsuits on behalf of Vong's wife, Kao Lee Yang, and Carlisle's father, Marcus Wilson. Yang and Wilson sued Teichman Group, LLC and T&T Marine, Inc. (collectively, "the T&T Defendants"), among other defendants. In their answer and later filings, the T&T Defendants explained that T&T Marine, Inc. was a misnomer, and that the properly-named entity was T&T Offshore, Inc.

Both lawsuits were removed and consolidated into this Court. Yang and Wilson immediately took steps to avoid federal jurisdiction. They dismissed the removing defendant and then filed motions to remand, which this Court denied. (Dkt #4.)

Yang and Wilson also filed a new lawsuit in state court (the "post-removal suit"), which was nearly identical to the removed lawsuit. (*See* Dkt #33.) However, the defendants in the post-removal suit were chosen in an attempt to avoid removal. In the style of the post-removal petition, the plaintiffs named T&T Marine as a defendant. In the body of the petition, however, the plaintiffs named T&T Offshore as a defendant. Yang and Wilson also added to their suit a new defendant, WL Crane Repair, which allegedly supplied the crane. After filing the post-removal suit, Yang settled with the T&T Defendants, but Wilson did not.

The T&T Defendants then filed a motion to enjoin the post-removal suit. During a hearing on the motion, this Court suggested that Wilson dismiss the post-removal suit.

2

(Dkt #58, Ex. 2, at 8, 31.) Plaintiffs' Counsel appeared to accept the Court's suggestion. (Dkt #58, Ex. 2, at 8, 31.) However, after the hearing, Plaintiffs' Counsel refused to dismiss the post-removal lawsuit.

Wilson filed a motion to reconsider the Court's ruling on the motion to enjoin (Dkt #58), which this Court denied (Dkt #61). Wilson then filed a mandamus petition, which the Fifth Circuit denied. (Dkt #65 at Ex. 1.) Wilson also filed a motion to dismiss the T&T Defendants from the federal lawsuit, which remains pending. (Dkt #68.)

Meanwhile, Wilson continued to move forward in the post-removal lawsuit. (Dkt #65.) This Court held a hearing, and it enjoined the post-removal lawsuit on August 10, 2018. (Dkt #76.) On August 15, 2018, Wilson filed a notice of appeal from the injunction. (Dkt #79.) The Court set Wilson's case for trial beginning on October 23, 2018. (Dkt #71.)

One month after this Court granted the injunction—with the trial quickly approaching—Wilson filed the motion for stay of trial pending the outcome of his appeal. (Dkt #88.)

## ARGUMENT

### I. Wilson has failed to establish the four factors for granting a stay pending appeal.

A stay pending appeal is not a matter of right. *ODonnell v. Goodhart*, ___ F.3d. ___, 18-20466, 2018 WL 3853454, at *2 (5th Cir. Aug. 14, 2018). The party who seeks a stay bears the burden of establishing the prerequisites for a stay. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). Wilson does not meet this burden.

In his motion for stay, Wilson fails to apply the Fifth Circuit's four-factor test for granting a stay pending an appeal. In deciding whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the stay applicant has made a

3

strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Barber v. Bryant*, 833 F.3d 510, 511 (5th Cir. 2016); *Brown v. Braddick*, 595 F.2d 961, 965 (5th Cir. 1979); *ODonnell v. Harris County*, 260 F. Supp. 3d 810, 814 (S.D. Tex. 2017). The first two factors are the most critical. *Barber*, 833 F.3d at 511.

Wilson's motion does not address the first factor, which requires him to make a strong showing that he is likely to succeed on the merits. On this basis alone, Wilson therefore has failed to meet his burden to establish that a stay is warranted. Even if Wilson had addressed the first factor, it weighs strongly in the T&T Defendants' favor. The Court's injunction of the post-removal lawsuit is authorized by the Fifth Circuit's decision in *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975), which permits a district court to enjoin a second-filed lawsuit brought to subvert federal jurisdiction. Thus, Wilson cannot show that he is likely to succeed on the merits.

Wilson also cannot establish the second factor—irreparable injury in the absence of a stay. Without a stay, Wilson's case will be tried in this Court promptly on October 23, 2018—considerably faster than his case would be tried in state court. (*See* Dkt #71.) This Court has made clear that Wilson can try his case against all defendants, including T&T Offshore, in the federal case. (Dkt #58, Ex. 2 at 31.)

The third factor also weighs against Wilson, because the T&T Defendants would be injured if the Court grants a stay. Trial in this case is just six weeks away. (Dkt #71.) The joint pretrial order is due on October 8, 2018. (Dkt #71.) The T&T Defendants have already begun preparing for trial. Despite the looming trial date, Wilson delayed filing his motion for stay. This Court issued the injunction at issue in his appeal on August 10,

2018. (Dkt #76.) Wilson filed his notice of appeal on August 15, 2018. (Dkt #79.) Yet, Wilson waited until September 10, 2018—one month after this Court issued its injunction—to file the motion for stay. Particularly at this late date, a stay would be harmful to the T&T Defendants. Interestingly, Wilson recently opposed consolidation on the very grounds that he was "dutifully preparing for trial." (Dkt #86 at 5-6.)

Wilson's motion also fails to address the fourth factor—where the public interest lies. Accordingly, he has failed to meet his burden to establish the fourth factor. In any event, this factor also weighs against a stay. The public interest is not served by stopping proceedings in the district court that are unrelated to the interlocutory appeal. *See Wood v. Quarterman*, 316 F. App'x 359, 359 (5th Cir. 2009). The public interest also is not served by the subversion of federal jurisdiction. Since his case was removed, Wilson has repeatedly taken steps to evade federal jurisdiction. For example, Wilson: dismissed the removing defendant and then moved to remand; filed a new lawsuit in state court bringing virtually identical allegations; represented to this Court that he would dismiss the post-removal case and then refused to do so; sought mandamus in the Fifth Circuit on an argument that he never raised in this Court; and moved to dismiss the T&T Defendants shortly before a hearing about the post-removal suit. Wilson's motion for stay is his latest attempt to subvert federal jurisdiction. Granting the motion would not further the public interest.

Accordingly, all four factors weigh strongly against granting a stay of trial pending appeal.

## II. Even under Wilson's less stringent three-factor test, a stay is improper.

Rather than attempt to apply the four-factor test, Wilson seeks to apply a different, less stringent test. (*See* Motion for Stay at 2, citing *Nguyen v. BP Expl. &*

5

*Prod., Inc.*, CIV.A. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010).) Wilson's three-factor test is not derived from Fifth Circuit authority, but rather from a series of unreported Louisiana district court orders addressing whether a stay of federal proceedings should be granted pending a determination of an MDL transfer—a question which is not at issue here.[1] Wilson's test does not apply when a party seeks a stay pending appeal. This Court therefore should not apply Wilson's three-factor test.

Even if Wilson's test applies, however, it does not support a stay in this case. Wilson argues that the Court should consider: (1) the potential prejudice to the nonmoving party from a brief stay; (2) the hardship and inequity to the moving party if the action is not stayed, and (3) the judicial resources that would be saved by avoiding duplicative litigation. (Motion for Stay at 2.) All three of Wilson's proposed factors weigh against a stay.

First, as explained above, Wilson has failed to show that he will be prejudiced in the absence of a stay. This Court has permitted Wilson to try his claims against all defendants, including T&T Offshore, in the federal case. Second, as explained above, a stay at this late date would be inequitable to the T&T Defendants, who are already preparing for a fast-approaching trial. Third, judicial resources will not be wasted because Wilson's case against all defendants can be tried in the federal case.

---

[1] A deep dive into the authority cited by Wilson reveals that the genesis of Wilson's three-part test is a California district court opinion. In support of his three-part test, Wilson cites to *Nguyen v. BP Expl. & Prod., Inc.*, CIV.A. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010) (granting a stay pending a decision from a MDL panel). For this test, *Nguyen* cites to *Cajun Offshore Charters, LLC v. BP Products N. Am., Inc.*, CIV.A.10-1341, 2010 WL 2160292, at *1 (E.D. La. May 25, 2010) (granting a motion for stay pending transfer by the MDL panel). *Cajun Offshore* cites to *Louisiana Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, CIV.A.09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (granting a motion to stay pending an MDL determination). *Louisiana Stadium* cites to *Weathersby v. Lincoln Elec. Co.*, CIV.A. 03-0398, 2003 WL 21088119, at *2 (E.D. La. May 9, 2003) (granting in part a motion for stay pending the MDL panel's ruling). *Weathersby* cites to *Falgoust v. Microsoft Corp.,* CIV.A.00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000) (granting a stay pending a decision by the JPML). *Falgoust* cites to *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (granting a motion for stay pending an MDL panel decision).

Even under Wilson's less stringent test, a stay would be improper.

## CONCLUSION

Defendants Teichman Group, LLC and T&T Offshore, Inc. request that the Court deny the motion for stay.

Respectfully submitted,

*/s/ Susan Noe Wilson*
**SUSAN NOE WILSON**
Texas Bar No.: 15055025
*snoewilson@sbsblaw.com*
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
**ATTORNEY-IN-CHARGE FOR TEICHMAN GROUP, LLC AND T&T OFFSHORE, INC.**

OF COUNSEL:

**SCHOUEST BAMDAS SOSHEA & BENMAIER PLLC**

**MICHAEL HOGUE**
Texas Bar No.: 09809800
*mhogue@sbsblaw.com*
**THOMAS C. FITZHUGH III**
Texas Bar No. 07093500
*tfitzhugh@sbsblaw.com*
**M. LANE LOWREY**
Texas Bar No.: 24013065
*llowrey@sbsblaw.com*
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942

**HALL MAINES LUGRIN**

**CLAUDE L. STUART III**
Texas Bar No. 19426620
*cstuart@hallmaineslugrin.com*
**EVAN T. CAFFREY**
Texas Bar No. 03588650
*ecaffrey@hallmaineslugrin.com*
Williams Tower
2800 Post Oak Blvd., 64th Floor
Houston, Texas 77056
Telephone: (713) 871-9000
Facsimile: (713) 871-8962

**HAYNES AND BOONE, LLP**

**LYNNE LIBERATO**
Texas Bar No. 00000075
Federal ID No. 3072
*lynne.liberato@haynesboone.com*
**CHRISTINA CROZIER**
State Bar No. 24050466
Federal ID No. 611402
*christina.crozier@haynesboone.com*
1221 McKinney, Suite 2100
Houston, Texas 77010
(713) 547-2000 Telephone
(713) 547-2600 Facsimile

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon counsel of record accordance with the Federal Rules of Civil Procedure, via e-service, facsimile and/or certified mail, return receipt requested to the following on the 12th day of September 2018:

>Anthony G. Buzbee
>Chris Leavitt
>THE BUZBEE LAW FIRM
>J.P. Morgan Chase Tower
>600 Travis Street, Suite 6850
>Houston, Texas 77002
>Facsimile: 713.223.5909
>*tbuzbee@txattorneys.com*
>*cleavitt@txattorneys.com*
>
>Marilyn Vilandos
>THE VILANDOS FIRM, P.C.

7660 Woodway Drive, Suite 304
Houston, Texas 77063
Facsimile: 713.255.9992
*marilyn@vilandoslaw.com*

Michael Bell
David G. Meyer
BLANK ROME
717 Texas Avenue, Suite 1400
Houston, Texas 77002
713-228-6601 phone
713-228-6605 fax
*MBell@BlankRome.com*
*DMeyer@BlankRome.com*

                                 */s/ Lynne Liberato*
                                 Lynne Liberato