IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Kao Lee Yang**, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | Civil Action No. 4:18-CV-161 |
| | § | |
| **Cheramie Marine, LLC**, *et al.*, | § | |
| *Defendants.* | § | |

### PLAINTIFF MARCUS WILSON'S MOTION TO RECONSIDER
### ORDER ADDING NON-PARTY T&T OFFSHORE, INC. AS A DEFENDANT

On September 13, 2018, this Court *sua sponte* ordered that Non-Party T&T Offshore, Inc. be added as a defendant in this case pursuant to Federal Rule of Civil Procedure 19(a)(2).[1] Plaintiff Marcus Wilson objects to this Court adding Non-Party T&T Offshore, Inc. as a defendant pursuant to Rule 19(a)(2)—or any other basis—and requests that this Court reconsider that ruling.

Rule 19(a) governs required, or necessary, parties to a lawsuit. Rule 19(a)(1) provides that certain people "must be joined as a party."[2] Rule 19(a)(2) provides that if a person required to be joined under Rule 19(a)(1) "has not been joined as required, the court must order that the person be made a party."[3]

The United States Supreme Court has held that joint tortfeasors are not required parties under Rule 19.[4] T&T Offshore, Inc. is a joint tortfeasor with Defendants Teichman Group, LLC and T&T Marine, Inc.[5] Because it is a joint tortfeasor, T&T Offshore, Inc. is merely a

---

[1] Doc. 98.
[2] FED. R. CIV. P. 19(a)(1).
[3] FED. R. CIV. P. 19(a)(2).
[4] *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7-8 (1990).
[5] Doc. 1-1; Doc. 36-8.

permissive party.[6]  Rule 19(a)(2) does not allow a district court to add permissive parties to a lawsuit, so this Court erred when it ordered T&T Offshore, Inc. added as a defendant.

This Court also held that it was adding T&T Offshore, Inc. as a defendant because T&T Offshore, Inc. had "appeared and announced that it was appearing as the real part in interest."[7] But T&T Offshore, Inc. is a separate legal entity from Defendants Teichman Group, LLC and T&T Marine, Inc.[8]  Wilson sued T&T Marine, Inc. in the case removed to this Court, but he did not sue T&T Offshore, Inc. in that case.  Regardless whether T&T Marine, Inc. has chosen to answer as T&T Offshore, Inc., it cannot make T&T Offshore, Inc. a defendant by "appearing" in the case.

Wilson, therefore, requests that this Court vacate its order adding Non-Party T&T Offshore, Inc. as a defendant.

                          Respectfully submitted,

                          **THE BUZBEE LAW FIRM**

                          By: */s/ Anthony G.Buzbee*
                               Anthony G. Buzbee
                               State Bar No. 24001820
                               Federal Bar No. 22679
                               JPMorgan Chase Tower
                               600 Travis, Suite 7300
                               Houston, Texas 77002
                               Tel:  (713) 223-5393
                               Fax: (713) 223-5909
                               Email: tbuzbee@txattorneys.com

**OF COUNSEL:**
Christopher J. Leavitt
State Bar No. 24053318
Fed. ID No. 1045581
Email: CLeavitt@txattorneys.com

                          **ATTORNEYS FOR PLAINTIFF**

---

[6] Temple, 498 U.S. at 8 ("As potential joint tortfeasors with Synthes, Dr. LaRocca and the hospital were merely permissive parties.").
[7] Doc. 98.
[8] Doc. 36.

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of this document has been duly served on all interested parties in accordance with the Federal Rules of Civil Procedure on the **September 26, 2018**.

                                          */s/ Christopher J. Leavitt*
                                           Christopher J. Leavitt